**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, | ) ) ) ) ) | |
| | ) | Case No. 08-cv-2255 |
| Plaintiffs, | ) ) | |
| | ) | Judge Gettleman |
| v. | ) ) | |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFREY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased, | ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANT U-HAUL CO. OF ILLINOIS, INC.'S MEMORANDUM IN SUPPORT OF
ITS MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

Defendant U-Haul Co. of Illinois, Inc. ("U-Haul of Illinois"), by and through its undersigned counsel, hereby moves the Court to dismiss Plaintiffs' Second Complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted, and states as follows in support:

## I.    INTRODUCTION

Dismissal of U-Haul of Illinois is appropriate in this matter because, contrary to Plaintiffs' allegations, this defendant did not own the subject vehicle or rent it to William Geary,

did not perform any maintenance on the subject vehicle that could possibly be a proximate cause of this accident as alleged by Plaintiffs, and because it did not manufacture the vehicle.

Plaintiffs allege that on April 21, 2006, while driving a vehicle which Plaintiffs allege was rented from U-Haul of Illinois, William Geary caused a vehicular accident in Kentucky that resulted in the death of Plaintiffs' decedent.  A copy of Plaintiffs' Second Complaint is attached hereto as Exhibit 1.

Plaintiffs also allege that on and prior to April 21, 2006, U-Haul of Illinois, among the group of other U-Haul and General Motors defendants, was engaged in the "business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing moving vans, including the subject U-Haul."  Second Complaint, Count I ¶ 1.  Plaintiffs also allege that U-Haul of Illinois "sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed" the "subject U-Haul" in a "defective and unreasonably dangerous condition." Second Complaint, Count I ¶ 2.

As a result of the foregoing allegations, Plaintiffs claim that U-Haul of Illinois is strictly liable, negligent and willfully and wantonly negligent under the Illinois Wrongful Death, Survival and Family Expense Acts for allegedly placing a defective and unreasonably dangerous vehicle into the stream of commerce prior to the trip at issue in the Second Complaint.  Second Complaint, Counts I – IX.

For the reasons set forth below, U-Haul of Illinois should be dismissed.

## II.    ARGUMENT

### A.    Legal Standard.

Plaintiffs' Second Complaint should be dismissed for failure to state a claim.  Pursuant to Fed. R. Civ. P. 12(b)(6), a motion to dismiss is warranted when the pleadings fail to state a claim

upon which relief may be granted. A Rule 12(b)(6) motion tests the sufficiency of the facts and legal theories alleged in the complaint, because "[a]t a minimum, a complaint must contain facts sufficient to state a claim as a matter of law." *Hickey v. O'Bannon,* 287 F.3d 656, 657 (7th Cir. 2002). In evaluating the sufficiency of a complaint upon a Rule 12(b)(6) motion, the Court should not "accept as true legal conclusions or unsupported conclusions of fact." *Id.* at 659. Plaintiff must go "beyond the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face." *Killingsworth v. HSBC Bank Nevada, NA.,* 507 F.3d 614, 618 (7th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65, 1974 (2007)).[1]

As explained below, Plaintiffs cannot state an actionable claim against U-Haul of Illinois and their Second Complaint should be dismissed with prejudice.

**B.     Plaintiffs' negligence and willful and wanton claims against U-Haul of Illinois fail because it did not owe a duty to Plaintiffs' decedent.**

To prevail on a claim under the Illinois Wrongful Death Act the plaintiff must demonstrate, among other things, that defendant owed a duty of care to decedent and that a breach of duty proximately caused decedent's death. *Leavitt v. Farwell Tower Ltd. P'ship*, 252 Ill. App. 3d 260, 264, 625 N.E.2d 48, 52 (1st Dist. 1993). The Illinois Survival Act allows a representative of the decedent to maintain common law actions which accrued to the decedent before he died. *Advincula v. United Blood Serv.*, 176 Ill. 2d 1, 42, 678 N.E.2d 1009, 1029 (Ill. 1997). The basis for Plaintiffs' Survival Act claim, in part, is negligence, in which Plaintiffs must also demonstrate, among other things, that defendant owed a duty of care to decedent and

