IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors,<br><br>Plaintiffs,<br><br>v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFREY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased,<br><br>Defendants. | Case No. 08-cv-2255<br><br>Judge Gettleman |

**CERTAIN U-HAUL DEFENDANTS' MEMORANDUM IN SUPPORT OF THEIR MOTION FOR MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e)**

Pursuant to Fed. R. Civ. P. 12(e), Defendants U-Haul Co. of Arizona, Inc.; U-Haul Co. of Florida, Inc.; U-Haul Co. of Oregon, Inc.; U-Haul Co. of North Carolina, Inc.; U-Haul International, Inc.; and U-Haul Leasing & Sales Co. (collectively referred to as the "U-Haul Defendants"), by and through their undersigned counsel, hereby move the Court to order Plaintiffs to submit a more definite statement of the allegations directed against each of the U-Haul Defendants in their Second Complaint.[1] The U-Haul Defendants state as follows in support

---

[1] Plaintiffs have joined U-Haul Co. of Illinois, Inc. as a defendant in addition to the six U-Haul Defendants moving for a more definite statement. U-Haul Co. of Illinois, Inc. has been fraudulently joined and is moving separately for a dismissal of the claims against it.

74761.1                                                  1

of their Motion:

## I. BACKGROUND

U-Haul International, Inc. removed Plaintiffs' First Complaint on April 14, 2008, which was pending before Judge Gettleman as Case No. 08-cv-2120. On April 16, 2008, Plaintiffs filed an amended complaint in this Court adding U-Haul Co. of Oregon, Inc. and U-Haul Co. of North Carolina, Inc. as defendants.

On April 17, 2008, Plaintiffs voluntarily dismissed Case No. 08-cv-2120. The following day, on April 18, 2008, Plaintiffs filed their second complaint in the Circuit Court of Cook County, Illinois, asserting identical allegations against virtually all of the same defendants named in their Amended Complaint filed with this Court in Case No. 08-cv-2120. This second lawsuit was filed under a separate Cook County Case No., 08 L 4269, and was removed to this Court by U-Haul International, Inc. on April 21, 2008 ("Plaintiffs' Second Complaint").

## II. PLAINTIFFS' SECOND COMPLAINT

Plaintiffs define the U-Haul Defendants and General Motors Corp. as essentially one actor for purposes of attributing liability. *See* Second Complaint, ¶ 13 (referring to General Motors Corp. and the individual U-Haul defendants as "the GM/U-HAUL DEFENDANTS"). Plaintiffs claim that on April 21, 2006, William Geary "was driving a 2005 U-Haul moving van manufactured by the GM/U-HAUL DEFENDANTS…" *Id.* at ¶ 18.

In Counts I-III of the Second Complaint, Plaintiffs go on to allege that the "GM/U-HAUL DEFENDANTS" are strictly liable under the Illinois Wrongful Death, Survival and Family Expense Acts. *See* Second Complaint Counts I-III. Plaintiffs allege that, collectively, "the GM/U-HAUL DEFENDANTS were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing moving vans, including the subject

U-Haul." Complaint, Count I ¶ 1. Plaintiffs also allege that, collectively, the "GM/U-HAUL DEFENDANTS" are strictly liable because they "sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed" the "subject U-Haul" with a "defective and inadequate fuel tank and fuel delivery system, []brakes, [] suspension system, [] steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS." Second Complaint, Count I ¶ 2.

Plaintiffs go on to restate identical allegations in Counts IV-IX as support for claiming the U-Haul Defendants are not only strictly liable, but additionally negligent and willfully and wantonly negligent under the Illinois Wrongful Death, Survival and Family Expense Acts.

## II.　ARGUMENT

### A.　Legal Standard.

Under Fed. R. Civ. P. 10(b)

> [a]ll averments of claim or defense shall be made in numbered paragraphs, the contents of each of which *shall* be limited as far as practicable to a statement of a *single set of circumstances*…. Each claim founded upon a *separate transaction or occurrence*…*shall* be stated in a *separate count*…whenever a separation facilitates the clear presentation of the matters set forth. (emphasis added)

"Violation of Rule 10(b) may be remedied by a motion under Rule 12(e) for a more definite statement." *Hackman v. Dickerson Realtors, Inc.*, 520 F.Supp.2d 954, 976 (N.D. Ill. Aug. 31, 2007). In this regard, Fed. R. Civ. P. 12(e) permits "a party to move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague and ambiguous that the party cannot reasonably prepare a response." Where separate instances of tortious conduct by numerous defendants are combined, Plaintiffs will be required to re-state their allegations by separating their claims against each defendant into separate counts.

*Hackman*, 520 F.Supp.2d at 976. This provides clarity and the ability to more easily address Plaintiffs' allegations. *Id.*

### B. The U-Haul Defendants cannot reasonably prepare a response to Plaintiffs' allegations.

Plaintiffs' claims are unclear and not easily addressed because they improperly combine separate instances of allegedly tortious conduct by eight defendants into single claims. Plaintiffs fail to identify which of the seven U-Haul Defendants and General Motors Corp. in Counts I-IX may be responsible for variously "selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing moving vans, including the subject U-Haul." Neither do Plaintiffs' attempt to distinguish which of the eight defendants in Counts I-IX is responsible for the "design and/or manufacture" of each of the vehicle's purportedly "defective and inadequate fuel tank and fuel delivery system, its brakes, its suspension system, its steering system." Moreover, Plaintiffs fail to distinguish which of these eight defendants was "in the possession, custody, or control" of these allegedly defective components at any time. As a result, Plaintiffs should be required to restate their claims against each U-Haul Defendant by attributing a particular activity to a particular defendant.

## III. CONCLUSION

Plaintiffs' claims run afoul of Rule 10(b), which requires that "[e]ach claim founded upon a separate transaction or occurrence…shall be stated in a separate count." As a result, each U-Haul Defendant can more easily address Plaintiffs' allegations if, under Rule 12(e), they are separated into separate and particular claims against each individual defendant, attributing a particular activity to a particular defendant. *See Hackman*, 520 F.Supp.2d at 976.

WHEREFORE, pursuant to Fed. R. Civ. P. 10(b) and 12(e), the U-Haul Defendants respectfully request the Court to require Plaintiffs to separate the allegations of the Second

Complaint into separate and particular claims that attribute a particular activity to a particular U-Haul Defendant.

Dated: April 28, 2008

Respectfully submitted,

**U-HAUL CO. OF ARIZONA, INC.**
**U-HAUL CO. OF FLORIDA, INC.**
**U-HAUL CO. OF OREGON, INC.**
**U-HAUL CO. OF N. CAROLINA, INC.**
**U-HAUL INTERNATIONAL, INC.**
**U-HAUL LEASING & SALES CO.**

_____s/ Dmitry Shifrin_____
George Jackson III, #6189680
Dmitry Shifrin, #6279415
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 28th day of April, 2008, a copy of the foregoing Memorandum in Support of Motion for More Definite Statement was served via the Court's CM/ECF system to the following counsel:

Darren VanPuymbrouck
Renee C. Kelley
SCHIFF HARDIN
6600 Sears Tower
Chicago, IL 60606

James F. Perrin
Paula A. Wyatt
4825 Everhart Rd.
Corpus Christi, TX 78411

                                            s/ Dmitry Shifrin