## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IDA TREVINO, Individually and as Special )
Administrator of the Estate of GREGORIO )
TREVINO, JR., deceased, and as Next )
Friend of SARA RENE TREVINO and )
ANGELA KRISTIN TREVINO, minors, )
                                )
          Plaintiffs, )
                                )
v. )          No. 08-CV-2255
                                )
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC., )
UHAUL COMPANY OF ARIZONA, INC., )
U-HAUL COMPANY OF FLORIDA, INC., )
U-HAUL LEASING AND SALES, CO., )
U-HAUL COMPANY OF OREGON, )
U-HAUL COMPANY OF NORTH )
CAROLINA, GENERAL MOTORS )
CORPORATION, and JEFFERY CROOK, )
as Special Administrator of the Estate of )
WILLIAM GEARY, deceased, )
                                )
          Defendants. )

## PLAINTIFF'S MOTION TO REMAND AND FOR FEES AND COSTS AND
## SUPPORTING MEMORANDUM

Plaintiff Ida Trevino, by her attorneys, Schiff Hardin LLP, individually and in her capacity as representative of the Estate of Gregorio Trevino, Jr., hereby moves this Court for an order remanding this case to the Circuit Court of Cook County, pursuant to 28 U.S.C. § 1447(c), and for an award of her fees and costs. In support of her motion, Plaintiff states as follows:

## <u>SUMMARY OF THE ARGUMENT</u>

Contrary to Defendant U-Haul International, Inc.'s ("UHI") assertion, a local defendant in the state court action, Jeffrey Crook ("Mr. Crook"), who was duly appointed as the Special Administrator of the Estate of William Geary, deceased, was, in fact, served with and filed his appearance and answer to the Plaintiff's Complaint before UHI improperly removed this case. *See* Order of Circuit Court appointing Jeffery Crook as the Special Administrator of the Estate of William Geary, attached as Exhibit A; Return of Service on Jeffrey Crook, dated April 18, 2008, attached as Exhibit B; Jeffrey Crook's Appearance and Answer to Plaintiff's Complaint, filed-stamped April 18, 2008, attached as Exhibit C.

Thus, the very cases relied upon by UHI and its own arguments based on 28 U.S.C. § 1441(b) compel a remand of this case. Moreover, because UHI failed to obtain Mr. Crook's consent to its removal of this case, it is procedurally defective and must be remanded for that reason as well.

UHI's claim that Jeffrey Crook was fraudulently joined because Janet M. Deutsch had previously been appointed as the Special Administrator of William Geary's estate is equally flawed. As the operative order reflects, Janet M. Deutsch was not appointed as the Special Administrator of the Estate of William Geary. Rather, Ms. Deustch was appointed as a "Defendant" in a case that did not even name William Geary's Estate as a party. *See* the Circuit Court's Order appointing Janet M. Deutsch as a "Defendant," attached as Exhibit D. Moreover, under Illinois law, a Special Administrator is specially

appointed for the purpose of naming a proper party defendant for the case in which the appointment is made. It does not establish such a Special Administrator as the Executor of the deceased's estate as UHI suggests. Therefore, even if Ms. Deutsch had been appointed as a Special Administrator for William Geary's estate in Gregorio Trevino's case, which she has not, that would not render another individual's appointment in a different case "fraudulent." That UHI failed to even attach a copy of the order, which they characterize incorrectly, or to cite a single case in support of this argument is further proof of its futility. Finally, UHI's canned arguments alleging that U-Haul of Illinois was fraudulently joined simply ignore the specific allegations of Plaintiff's Complaint. Mr. William Geary, as the Complaint alleges, was an Illinois resident to whom U-Haul of Illinois negligently marketed the subject vehicle, regardless of whether it actually rented the specific defective U-Haul truck at issue.

Moreover, as is obvious from UHI's own arguments and affidavits, regardless of whether U-Haul of Illinois maintained the subject vehicle close to or, as their affidavit admits, at some earlier point in time, Plaintiff's Complaint alleges that U-Haul of Illinois owed a duty to Gregorio Trevino, Jr. ("Mr. Trevino, Jr.") in performing that maintenance, which it breached, causing Mr. Trevino, Jr.'s death. Thus, far from lacking a "reasonable probability of recovering" from U-Haul of Illinois, Plaintiff's complaint, when taken as true, establishes U-Haul of Illinois' liability to Ida Trevino and her children.