---

[1] Pursuant to Fed. R. Civ. P. 12(d), a Rule 12(b)(6) motion may be converted into a Rule 56 summary judgment motion if matters outside the pleadings are presented to and not excluded by the Court. However, "[d]ocuments attached to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002). Conversion from a Rule 12(b)(6) motion in this instance is unnecessary, and the Court may consider U-Haul of Illinois' affidavits as part of the pleadings, because Plaintiffs' Complaint against U-Haul of Illinois principally relies upon a rental transaction that has nothing to do with U-Haul of Illinois.

that a breach of duty was the proximate cause of decedent's injuries." *Mt. Zion State Bank & Trust v. Consol. Commc'ns*, 169 Ill. 2d 110, 116, 660 N.E.2d 863, 868 (Ill. 1995).

If a person does not have control over property, he has "no duty to third persons injured in connection with the property." *Maisenbach v. Buckner*, 133 Ill. App. 2d 53, 56, 272 N.E.2d 851, 854 (1st Dist. 1971); *see also Buczak v. Central Sav. & Loan Ass'n*, 230 Ill. App. 3d 490, 497, 594 N.E.2d 1291, 1295 (1st Dist. 1992); *Martin v. 1727 Corp.*, 120 Ill. App. 3d 733, 737, 458 N.E.2d 990, 993 (1st Dist. 1983). Control over property is a prerequisite to tort liability. *Buente v. Van Voorst*, 213 Ill. App. 3d 116, 118, 571 N.E.2d 513, 514 (3rd Dist. 1991).

U-Haul of Illinois did not own the vehicle or rent it to William Geary. Affidavit of Jeff Alden at ¶ 4, 5 (attached hereto as Exhibit 2); *see also* Affidavit of Robert Magyar at ¶ 4, and rental contract attached thereto (attached hereto as Exhibit 3). Further, Plaintiffs' joinder of General Motors Corp. demonstrates that U-Haul of Illinois did not sell, manufacture, distribute, equip, or design the vehicle. Plaintiffs' allegations to the contrary are factually incorrect. Thus, Plaintiffs have no possibility of recovering against U-Haul of Illinois for negligence and willful and wanton negligence under the Wrongful Death, Survival and Family Expense Acts because it owed no duty to Plaintiffs' decedent.

### C.    Plaintiffs fail to state negligence and willful and wanton claims against U-Haul of Illinois because its conduct was not the proximate cause of Plaintiffs' decedent's injury.

Further, even if Plaintiffs could show that U-Haul of Illinois owed the decedent a duty of care, which they cannot because it did not own the vehicle or rent it to William Geary, Plaintiffs still have no possibility of recovery against U-Haul of Illinois because its conduct was not the proximate cause of decedent's injury. *Yager v. Illinois Bell Tel. Co.*, 281 Ill. App. 3d 903, 909, 910, 667 N.E.2d 1088, 1093, 1094 (4th Dist. 1996).

First, Plaintiffs' general allegations that U-Haul of Illinois was engaged in the business of renting and maintaining "moving vans" are far too general to create any proximal link between U-Haul of Illinois and the *specific* vehicle and injury at issue. Similarly, to the extent Plaintiffs claim that U-Haul of Illinois rented or maintained the subject vehicle at some unspecified point in time prior to the accident, that is equally insufficient to state a claim, let alone establish proximate cause. *See* Second Complaint, Count I ¶ 1; *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("the mere possibility that a defendant's conduct has caused an injury [may become] so slight that it may be disregarded as a matter of law"); *see also Killingsworth,* 507 F.3d at 618 (plaintiff must go "beyond the speculative level" and provide "enough facts to state a claim to relief that is plausible on its face") (*quoting Bell Atlantic*, 127 S.Ct. at 1964-65, 1974).

Second, there is no connection to U-Haul of Illinois as the cause of the accident. U-Haul of Illinois did not maintain the vehicle at or even near the time of the accident at issue. Affidavit of Jeff Alden at ¶ 6. The vehicle had been driven for less than 30,000 miles at the time of the rental, and had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006. Affidavit of Robert Magyar at ¶ 6. Thus, causation does not exist even if, according to Plaintiff, maintenance was performed on the subject vehicle by U-Haul of Illinois at some unspecified point in time prior to the accident. *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("[a] defendant's acts do not proximately cause a plaintiff's injuries if the independent act of a third person intervenes between defendant's act and the injury").