## BACKGROUND

Gregorio Trevino, Jr., was killed on April 21, 2006, when a rented U-Haul moving truck, driven by Illinois resident William Geary, crossed the median and crashed into the tractor trailer driven by Mr. Trevino, Jr.  Both vehicles immediately caught fire and both drivers died in the inferno, as did Mr. Geary's passenger.  On April 18, 2008, Gregorio Jr.'s widow Ida Trevino filed this lawsuit, No. 08 L 4269, in the Circuit Court of Cook County, alleging that Defendants, several U-Haul entities and William Geary, were liable for Gregorio Jr.'s untimely death (the "Complaint").  The Complaint alleges that Defendants are liable to Gregorio Jr.'s widow, his two minor daughters, and to his Estate under theories of products liability, negligence, and willful and wanton conduct.  Defendant UHI improperly removed this case on April 21, 2008, after a local defendant had already been served with the Complaint and after that defendant's appearance and answer were filed.  Moreover, UHI improperly failed to obtain Mr. Crook's consent to its removal.

## ARGUMENT

### I.    Standard for Granting Remand

As Plaintiff, Ida Trevino's choice of forum is presumed valid and this Court must resolve all doubts about jurisdiction in favor of remand.  *See Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  In deciding whether remand is proper, the Court assumes the truth of  the factual allegations of the complaint, which are considered controlling.  *See, e.g., Sheridan v. Flynn,* No. 03 C 5170, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003).  As the party

seeking removal, UHI bears the burden of establishing that all the requirements of removal have been met. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004). Removal is a purely statutory right that infringes on state judicial powers, and thus its requirements must be strictly construed. *See, e.g., Sheda v. U.S. Dept. of Treasury Bureau of Public Debt,* 196 F. Supp. 2d 743, 746 (N.D. Ill. 2002); *see also Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576 (7th Cir. 1982) (noting the Supreme Court has been loathe to expand the federal courts' removal jurisdiction). An action in which federal jurisdiction is premised on diversity "shall be removable only if none of the parties in interest properly joined and served is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b). Thus, this case is not removable if any Defendant, properly joined and served, is a citizen of the state of Illinois. *See* 28 U.S.C. § 1441(b); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 378 (7th Cir. 2000) (defendants who seek a federal forum must clear "additional hurdle" of showing that none of the defendants joined and served are residents of the forum state).

## II.     Defendant's Notice of Removal Is Procedurally Defective

### A.     A Local Defendant Is Properly Joined and Served

Defendant's claim that no "local defendant" was served with the Complaint at the time of their removal is wrong. Defendant William Geary, deceased, was a citizen of the state of Illinois at the time of his death. *See* Compl. ¶ 16. Jeffery Crook, who was appointed to serve as Special Representative of William Geary's Estate in connection with this case, was

served with the complaint on April 18, 2008.  *See* Ex. B.  Jeffery Crook filed an

appearance and answer on behalf of William Geary's Estate on April 18, 2008.

*See* Ex. C.

In their Notice of Removal, UHI relies on and quotes *Wensil v. E.I.*

*DuPont De Nemours and Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) as holding

that "[t]he statute is clear.  The presence of unserved resident defendants does

not defeat removal where complete diversity exists.  (*See* Notice of Removal at ¶

17, p. 5).  That Court, however, went on to hold that:

> The Court recognizes that the plaintiffs are being deprived of their
> original choice of forum merely because the South Carolina
> defendants are served after the non-resident defendant.  ***However,***
> ***this fortuitous result could have been prevented by serving a***
> ***South Carolina resident defendant first.***

*Id.* at 449 (emphasis added).  As such, Defendants' own authority sinks the

thin reed upon which their removal was premised and compels the remand of

this case.

Moreover, as Judge Aspen recognized in *Holmstrom v. Harod*, No. 05 C

2714, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005) "the purpose of the

'joined and served' requirement is to prevent a plaintiff from blocking removal

by joining as a defendant a resident party against whom it does not intend to

proceed, and whom it does not even serve."  Here, the resident party, William

Geary, was operating the defective U-Haul vehicle when it struck and killed

Plaintiff's husband.  There could be no serious contention that such an integral

party was included merely to block removal.  Significantly, the Court in

*Holmstrom* remanded that case despite the fact that no resident defendant had

been served.[1]  Here, actual service on the resident defendant further obliterates any claim that the plaintiff named William Geary's estate solely to prevent removal and did not intend to serve him, and therefore, further compels remand of this case.

Finally, that the resident defendant was not only served, but filed his voluntary appearance and answer to the Complaint also defeats the Defendant's removal and mandates that the case be remanded.  As the court held in *Windoc Corp. v. Clarke*, 530 F. Supp. 812 (D.C. Neb. 1982), even where a resident defendant had not been served, but had filed its voluntary appearance, a case could not be removed under § 1441(b).  Thus, Mr. Crook's appearance and answer on behalf of William Geary's Estate on April 18, 2008, three days before the case was removed on April 21, 2008, requires that this case be remanded.