Finally, and again, Plaintiffs' joinder of General Motors Corp. demonstrates that U-Haul of Illinois did not sell, manufacture, distribute, equip, or design the vehicle.

    **D.    Plaintiffs' fail to state strict liability claims against U-Haul of Illinois because it did not manufacture the subject vehicle.**

Pursuant to 735 ILCS 5/2-621, Plaintiffs are prevented from bringing strict liability claims against U-Haul of Illinois where the manufacturer of the vehicle has been identified. Plaintiffs claim that the subject vehicle "was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings." Second Complaint, Count I ¶ 2; Count II, ¶ 8; Count III, ¶ 8. Section 5/2-621 provides that in a product liability action commenced against any defendant other than the manufacturer, the court shall dismiss the non-manufacturer defendant once that party certifies the identity of the manufacturer, and the manufacturer is required to answer or otherwise respond to the complaint.

Plaintiffs have joined General Motors Corp. as the purported manufacturer of the subject vehicle components alleged by Plaintiffs to be defective, and, upon information and belief, U-Haul of Illinois certifies that General Motors Corp. is the manufacturer of these vehicle components. Thus, Section 5/2-621 permits this Court to dismiss Plaintiffs' strict liability claims against U-Haul of Illinois.

## III.   <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs have failed to state a claim for strict liability, negligence and willful and wanton negligence against U-Haul of Illinois under the Illinois Wrongful Death, Survival or Family Expense Acts, and their Second Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

WHEREFORE, Defendant U-Haul Co. of Illinois, Inc. respectfully requests this Court grant its Motion and dismiss Plaintiffs' Second Complaint against it with prejudice, awarding costs and fees and such other and further relief as may be just and proper.


Dated: April 28, 2008                         Respectfully submitted,

                                              **U-HAUL CO. OF ILLINOIS, INC.**


                                              _____s/ Dmitry Shifrin_____
                                              George Jackson III, #6189680
                                              Dmitry Shifrin, #6279415
                                              BRYAN CAVE LLP
                                              161 N. Clark St., Suite 4300
                                              Chicago, IL 60601
                                              (312) 602-5000
                                              (312) 602-5060 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 28th day of April, 2008, a copy of the foregoing

Memorandum of Law in Support of Motion to Dismiss was served via the Court's CM/ECF

system to the following counsel:

Darren VanPuymbrouck
Renee C. Kelley
SCHIFF HARDIN
6600 Sears Tower
Chicago, IL 60606

James F. Perrin
Paula A. Wyatt
4825 Everhart Rd.
Corpus Christi, TX 78411


                                                                   _s/ Dmitry Shifrin_____



First I.D. 38219

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

| | |
|---|---|
| IDA TREVINO, Individually and as ) | |
| Special Administrator of the Estate of ) | |
| GREGORIO TREVINO, JR., deceased ) | |
| And as Next Friend of SARAH RENE ) | |
| TREVINO and ANGELA KRISTIN ) | |
| TREVINO, minors, ) | |
| ) | |
| **Plaintiffs,** ) | 2008L004269 |
| ) | CALENDAR/ROOM D |
| v. ) | TIME 00:00 |
| ) | **Case No.** Product Liability |
| U-HAUL COMPANY OF ILLINOIS, INC., ) | **Calendar/Room** |
| U-HAUL INTERNATIONAL, INC., ) | |
| U-HAUL COMPANY OF ARIZONA, INC., ) | **JURY DEMAND** |
| U-HAUL COMPANY OF FLORIDA, INC., ) | |
| U-HAUL LEASING & SALES CO., ) | |
| U-HAUL COMPANY OF OREGON, ) | |
| U-HAUL COMPANY OF NORTH CAROLINA ) | |
| GENERAL MOTORS CORPORATION, and ) | |
| JEFFREY CROOK, as Special Administrator ) | |
| Of The Estate of WILLIAM GEARY, deceased ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT AT LAW AND JURY DEMAND