### B.    This Action Was Improperly Removed Without Consent of All Defendants

Removal is defective if it is not accompanied by the consent of all defendants who have been served.  *See, e.g., Speciale v. Seybold,* 147 F.3d 612, 617 (7th Cir. 1998) (holding removal was procedurally defective where removing defendant failed to obtain consent of others).  UHI's claim that consent is not required because no defendants have been served is incorrect.

---

[1] The Court held that where no party had been served with plaintiff's complaint before it had been removed, remand was required even though the resident defendant had not been served because "the policy of the 'joined and served' requirement [was] not implicated in [that] situation."  Obviously, where a resident defendant is, in fact, served before removal, that policy is not implicated at all.

*See* Exhibit B.   Remand is proper where, as here, "a case is improvidently removed without the consent of a served defendant." *Schmude v. Sheahan,* 198 F. Supp. 2d 964, 967 (N.D. Ill. 2002) (noting the general procedural requirement in a multiple-defendant case is that all served defendants consent; describing this "rule of unanimity").   As such, UHI's removal is procedurally deficient and the case must be remanded for this reason alone.   *See Yount v. Shasek,* 472 F. Supp. 2d 1055, 1060-61 (S.D. Ill. 2006) (holding that removing defendant's failure to obtain consent of co-defendants renders the notice of removal procedurally deficient).

### C.    Defendant's "Fraudulent Joinder" Claims Are Baseless

#### 1.    Defendant Has No Support for its Argument that Jeffrey Crook is Fraudulently Joined.

An out-of-state defendant seeking removal bears a heavy burden to establish fraudulent joinder.   *Poulos,* 959 F.2d at 73 (holding out-of-state defendant must show that, taking all issues of fact and law in favor of the plaintiff, there is no cause of action against the in-state defendant).   Defendant UHI cannot meet this burden with respect to either William Geary's Estate or U-Haul of Illinois.

Fraudulent joinder occurs where there is "outright fraud in plaintiff's pleading of jurisdictional facts," or where the plaintiff's claims against the defendant whom he has allegedly fraudulently joined "have no reasonable chance of success." *See, e.g., Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994); *Butler v. Kohl's Dept.*

*Stores, Inc.,* No. 1:08 CV 0084, 2008 WL 1836684, at *1 (S.D. Ind. Apr. 23, 2008). If the plaintiff has a reasonable chance of success against the allegedly fraudulently joined defendant, the plaintiff's motives in joining that defendant are irrelevant. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992).

UHI claims that Mr. Crook is "fraudulently joined" and that his citizenship should be ignored for purposes of determining diversity. This contention misses the mark in several respects. First, Mr. Crook's own citizenship is irrelevant to the question of diversity. Mr. Crook is named merely as representative of Geary's estate, not in his individual capacity. The Judicial Code is clear that it is the ***decedent's*** state of citizenship, not the representative's, that counts for diversity purposes. 28 U.S.C. § 1332(c)(2); *Northern Trust Co. v. Bunge Corp.,* 899 F.2d 591, 593 (7th Cir. 1990) (noting "legal representatives of estates of decedents, infants, or incompetents are deemed to be citizens of the same state as the decedents, the infants, or the incompetents"). And, in any event, the Court need not endeavor to "determine diversity" here. While diversity is clear – no Defendant is a resident of the same state as the Plaintiff – this case is made non-removable by the fact that William Geary was a citizen of Illinois at the time of his death, pursuant to the "local defendant" provision of 28 U.S.C. § 1441(b).

UHI claims that Jeffery Crook's appointment as Special Administrator for William Geary's Estate is "improper" because, in another lawsuit, a Janet M. Deutsch was named as Special Administrator for William Geary's Estate. Notice of Removal ¶¶ 4, 33. First, as evidenced by the order appointing Ms.

Deutsch a "Defendant," she was never appointed the Special Administrator of William Geary's Estate.    Second, even if she had been, Janet Deutsch's appointment in a different lawsuit, filed by different plaintiffs, does not make Mr. Crook's appointment in this lawsuit by these plaintiffs "improper" in any way.    "A special administrator is empowered only to defend the action in which he is appointed," *Comm. Bank of Plano v. Otto*,    324 Ill. App. 3d 471, 475, 755 N.E.2d 532, 535 (2d Dist. 2001), and thus the appointment of Jeffery Crook as Special Administrator in this lawsuit is in no way inconsistent with the appointment of another individual as Special Administrator in another suit.[2] Defendant's failure to cite any authority for its claim that Mr. Crook is fraudulently joined demonstrates its inability to satisfy the "heavy burden" it bears in seeking removal, and the case must be remanded.