COMES NOW, IDA TREVINO, Individually and as Special Administrator of the Estate

of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARAH RENE TREVINO

AND ANGELA KRISTIN TREVINO, minors, hereinafter referred to individually or jointly as

"Plaintiffs," complaining of Defendants U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL

INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY

OF FLORIDA, INC., U-HAUL LEASING & SALES CO., U-HAUL COMPANY OF

OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS

CORPORATION, and JEFFERY CROOK, as Special Administrator of the Estate of WILLIAM

GEARY, deceased, hereinafter referred to collectively as "Defendants," and would respectfully show the court and jury as follows:

## PARTIES

1.   Plaintiff, IDA TREVINO, is the surviving spouse of GREGORIO TREVINO, JR., deceased, and is a resident of Uvalde County, Texas. Plaintiff IDA TREVINO is the natural parent and next friend of minors SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, daughters of GREGORIO TREVINO, JR., deceased. Plaintiffs and GREGORIO TREVINO, JR., deceased, were residents of Zavala County, Texas at the time that this cause of action accrued.

2.   Plaintiff, IDA TREVINO, was granted Letters Testamentary of the Estate of Gregorio Trevino Jr., Deceased as the "qualified Independent Executrix" of that estate on April 17, 2007. See Ex. A attached hereto, Letters Testamentary issued by the Clerk of Zavala County, Texas dated April 17, 2007

3.   Plaintiff, IDA TREVINO, has also been appointed Representative of the Estate of GREGORIO TREVINO, JR., deceased, for purposes of prosecuting this cause of action in Cook County Illinois. See Ex. B attached hereto, Order of the Circuit Court of Cook County, Law Division.

4.   JEFFREY CROOK has been appointed Special Administrator of the Estate of William Geary for purposes of naming a proper party defendant for this litigation. See Ex. C attached hereto, Order of Circuit Court of Cook County, Law Division.

5.   Defendant, U-HAUL COMPANY OF ILLINOIS, INC. ("UHCI") is a corporation registered in the State of Illinois with its principal place of business in Illinois. Defendant

UHCI may be served through its agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604. UHCI is a citizen of Illinois for diversity purposes.

6.  Defendant, U-HAUL INTERNATIONAL, INC. ("UHI") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHI may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

7.  Defendant, U-HAUL COMPANY OF ARIZONA ("UHCA") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHCA may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

8.  Defendant, U-HAUL COMPANY OF FLORIDA ("UHCF") is a corporation registered in the State of Florida and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHCF may be served by service on its registered agent, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

9.  Defendant U-HAUL LEASING & SALES CO. ("UHLSC") is a Nevada corporation and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHLSC may be served by service on its registered agent, Corporation Trust Company of Nevada, 6100 Neil Road, Suite 500, Reno, Nevada, 89511.

10. Defendant U-Haul Company of Oregon ("UHCO") is a corporation registered in the State of Oregon and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHCO may be served by service on its registered agent, CT Corporation Systems, 388 State Street, Suite 420, Salem, Oregon  97301 or at its principal place of business at 8816 SE Foster Road., Portland, Oregon 97266.

- 3 -

11.    Defendant U-Haul Company of North Carolina, Inc. ("UHCNC") is a corporation registered in the State of North Carolina and is or was at all times pertinent hereto doing business within the State of Illinois. Defendant UHCNC may be served by service on its registered agent, CT Corporation Systems, 225 Hillsborough Street, Raleigh, North Carolina 27603, or on its President, Jeff Will at 6216 Albemarle Road, Charlotte, North Carolina 28212.

12.    Defendant GENERAL MOTORS CORPORATION ("GM") is a Delaware corporation, which is and/or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant GM may be served by service on its registered agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

13.    Hereinafter the "GM/U-HAUL DEFENDANTS" refers to UHCI, UHI, UHCA, UHCF, UHLSC, UHCO, UHCNC, and GM.

14.    Defendant JEFFREY CROOK is named in his capacity as Special Administrator of the Estate of WILLIAM GEARY, deceased, for purposes of naming a proper party defendant to this litigation. At the time of the incident from which this claim arises, and at the time of his death, WILLIAM GEARY, deceased, was an individual residing in Chicago, Illinois. Pursuant to 28 U.S.C. § 1332(c) (2), WILLIAM GEARY, deceased, is a citizen of Illinois for diversity purposes.