### 1.    Plaintiff's Complaint Demonstrates a "Reasonable Probability of Recovery" Against U-Haul of Illinois

Defendant also claims that U-Haul of Illinois is fraudulently joined and that its status as an Illinois resident should be disregarded.    First, local defendant William Geary was a resident of Illinois at the time of his death, and his Estate has been served prior to removal, and thus U-Haul of Illinois' status as a local defendant is immaterial.    UHI claims that Plaintiff does not have a reasonable probability of recovery against U-Haul of Illinois because U-Haul of Illinois owed no duty to the Plaintiff, because it "did not own the vehicle or rent

---

[2] Similarly, the appointment of Mechelle Walsh in the first action that was removed and dismissed in no way renders Mr. Crook's appointment "improper" or fraudulent.  Moreover, contrary to UHI's claim, Eunice Geary was never appointed as a Special Administrator for William Geary.

it to William Geary" and because it "did not maintain the vehicle at or near the time of the accident." Although UHI claims that U-Haul of Illinois did not "sell, manufacture, distribute, equip, design or market the vehicle," *see* Notice of Removal ¶ 41, tellingly, **it does not deny that it maintained** the vehicle – it only disclaims liability for its maintenance of the vehicle on the basis of its own self-serving judgment that such maintenance did not occur close enough in time to the accident to be considered the cause. Because Plaintiff's factual allegations must be taken as true, and because U-Haul of Illinois has admitted that it serviced the subject U-Haul, Defendant has failed to show that Plaintiff lacks a "reasonable probability" of recovering against U-Haul of Illinois for its alleged negligent maintenance.

### III.   Plaintiff is Entitled to Costs and Attorney's Fees Under § 1447(c)

Fees can be awarded where the removing party lacks an objectively reasonable basis for seeking removal. *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005). Here, UHI had no objectively reasonable basis for filing this notice of removal: its claims of fraudulent joinder of Mr. Crook and U-Haul of Illinois are clearly baseless, as discussed above, and UHI imprudently rushed to court with this notice of removal, failing to conduct a sufficient investigation to determine whether a local defendant had been served. A simple review of the state court records within the time to seek removal would have reflected that local defendant Mr. Crook had been served, and that removal was thus improper under § 1441(b). Moreover, UHI's argument that Mr. Crook was fraudulently joined because Ms. Deutsch had been appointed as

the Special Administrator of William Geary's Estate clearly mischaracterizes the operative order, which it failed to attach.

Accordingly, Plaintiff is entitled to recover her costs and attorneys' fees incurred in preparing this motion to remand. *See, e.g., Butler,* 2008 WL 1836684, at *4 ("if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees"); *Beaufort County Sch. Dist. v. United National Ins. Co.,* 519 F. Supp. 2d 609, 618 (D. S.C. 2007) (awarding attorneys' fees where a "cursory glance" at the record showed the allegedly fraudulently joined defendant was a proper defendant to the action, and removing defendant asserted no reasonable grounds for finding otherwise).

## **CONCLUSION**

UHI's Notice of Removal is based on the false premise that no resident defendant had been served or answered prior to the attempted removal. Its removal attempts to deprive Plaintiff of her right to select a state court forum, and it attempts to deprive a co-Defendant of the right to refuse consent to removal. UHI filed its removal without taking the fundamental step of checking the state court's file to see that a resident Defendant had been served and answered. The removal was patently improper, and caused Plaintiff to incur fees and expenses in filing this Motion to Remand. The case should be remanded to the Circuit Court of Cook County, and Defendant UHI should be ordered to pay the fees and expenses occasioned by its improper removal.

Dated:      April 28, 2008

Respectfully submitted,


By:  /s/ Darren VanPuymbrouck

Darren VanPuymbrouck
Renee C. Kelley
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel:   (312) 258-5500
Fax:   (312) 258-5600

OF COUNSEL:
James F. Perrin
State Bar No. 24027611
Paula A. Wyatt
State Bar No. 10541400
4825 Everhart Road
Corpus Christi, Texas  78411
Tel:   (361) 857-2727
Fax:   (361) 857-8783

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2008, a copy of the foregoing Plaintiff's Motion to Remand and For Fees And Costs, And Supporting Memorandum was served via the Court's CM/ECF system and on the 29th day of April, 2008, by U.S. Mail, to the following counsel:

Dmitry Shifrin
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago IL 60601
Attorney for Defendants:
U-Haul Company Of Illinois, Inc.,
U-Haul International, Inc.,
U-Haul Company Of Arizona, Inc.,
U-Haul Company Of Florida, Inc.,
U-Haul Leasing & Sales Co.,
U-Haul Company Of Oregon, Inc.
U-Haul Company Of North Carolina, Inc.