## JURISDICTION AND VENUE

15.    The Circuit Court of Cook County, Illinois has jurisdiction over this case under 735 ILCS 5/2-209(b)(3) in that Defendant UHCI is a corporation organized under the laws of Illinois, under 735 ILCS 5/2-209(b)(4) in that Defendants UHI, UHCA, UHCF, UHLSC, UHCO, UHCNC, and GM conduct ongoing business operations in Illinois, and under 735

- 4 -

ILCS 5/2-209(b)(4) in that WILLIAM GEARY, deceased, was a natural person domiciled in Illinois when this cause of action arose and at the time of his death.

16.    Venue is proper in the Circuit Court of Cook County, Illinois under 735 ILCS 5/2-101 in that Cook County, Illinois was the county of residence of WILLIAM GEARY, deceased, at the time of his death.  Venue is also proper under 735 ILCS 5/2-102(a) in that Cook County, Illinois, is the county of residence of Defendants UHCI and GM.

### FACTS COMMON TO ALL COUNTS

17.    This action arises from the death of GREGORIO TREVINO, JR., deceased, on April 21, 2006.    Plaintiff IDA TREVINO is the surviving wife of Decedent GREGORIO TREVINO, JR., deceased, and was at all relevant times the lawful wife of Decedent. SARAH RENE TREVINO and ANGELA KRISTIN TREVINO are the daughters of GREGORIO TREVINO JR., deceased.    Plaintiff IDA TREVINO brings this suit individually, on behalf of the Estate of GREGORIO TREVINO, JR., deceased, and on behalf of the next of kin of the Decedent, who died intestate.

18.    On April 21, 2006, WILLIAM GEARY, deceased, was driving a 2005 U-Haul moving van manufactured by the GM/U-HAUL DEFENDANTS, Model No. C5C042, VIN No. 1GDG5C1E35F903934 (the "U-Haul"), northbound at the 12.5 mile post of Highway I-65 when the subject U-Haul began skidding, then crossed over both northbound lanes. The subject U-Haul entered the median in a westbound slide.  The subject U-Haul then exited the median and entered the southbound lanes traveling in a westbound direction and struck an RBX tractor-trailer being driven by Corey Hill.  Mr. Hill was able to continue southbound and pull to the shoulder.  After glancing off the side of Mr. Hill's tractor-trailer, the subject U-Haul continued northbound in the southbound lanes.  The

subject U-Haul then violently struck head-on the 2000 Great Dane tractor-trailer vehicle driven by GREGORIO TREVINO, JR., deceased. Immediately following impact, the subject U-Haul and the Great Dane tractor-trailer burst into flames. The RBX tractor-trailer also ignited. GREGORIO TREVINO, JR., deceased, WILLIAM GEARY, deceased, and his passenger, Ms. Santiago, were unable to escape the flames and all three of them perished in the fire. Decedent GREGORIO TREVINO, JR., deceased, suffered excruciating pain and suffering before he died on April 21, 2006.

19. At the time of his death, GREGORIO TREVINO, JR., deceased, was 32 years old and in good health.

20. As a direct and proximate result of the defective products and of the acts of omission and commission of the Defendants, their agents, servants, representatives and/or employees, acting within the course and scope of their employment and as described herein above, GREGORIO TREVINO, JR., deceased, suffered excruciating pain and mental anguish and other resulting damages prior to his death, including reasonable and necessary medical and health care expenses incurred prior to his death.

21. By reason of said Defendants' conduct and the resulting death of GREGORIO TREVINO, JR., deceased, the Estate of GREGORIO TREVINO, JR., deceased, incurred reasonable and necessary expenses for the funeral service and burial, all to the damage of the Estate, which is entitled to recover for these injuries and damages in an amount in excess of this Court's minimum jurisdictional limits.