Peter F. Higgins
Lipkin & Higgins
222 N. LaSalle St., Suite 2100
Chicago IL 60601
Attorney for Jeffery Crook, as Special Administrator of the Estate of William Geary


/s/ Darren VanPuymbrouck

Attorney for Plaintiff

Firm I.D. 90219

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as<br>Special Administrator of the Estate of<br>GREGORIO TREVINO, JR., deceased<br>And as Next Friend of SARAH RENE<br>TREVINO and ANGELA KRISTIN<br>TREVINO, minors,<br><br>      Plaintiffs,<br><br>      v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC.,<br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF ARIZONA, INC.,<br>U-HAUL COMPANY OF FLORIDA, INC.,<br>U-HAUL LEASING & SALES CO.,<br>U-HAUL COMPANY OF OREGON,<br>U-HAUL COMPANY OF NORTH CAROLINA<br>GENERAL MOTORS CORPORATION, and<br>JEFFREY CROOK, as Special Administrator<br>Of The Estate of WILLIAM GEARY, deceased<br><br>      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No.

Calendar/Room

2008L004269
CALENDAR/ROOM D
TIME 00:00
Product Liability

## ORDER

This Cause coming on to be heard on the Motion of Lipkin & Higgins to appoint a Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

That JEFFREY CROOK is appointed as Special Independent Administrator of the Estate of WILLIAM GEARY for purposes of naming a proper party in a wrongful death action against his Estate pursuant to 740 ILCS 180/2.1.

DATED:_____            ENTER:_____

                                                          JUDGE

Peter F. Higgins
Lipkin & Higgins
222 N. LaSalle Street
Suite 2100
Chicago, IL 60601
Tel: (312) 857-1710
CH1\5694472.1

JUDGE DONALD J. SURIANO

APR 18 2008

Circuit Court - 1717

*Exh. C*

0 – Served    2121 – Served
0 – Not Served   2221 – Not Served
0 – Served By Mail  2321 – Served By Mail
0 – Served By Publication 2421 – Served By Publication
        ALIAS – SUMMONS  CCG N001-10M-1-07-05 (      )
MMONS

FILED
00 APR 18 PM 2:21
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, __Law__ _____ DIVISION

(Name all parties)

a Trevino, Individually and as Special Administrator
the Estate of Gregorio Trevino, Jr., deceased et al

           v.

Haul Company of Illinois, Inc., et al
   (see reverse)

No. _____

JEFFREY CROOK
222 N LASALLE ST
SUITE 2102
CHICAGO, IL 60601

**SUMMONS**

each Defendant:

  YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
reto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the
llowing location:

☑ Richard J. Daley Center, 50 W. Washington, Room __801__, Chicago, Illinois 60602

☐ District 2 – Skokie   ☐ District 3 – Rolling Meadows  ☐ District 4 – Maywood
 5600 Old Orchard Rd.   2121 Euclid       1500 Maybrook Ave.
 Skokie, IL 60077    Rolling Meadows, IL 60008   Maywood, IL 60153

☐ District 5 – Bridgeview  ☐ District 6 – Markham    ☐ Child Support
 10220 S. 76th Ave.   16501 S. Kedzie Pkwy.    28 North Clark St., Room 200
 Bridgeview, IL 60455   Markham, IL 60426     Chicago, Illinois 60602

ou must file within 30 days after service of this Summons, not counting the day of service.
YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
EQUESTED IN THE COMPLAINT.

o the officer:

  This Summons must be returned by the officer or other person to whom it was given for service, with
dorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall
e returned so endorsed. This Summons may not be served later than 30 days after its date.

                     APR 1 8 2008

         WITNESS,_____,

tty. No.: __90219__           DOROTHY BROWN
ame: Darren Van Puymbrouck       CLERK OF CIRCUIT COURT
                 Clerk of Court
tty. for: Plaintiff
ddress: Schiff Hardin LLP, 6600 Sears Tower   Date of service: _____ 2008
ity/State/Zip: Chicago, IL 60606      (To be inserted by officer on copy left with defendant
                or other person)
elephone: (312) 258-5500

ervice by Facsimile Transmission will be accepted at: _____
             (Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Affidavit of Special Process Server                    CCG N060-50M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Cook_ _____ DEPARTMENT, _____ _LAW_ ____
(County)        (Municipal)                    (Division)        (District)

No. _O8L-4269_

## AFFIDAVIT OF SPECIAL PROCESS SERVER

_JACK LABOLT_ _____ being first

duly sworn on oath deposes and says that s/he was appointed by the Court on _4/18_ , _2008_
to serve process in the above mentioned cause.

I. That s/he served the within summons and a copy of the complaint on the within named Defendant, _____
   _JEFFREY CROOK_
   by leaving a copy of each with the said Defendant personally on _4/18_ , _2008_ .