22. Because of the untimely death of GREGORIO TREVINO, JR., deceased, IDA TREVINO, individually and as next friend of SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, minor children of GREGORIO TREVINO, JR., deceased, as well

- 6 -

as the parents of GREGORIO TREVINO, JR., deceased, have suffered mental anguish, grief, sorrow, mental suffering, and bereavement, loss of companionship, pecuniary contributions and support. Plaintiffs have suffered these and other injuries and damages as a result of the death of GREGORIO TREVINO, JR., deceased, and will continue to suffer such injuries, losses, and damages for the rest of their lives.

## COUNT I:
## STRICT LIABILITY (GM/U-HAUL DEFENDANTS)
### WRONGFUL DEATH

1.      At all relevant times, the GM/U-HAUL DEFENDANTS were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing moving vans, including the subject U-Haul.

2.      The subject U-Haul as sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS.

3.      The subject U-Haul was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS.

4.      At the time the subject U-Haul was placed into the stream of commerce by the GM/U-HAUL DEFENDANTS, up to the time of the accident, the subject U-Haul was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

5.   The death of GREGORIO TREVINO, JR., and the damages suffered by Plaintiffs, were the direct and proximate result of the subject U-Haul's defective and unreasonably dangerous condition.

6.   Because the GM/U-HAUL DEFENDANTS are in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and similar products, because the GM/U-HAUL DEFENDANTS reaped the profits from the subject U-Haul and similar products, and because the GM/U-HAUL DEFENDANTS placed the subject U-Haul and similar products into the stream of commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Illinois, the GM/U-HAUL DEFENDANTS are liable to Plaintiffs for their injuries and damages under the theory of strict products liability.

7.   As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

8.   GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

- 8 -

9.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT II:
### STRICT LIABILITY (GM/U-HAUL DEFENDANTS)
SURVIVAL ACT

1-7.    The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count II as though fully set forth herein.

8.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an unreasonably dangerous and defective condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

9.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT III:
### STRICT LIABILITY (GM/U-HAUL DEFENDANTS)

- 9 -

FAMILY EXPENSE ACT

1-7.    The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count III as though fully set forth herein.

8.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT IV:
## NEGLIGENCE (GM/U-HAUL DEFENDANTS)
WRONGFUL DEATH

1.    The GM/U-HAUL DEFENDANTS carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul, including, but not limited to, with regard to its defective and inadequate fuel tank and fuel

delivery system, its breaks, its suspension system, its steering system, and wheel bearings all while in the possession, custody, or control of each of the GM/U-Haul Defendants.

2.   The GM/U-HAUL DEFENDANTS had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.   The GM/U-HAUL DEFENDANTS owed such duty to Plaintiffs' decedent and to the general motoring public.

3.   The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject U-Haul, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.   Such foreseeable ancillary consequences include collisions.

4.   The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.   The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system,

- 11 -

its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

6.    The GM/U-HAUL DEFENDANTS failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

7.    The GM/U-HAUL DEFENDANTS additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject U-Haul, and failed to recall or timely recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

8.    The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs' decedent and the general motoring public.

9.    The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS also represented a deviation from the industry standard of care.

10.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

11.    GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the

death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death.

12.     This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq*.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT V:**
**NEGLIGENCE (GM/U-HAUL DEFENDANTS)**
SURVIVAL ACT

1 – 10. The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count V as though fully set forth herein.

11.     As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

12     Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT VI:**
**NEGLIGENCE (GM/U-HAUL DEFENDANTS)**
FAMILY EXPENSE ACT

1 -10.   The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count VI as though fully set forth herein.

11.   As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

12.   Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT VII:
### WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
WRONGFUL DEATH

1.  The GM/U-HAUL DEFENDANTS sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul in a manner showing utter indifference and conscious disregard for the welfare of the Plaintiffs and the general motoring public.

2.  The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the fact that the subject U-Haul was defective and unreasonably dangerous for

its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. Such foreseeable ancillary consequences include collisions.

3. The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

4. The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, resulting in GREGORIO TREVIINO, JR., deceased, suffering from injuries which resulted in his death.

5. The GM/U-HAUL DEFENDANTS acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including but not limited to its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings.

6. The GM/U-HAUL DEFENDANTS additionally acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to provide adequate or proper warnings or instructions to users of the subject U-Haul, and by their failure to recall or timely

- 15 -

recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

7. The aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs and the general motoring public.

8. As a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9. GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

10. This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

**COUNT VIII:**
**WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)**
SURVIVAL ACT

1 – 8. The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count VIII as though fully set forth herein.