II. That s/he served the within summons and a copy of the complaint on the within named Defendant, _____
   _____ by leaving a copy of each at his/her usual place of abode with
   _____ a person of the family of the age of 13 years or upwards and informed
   that person of the content thereof on _____ , _____ , and that further s/he mailed a
   copy of each in a sealed envelope with postage prepaid addressed to the Defendant, _____
   at his/her usual place of abode on _____ , _____ .

III. (a) That the sex, race and approximate age of the Defendant or other person with whom s/he left the summons
    are as follows:  Sex _____  Race _____  Approximate Age _____
    (b) That the place where (if possible in terms of an exact street address) and the date and time of the day when the
    summons was left with the Defendant or other person were as follows:

    Place _____
    Date _____ , _____  Time of day _____ . m.

IV. That s/he was unable to serve the within named Defendant.

_____
Special Process Server Signature

Signed and sworn before me on this _____ day of _____ , _____ ,

_____ Notary public

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased And as Next Friend of SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, minors, | ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) ) |
| v. | ) ) |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING & SALES CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA GENERAL MOTORS CORPORATION, and JEFFREY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, Deceased, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

Case No. 2008-L-~~003942~~ 08L4769

Calendar/Room

JURY DEMAND

## APPEARANCE AND JURY DEMAND

The undersigned, as attorneys, hereby enter their appearance for and on behalf of Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, in the above-titled cause of action.

Defendant demands trial by jury.

Respectfully submitted,

LIPKIN & HIGGINS

By: _Peter F. Higgins_

Peter F. Higgins, one of the attorneys for
Defendant Jeffrey Crook, as Special
Administrator of the Estate of William Geary,
deceased

LIPKIN & HIGGINS
222 N. LaSalle St Ste 2100
Chicago Illinois, 60601
Firm Id. 38968

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

IDA TREVINO, Individually and as )
Special Administrator of the Estate of )
GREGORIO TREVINO, JR., deceased )
And as Next Friend of SARAH RENE )
TREVINO and ANGELA KRISTIN )
TREVINO, minors, )
         )
         Plaintiffs, )
         )
         v. )       Case No. 2008-L-003722 *4269*
         )
U-HAUL COMPANY OF ILLINOIS, INC., )   Calendar/Room
U-HAUL INTERNATIONAL, INC., )
U-HAUL COMPANY OF ARIZONA, INC., )   JURY DEMAND
U-HAUL COMPANY OF FLORIDA, INC., )
U-HAUL LEASING & SALES CO., )
U-HAUL COMPANY OF OREGON, )
U-HAUL COMPANY OF NORTH CAROLINA )
GENERAL MOTORS CORPORATION, and )
JEFFREY CROOK, as Special Administrator )
of the Estate of WILLIAM GEARY, Deceased, )
         )
         Defendants. )

### NOTICE OF FILING AND CERTIFICATE OF SERVICE

PLEASE TAKE NOTICE that on April 18, 2008, Defendant Jeffrey Crook, as Special

Administrator of the Estate of William Geary, filed an Appearance, Jury Demand, Answer, and

Affirmative Defenses to Plaintiff's Complaint at Law with the above-captioned Court, a copy of

which is attached.

The undersigned, an attorney, certifies that a copy of the foregoing document was served

upon all counsel of record via U.S. mail by depositing same in a U.S. Post Office Box on April

18, 2008, before the hour of 5:00 pm.

                               _Peter F. Higgins_
                               Peter F. Higgins

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as<br>Special Administrator of the Estate of<br>GREGORIO TREVINO, JR., deceased<br>And as Next Friend of SARAH RENE<br>TREVINO and ANGELA KRISTIN<br>TREVINO, minors,<br><br>          Plaintiffs,<br><br>v.<br><br>U-HAUL COMPANY OF ILLINOIS, INC.,<br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF ARIZONA, INC.,<br>U-HAUL COMPANY OF FLORIDA, INC.,<br>U-HAUL LEASING & SALES CO.,<br>U-HAUL COMPANY OF OREGON,<br>U-HAUL COMPANY OF NORTH CAROLINA<br>GENERAL MOTORS CORPORATION, and<br>JEFFREY CROOK, as Special Administrator<br>Of The Estate of WILLIAM GEARY, deceased<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br><br>Case No. 2008-L-003922<br><br>Calendar/Room<br><br>JURY DEMAND |

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JEFFREY CROOK, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM GEARY, DECEASED

NOW COMES Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, by his attorneys, LIPKIN & HIGGINS, and for his answer to Plaintiff's Complaint at Law, states as follows:

1.-3.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 1 through 3.

4.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, admits that he has been appointed Special Administrator of the Estate of William Geary,

deceased, for purposes of naming a proper party defendant to this litigation. Defendant admits that Ex. C of Plaintiff's Complaint is an Order of the Circuit Court of Cook County appointing Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased.