9. As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings,

GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT IX:
### WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
FAMILY EXPENSE ACT

1 – 8.    The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count IX as though fully set forth herein.

9.    As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT X:
### NEGLIGENCE (GEARY)

## WRONGFUL DEATH ACT

1.    At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as not to injure other persons traveling on the highway.

2.    At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such duty and was careless and negligent in one or more of the following ways:

   a.    Negligently operated, managed, maintained, and controlled the subject U-Haul;

   b.    Operated the subject U-Haul without keeping a safe and proper lookout;

   c.    Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

   d.    Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;

   e.    Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which GREGORIO TREVINO, JR., deceased, was driving; and

   f.    Was otherwise careless and negligent.

3.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

4.    GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

5.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XI:**
**NEGLIGENCE (GEARY)**
SURVIVAL ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.    As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

7.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XII:**
**NEGLIGENCE (GEARY)**
FAMILY EXPENSE ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.    As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

- 19 -

5.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in
funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO
TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in
excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XIII:**
**WILLFUL AND WANTON (GEARY)**
WRONGFUL DEATH ACT

1.    At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use
ordinary care and caution in the operation of the subject U-Haul so as not to injure other
persons traveling on the highway.

2.    At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such
duty and acted with utter indifference and conscious disregard for the safety of Plaintiffs
and the general motoring public in one or more of the following ways:

   a.   Acted with utter indifference and conscious disregard in his operation,
        management, maintenance, and/or control of the subject U-Haul;

   b.   Operated the subject U-Haul without keeping a safe and proper lookout;

   c.   Proceeded at a speed that was greater than reasonable and proper with
        regard to traffic conditions and the use of the highway, or which
        endangered the safety of persons or property;

   d.   Failed to exercise due care to avoid colliding with the RBX tractor-
        trailer which Corey Hill was driving;

   e.   Failed to exercise due care to avoid colliding with the Great Dane
        tractor-trailer which GREGORIO TREVINO, JR., deceased, was
        driving; and

   f.   Was otherwise willful and wanton.

3.  As a direct and proximate result of one or more of the aforesaid willful and wanton acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

4.  GREGORIO TREVINO, JR., deceased, has left as his survivors, his wife, Plaintiff IDA TREVINO and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

5.  This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT XIV:
## WILLFUL AND WANTON (GEARY)
SURVIVAL ACT

1 - 3.  The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XIV as though fully set forth herein.

4.  As a direct and proximate result of one or more of the willful and wanton acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

5.  Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

- 21 -

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XV:**
**WILLFUL AND WANTON (GEARY)**
FAMILY EXPENSE ACT

1 - 3.   The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XV as though fully set forth herein.

4.   As a direct and proximate result of one or more of the willful and wanton acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

5   Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

Respectfully submitted,

By: _Darren VanPuymbrouck_
Darren VanPuymbrouck
Renee C. Kelley
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel:     (312) 258-5500
Fax:    (312) 258-5600

OF COUNSEL:
James F. Perrin
State Bar No. 24027611
Paula A. Wyatt
State Bar No. 10541400
4825 Everhart Road
Corpus Christi, Texas 78411
Tel:     (361) 857-2727
Fax:    (361) 857-8783

ATTORNEYS FOR PLAINTIFFS

CHI\5691341.1

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

GREGORIO TREVINO, Special )
Administrator of the Estate of GREGORIO )
TREVINO, JR., deceased, )
                                             )
           Plaintiff, )
                                               )    Case No.
v. )
                                               )
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC, and )
ROGER D. GEARY, )
                                               )
           Defendants. )

STATE OF ILLINOIS           )
                                ) ss.:
COUNTY OF _____*Cook*_____ )

### AFFIDAVIT

Jeff Alden, being duly sworn, deposes and says:

    1.      My name is Jeff Alden.  I am the President of U-Haul Co. of Illinois, Inc., an

Illinois corporation.

    2.      I am over the age of twenty-one and am authorized and competent to make this

Affidavit on behalf of U-Haul Co. of Illinois, Inc.