5.-13.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 5 through 13.

14.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that Plaintiff's Complaint names him in the capacity of Special Administrator of the Estate of WILLIAM GEARY, deceased. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that Ex. C to Plaintiff's Complaint is an Order of the Circuit Court of Cook County appointing Jeffrey Crook as Special Administrator of the Estate of WILLIAM GEARY, deceased. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that Plaintiff's Complaint alleges that at the time of the incident from which this claim arises, and at the time of his death, WILLIAM GEARY, deceased, was an individual residing in Chicago, Illinois. Defendant further answers that whether the Estate of William Geary, deceased, is a citizen of the state of Illinois pursuant to 28 U.S.C. § 1332(c)(2) is a question of law and therefore Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, makes no answer thereto.

15.-16.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the factual allegations in this paragraph as to Defendants UHCI, UHCA, UHCF, UHLSC, UHO, UHCNC, and GM. Defendant admits that Plaintiff's Complaint alleges that William Geary,

deceased, was a natural person domiciled in Illinois when this cause of action arose and at the time of his death. Defendant further answers that Plaintiff's allegations as to the applicability of 735 ILCS 5/2-209(b)(3), 735 ILCS 5/2-209(b)(4),735 ILCS 5/2-101, and 735 ILCS 5/2-102(a) are questions of law to be determined by the Court, and therefore this Defendant makes no answer thereto.

17.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that this Complaint purports to arise from the death of Gregorio Trevino, Jr. on April 21, 2006, and that it names Ida Trevino as representative of the Estate of Gregorio Trevino, Jr.  As to the remaining allegations of Paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

18-19.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 18-19, and therefore makes no answer thereto.

20.    To the extent that Paragraph 20 contains allegations against William Geary, deceased, Defendant denies the allegations.  To the extent that Paragraph 20 contains allegations against Defendants other than William Geary, deceased, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

21.    Defendant admits that Plaintiff's complaint pleads that Plaintiff is entitled to recover in an amount in excess of this Court's minimum jurisdictional limits.  To the extent that Paragraph 21 contains further allegations against William Geary, deceased, Defendant denies the allegations.  To the extent that Paragraph 21 contains allegations against Defendants other than

William Geary, deceased, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

22.    To the extent that Paragraph 22 contains allegations against William Geary, deceased, Defendant denies the allegations.  To the extent that Paragraph 22 contains allegations against Defendants other than William Geary, deceased, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

## COUNTS I - IX

Counts I through IX of the Plaintiff's Complaint at Law are not plead against the Estate of William Geary, deceased, and therefore this Defendant makes no answer thereto.  To the extent that Counts I through IX of Plaintiff's Complaint at Law contain allegations against the Estate of William Geary, deceased, this Defendant, this Defendant denies the allegations set forth in Counts I through IX.

**WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT X

1.    Whether Defendant William Geary, deceased, owed Plaintiffs or other persons a duty is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto.  To the extent an answer is deemed to be required, Defendant denies the allegations of Paragraph 1 of this Count.

2.    Defendant denies the allegations of Paragraph 2 of this Count and all subparagraphs thereof.

3.      Defendant denies the allegations of Paragraph 3 of this Count.

4.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of this Count, and therefore makes no answer thereto.

5.      The application of 740 ILCS 180/0.01 et seq. is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto.

        **WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XI

1.-3.    Defendant repeats his answers to Paragraphs 1-3 of Count X as his answers to Paragraphs 1-3 of this Count.

4.      Defendant denies the allegations of Paragraph 4 of this Count.

7.      To the extent that Paragraph 7 of this Count contains allegations against William Geary, deceased, Defendant denies the allegations.  Defendant further answers that the application of 755 ILCS 5/27-6 is a question of law to be determined by this Court, and therefore Defendant makes no answer to Plaintiff's allegations regarding the applicability of that statute.

        **WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XII

1.-3.    Defendant repeats his answers to Paragraphs 1-3 of Count X as his answers to Paragraphs 1-3 of this Count.

4.      Defendant denies the allegations of Paragraph 4 of this Count.

5.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5, and therefore this Defendant makes no answer thereto.

**WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## <u>COUNT XIII</u>

1.    Whether Defendant William Geary, deceased, owed Plaintiffs or other persons a duty is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto.  To the extent an answer is deemed to be required, Defendant denies the allegations of Paragraph 1 of this Count.

2.    Defendant denies the allegations of Paragraph 2 of this Count and all subparagraphs thereof.

3.    Defendant denies the allegations of Paragraph 3 of this Count.

4.    Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of this Count, and therefore Defendant makes no answer thereto.