    3.      I am familiar with the allegations of Plaintiff's Complaint and know that it

involves allegations related to a vehicle accident which took place in Kentucky.

    4.      U-Haul Co. of Illinois, Inc. did not own the vehicle allegedly rented by William

Geary in this action, VIN 1GDG5C1E35F903934.

    5.      U-Haul Co. of Illinois, Inc. did not rent the vehicle at issue to William Geary.

    6.      U-Haul Co. of Illinois, Inc. did not maintain the vehicle at or near the time of the

1



EXHIBIT

2

accident at issue.

AFFIANT FURTHER SAYETH NAUGHT

_____
Jeff Alden



Sworn to before me
this __4__ day of March, 2008

_____
Notary Public

Official Seal
Alanda E Woods
Notary Public State of Illinois
My Commission Expires 11/16/2008

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, | ) ) ) ) | |
| Defendants. | ) | |

STATE OF FLORIDA     )
                     ) ss.:
COUNTY OF _HILLSBOROUGH_ )

### AFFIDAVIT

Robert S. Magyar, being duly sworn, deposes and says:

1.    My name is Robert S. Magyar. I am the President of U-Haul Co. of Florida, a Florida corporation.

2.    I am over the age of twenty-one and am authorized and competent to make this Affidavit on behalf of U-Haul Co. of Florida.

3.    I am familiar with the allegations of Plaintiff's Complaint and know that it involves allegations related to a vehicle accident which took place in Kentucky.

4.    I am aware that the vehicle involved in the accident at issue was rented by U-Haul Co. of Florida to William Geary at the time relevant to the present action.

5.    Attached is a true and accurate copy of the rental contract, as maintained in the U-Haul electronic system, which shows that Mr. Geary rented this vehicle.

1

**EXHIBIT**

3

6.    Prior to the rental to William Geary, the vehicle at issue had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006.

AFFIANT FURTHER SAYETH NAUGHT

_Robert S Magyar_

**Robert S. Magyar**

Sworn to before me
this *10th* day of March, 2008

_Paul R. Eells_
Notary Public

2

# U-Haul equipment rental contract

**Reservation number:** 177808
**Contract number:** 177808
One-Way (Dispatch)

**Customer:**
William Geary
3205 N Cicero Ave
Chicago , IL 60641
Primary Phone: (773) 401-2877
License: g60093041073 State: FL Exp: 03/10
BirthDate: 03-11-41

**Entity:**
786056
U-Haul Clearwater
201 S Missouri Ave
Clearwater , FL 33756
Phone: (727) 461-2532
WebBEST

## Rental information

|  | Location | MCO | Date |
|---|---|---|---|
| Reservation: |  |  |  |
| Dispatch: | 786056 | 786 | 4/19/2006 12:56:58 PM |
| Expected: | 52956 | 739 | 4/25/2006 12:58:11 PM |

| Equipment Id | Status | Qty. | Rate | $/Mile | Safe Cvg. | Fuel Out | Fuel In | Miles Out | Miles In | Total |
|---|---|---|---|---|---|---|---|---|---|---|
| 0000 JH 3242K | Disp | 1 | $1,475.00 | $0.40 |  | 3/8 |  | 26421.0 |  |  |

## Payment information

| Pmt. Type | Status | Pmt. Date | Card | Card Exp. Date | Pmt. Loc. | Paid Amount |
|---|---|---|---|---|---|---|
| Master Card | APPROVED | 04/19/2006 | xxxxxxx0206 | 04/09 | 786056 | $1,578.25 |

| Days Allowed | Rental Amount | Miles Allowed | Total Amount Collected |
|---|---|---|---|
| 6 | $1,475.00 | 1464 | $1,578.25 |

## Credit card history

| Card No. | Location | Contract | Date | Amount Paid | Status |
|---|---|---|---|---|---|
| xxxxxxx0206 | 621001 | 4335493 | 4/14/2006 12:55:51 PM | $0.00 | APPROVED |

## Meaningful Assurance

| Assurance type | |
|---|---|
| Local Drivers License | g60093041073   Exp: 0310 |
| Personal Phone (call ) | (773) 401-2781  -Verified |

## Notes

There are no notes for this contract.