5.    The applicability of 740 ILCS 180/0.01 et seq. is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto.

**WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XIV

1.-3.    Defendant restates his answers to Paragraphs 1-3 of Count XIII as Paragraphs 1-3 of this Count.

4.    Defendant denies the allegations of Paragraph 4 of this Count.

5.    To the extent that Paragraph 7 of this Count contains allegations against William Geary, deceased, Defendant denies the allegations.  Defendant further answers that the application of 755 ILCS 5/27-6 is a question of law to be determined by this Court, and therefore Defendant makes no answer to Plaintiff's allegations regarding the applicability of that statute.

**WHEREFORE,** Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XV

1.-3.    Defendant restates his answers to Paragraphs 1-3 of Count XIII as his answers to Paragraphs 1-3 of this Count.

4.    Defendant denies the allegations of Paragraph 4 of this Count.

5.    Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and therefore Defendant makes no answer thereto.

**WHEREFORE,** Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's Complaint is barred by the applicable statute of repose or statute of limitations.

### Third Defense

The injuries allegedly sustained by Plaintiff's decedent, if any, were proximately caused by his free and voluntary acts of knowingly and voluntarily placing himself in a position of danger and thus assuming the risks ordinarily incident to such acts.

### Fourth Defense

The negligent acts or omissions of Plaintiff's decedent were the sole proximate cause or a proximate contributing cause of the injuries and damages of which Plaintiff complains.

### Fifth Defense

Plaintiff's decedent's own negligent conduct was more than 50 percent responsible for his alleged injuries, and therefore Plaintiff is not entitled to recovery against this Defendant.

### Sixth Defense

The sole proximate cause of Plaintiff's decedent's alleged injuries was the acts or omissions of persons, corporations or entities other than this Defendant.

### Seventh Defense

If Plaintiff's decedent suffered damages as a result of the allegations set forth in the Complaint, then those damages were the result of intervening or superseding acts or omissions of persons other than Defendant.

## Eighth Defense

Defendant adopts and asserts any defenses raised or asserted by other defendants to this action.

## Ninth Defense

Defendant reserves the right to assert any additional defenses which it may learn through discovery.

Respectfully Submitted,

Peter F. Higgins

Attorney for Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased.

LIPKIN & HIGGINS
222 N. LaSalle St Ste 2100
Chicago Illinois, 60601
Firm Id. 38968

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| IDA TREVINO, Individually and as<br>Special Administrator of the Estate of<br>GREGORIO TREVINO, JR., deceased<br>And as Next Friend of SARAH RENE<br>TREVINO and ANGELA KRISTIN<br>TREVINO, minors, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | Case No. |
| U-HAUL COMPANY OF ILLINOIS, INC.,<br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF ARIZONA, INC.,<br>U-HAUL COMPANY OF FLORIDA, INC.,<br>U-HAUL LEASING & SALES CO.,<br>U-HAUL COMPANY OF OREGON,<br>U-HAUL COMPANY OF NORTH CAROLINA<br>GENERAL MOTORS CORPORATION, and<br>JEFFREY CROOK, as Special Administrator<br>Of The Estate of WILLIAM GEARY, deceased | ) ) ) ) ) ) ) ) ) ) ) ) | Calendar/Room<br><br>JURY DEMAND |
| Defendants. | ) | |

## AFFIDAVIT

I, Peter F. Higgins, being first duly sworn on oath, depose and state that I am an attorney for Jeffrey Crook, as Special Administrator of the Estate of William Geary, and that I am informed as to the allegations for which Jeffrey Crook, as Special Administrator of the Estate of William Geary, has answered that there is insufficient knowledge to form a belief as to the truth or falsity of the allegations of the Complaint at Law that Jeffrey Crook, as Special Administrator of the Estate of William Geary, in fact lacks such information, and that I believe said allegations of insufficient knowledge are true.

_____
Peter F. Higgins

Subscribed and sworn to
before me this _18_ day
of _April_, 2008.

_____
Notary Public

OFFICIAL SEAL
SANDRA PELLECER
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:10/26/11

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

GREGORIO TREVINO, Special Administrator )
of the Estate of GREGORIO TREVINO, JR., )
deceased, )
        Plaintiffs, )
                                )
        vs. )     NO.
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC. and )
ROGER D. GEARY, )
                                )
        Defendants. )

### ORDER

THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator to Serve as Defendant, and it being represented that JANET M. DEUTSCH is legally competent to act as Special Administrator;

IT IS HEREBY ORDERED that JANET M. DEUTSCH is appointed Special Administrator to serve as Defendant for all purposes relating to this lawsuit.

ENTER:

Dated at Chicago, Illinois this
_____ day of January, 2008.

_____

DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

**ENTERED**
JUDGE WILLIAM D. MADDUX-1559

JAN 2 4 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK_____


**EXHIBIT**
B