# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, | ) ) ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No. 08-CV-2255 Judge Gettleman |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., UHAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFERY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased, Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) | |

-----------------------------------------------------------------------------------------------------

| | | |
|---|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | ) ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 08-CV-1409 Judge Dow |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, | ) ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF IDA TREVINO'S OPPOSITION TO DEFENDANT U-HAUL INTERNATIONAL, INC.'S MOTION TO REASSIGN CASE TO JUDGE DOW

## INTRODUCTION

Plaintiff Ida Trevino, by her attorneys, Schiff Hardin LLP, opposes the motion of Defendants U-Haul International, Inc. and U-Haul Company of Illinois, Inc. to reassign her case, No. 08-CV-2255, now pending before Judge Gettleman, to Judge Dow as a "related" case to No. 08-CV-1409. In support thereof, Plaintiff states the following:

## BACKGROUND

On April 21, 2006, Gregorio Trevino, Jr. was killed when a rented U-Haul moving truck, driven by Illinois resident William Geary, crossed the median and crashed into the tractor-trailer driven by Mr. Trevino, Jr. Both vehicles immediately caught fire and both drivers died in the inferno, as did Mr. Geary's passenger. Gregorio Trevino, Jr. left a widow, Ida Trevino, and two minor children, Sara Rene and Angela Kristen Trevino (hereinafter "Plaintiff" or "Mrs. Trevino").

On January 24, 2008, without receiving consent from or giving notice to Gregorio Trevino, Jr.'s widow, Mrs. Trevino, Gregorio Trevino, Sr. sued U-Haul International, Inc., U-Haul of Company of Illinois, Inc., and Roger D. Geary (William Geary's step-son, a Tennessee resident) in the Circuit Court of Cook County. *See* Ex. A, Complaint in No. 08-L-0841. This three-count complaint alleged negligence claims against each defendant, and attached an order purportedly appointing Gregorio Trevino, Sr. as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and an order appointing Janet M. Deutsch as "Special Administrator to serve as Defendant for all purposes

relating to this lawsuit." *See* Ex. A.  That suit incorrectly states that Mr. Trevino, Sr. and his wife are the sole heirs of Gregorio Trevino, Jr.  Defendants U-Haul International, Inc. and U-Haul Company of Illinois, Inc. removed No. 08-L-0841 to the Northern District of Illinois on March 10, 2008, where it is currently pending in front of Judge Dow as No. 08-CV-1409.  Gregorio Trevino, Sr. did not seek remand, thereby consenting to have his case heard in federal court.

On April 18, 2008, Mrs. Trevino, in her individual capacity and as Special Administrator of her deceased husband's estate, and as the representative of Gregorio Trevino, Jr.'s two minor children, sued U-Haul Company of Illinois, Inc., U-Haul International, Inc., U-Haul Company of Arizona, Inc., U-Haul Company of Florida, Inc., U-Haul Leasing & Sales Co., U-Haul Company of Oregon, Inc., U-Haul Company of North Carolina, Inc., General Motors Corporation, and Jeffery Crook, as Special Administrator of the Estate of William Geary, deceased.

Gregorio Trevino, Jr.'s widow, Mrs. Trevino, chose to file her complaint in the Circuit Court of Cook County.  *See* No. 08-L-4269, attached as Ex. B.  Her 15-count complaint alleged that the U-Haul Defendants and General Motors sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed the subject U-Haul in a defective and unreasonably dangerous condition, and are  liable under theories strict liability, negligence, and willful and wanton conduct pursuant to the Illinois Wrongful Death Act, the Survival Act, and the Family Expense Act.  *See* Ex. B.  Mrs. Trevino's

complaint further alleges that William Geary, deceased, was a resident of Illinois at the time of his death, and that William Geary is liable for Gregorio Trevino, Jr.'s death under theories of negligence and willful and wanton conduct.  *See* Ex. B.  Jeffery Crook, who was appointed Special Administrator of William Geary's estate, was served with summons and the complaint and filed an answer and appearance before the U-Haul Defendants improperly removed Mrs. Trevino's suit to federal court on April 24, 2008.  Despite their improper removal of Mrs. Trevino's state court case and their currently pending motion asserting that Mrs. Trevino is the proper party to seek recovery for her husband's wrongful death, *see* Ex. C, U-Haul Defendants' Mem. in Support of Mot. to Dismiss Plaintiff's Complaint for Lack of Standing, the U-Haul Defendants now seek to have Mrs. Trevino's case consolidated with a case they argue should be dismissed.

Mrs. Trevino is the legitimate and proper plaintiff to prosecute claims arising from her husband's death, and her choice of forum and litigation strategy should not be compromised by the fact that another plaintiff, improperly claiming to be the rightful representative of her husband's estate, filed suit without notice to her.

## **ARGUMENT**

### I.     **Standard**

First, to permit all parties to the proceeding to respond to the questions of relatedness and possible reassignment, a motion to reassign "should not

generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved." Local Rule 40.4(c).

Moreover, even where cases are "related," they may be reassigned to another judge only if four requirements are all met: (1) both cases are pending in this Court, (2) the handling of both cases by the same judge is likely to result in a ***substantial saving of judicial time and effort***, (3) the earlier case has not progressed to a point where designating a later filed case as related would be likely to substantially delay the proceedings in the earlier filed case, and (4) the cases are ***susceptible of disposition in a single proceeding***. Local Rule 40.4(b) (emphasis added); *see, e.g., Pena v. Freedom Mortg. Team, Inc.,* No. 07 C 552, 2007 WL 3223394, at *7 (N.D. Ill. Oct. 24, 2007). A motion for reassignment must be denied if the movant fails to satisfy any of these four requirements. *See, e.g., Williams v. Walsh Constr.*, No. 05 C 6807, 2007 WL 178309, at *2 (N.D. Ill. Jan. 16, 2007).

## II.    Mrs. Trevino's Suit Was Improperly Removed to Federal Court and Will Be Remanded to Her Chosen Forum.

Mrs. Trevino does not consent to pursuing her case in federal court, and filed her Motion to Remand on April 28, 2008. As set out in that motion, attached as Ex. D, this case cannot be heard in a federal forum because, prior to U-Haul's filing its notice of removal, Mrs. Trevino properly joined and served the Estate of an Illinois resident, William Geary, as a defendant. *See* Return of Service on Jeffery Crook, attached as Ex. E. Pursuant to 28 U.S.C. § 1441(b), the proper joinder and service of an Illinois defendant makes the case non-

removable.   *See* 28 U.S.C. § 1441(b) (action "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

By contrast, Gregorio Trevino, Sr.'s suit is in federal court to stay.   Mr. Trevino consented to the federal forum, having failed to move for remand within 30 days of removal.   Moreover, U-Haul International and U-Haul of Illinois have filed a motion to dismiss Mr. Trevino's complaint for lack of standing, asserting that Mr. Trevino, Sr. and his wife do not have standing to sue for wrongful death, survival, and family expense claims.   That motion is well-taken.   Mr. Trevino and his wife do not have a cause of action under Illinois law for the death of Gregorio Trevino, Jr., where his widow is actively pursuing such claims.   *See Stephens v. Trinity Med. Ctr.,* 292 Ill. App. 3d 165, 167 (Ill. App. Ct. 3d. Dist. 1997) ("The law of this state is well settled that parents are not found to be the next-of-kin under the [Wrongful Death] Act when the decedent is survived by a spouse and children . . . . Thus, a parent's recovery for damages for loss of society with a child is barred by the Act when the decedent is survived by a wife and children."); *Rodgers v. Consol. R.R. Corp.,* 136 Ill. App. 3d 191, 196 (Ill. App. Ct. 4th Dist. 1985) (holding decedent's parents could not recover funeral expenses under the Survival Act or Family Expense Act).   Consequently, the Plaintiffs in No. 08-CV-1409 face an impending motion to dismiss on the basis of standing, which will be dispositive of all their claims and likely will result in the outright dismissal of that suit. Therefore, because Mrs. Trevino's case must be remanded to state court, the U-

Haul Defendants cannot meet their burden of showing either a "substantial savings of judicial time and effort" or that both cases are "susceptible of disposition in a single proceeding."   For this reason alone, the U-Haul Defendants' motion to reassign must be denied.

### III.   Reassignment of No. 08-CV-2255 Case to Judge Dow is Improper under Local Rule 40.4.

While No. 08-CV-1409 and No. 08-CV-2255 arise from the same occurrence – the vehicular accident that killed Mr. Trevino, Jr., on April 21, 2006 – that fact does not mandate reassignment of No. 08-CV-2255, nor does it necessarily make reassignment proper.  U-Haul has failed to carry its burden of showing that the reassignment satisfies all four requirements of Rule 40.4(b).  *See Goldhamer v. Nagode,* No. 07 C 5286, 2007 WL 4548228, at *3 (N.D. Ill. Dec. 20, 2007) (noting party seeking reassignment has burden of satisfying Rule 40.4's "stringent criteria" to qualify for case reassignment).

First, U-Haul improperly filed this Motion to Reassign before all defendants in No. 08-CV-2255 had the opportunity to answer or otherwise plead, in violation of Local Rule 40.4(c).  *See* Local Rule 40.4(c) ("In order that all parties to a proceeding be permitted to respond on the questions of relatedness and possible reassignment, such motions should not generally be filed until after the answer or motions in lieu of answer have been filed in each of the proceedings involved.").  U-Haul International and U-Haul of Illinois are the only entities that are currently named as Defendants in both No. 08-CV-1409 and No. 08-CV-2255.  Although Plaintiff in No. 08-CV-1409 has moved for leave to file an amended complaint adding several Defendants who are

named in No. 08-CV-2255, that complaint has not yet been filed and those defendants have not yet been served with the amended complaint.[1] Further, at least one defendant, General Motors, has yet to answer or appear in No. 08-CV-2255. The interests of a defendant who has not yet answered will be compromised by decision on this issue prior to its involvement in the case. U-Haul's failure to comply with this provision of Local Rule 40.4(c) is another reason its motion to reassign should be denied.

Second, U-Haul has not shown that Judge Dow's handling of both cases will result in a substantial saving of time and judicial resources. A party seeking reassignment has the burden of pointing out specific and substantial savings in time and judicial resources that will be achieved by reassignment; it cannot meet this burden by merely asserting that some time and resources will be conserved. *Williams,* 2007 WL 178309, at *2. As discussed below, these two cases will require different legal findings, defenses, or summary judgment motions, making it unlikely that reassignment will result in a substantial judicial savings. *See id.* Further, where, as here, when one case is potentially facing transfer to another type of court, and it is "not clear when the claims will be adjudicated or by whom," judicial resources are not conserved by reassignment because, after the suit is transferred, the cases "will still tax the resources of two different judges." *Pena,* 2007 WL 3223394 at *7 (where

---

[1] In addition, Mr. Trevino, Sr.'s claims against at least some of the new defendants he seeks to add likely would be barred by the statute of limitations, leading to briefing and dispositive motions on an issue in No. 08-CV-1409 that is non-existent in No. 08-CV-2255.

parties were briefing motion to transfer case to bankruptcy court, reassignment of that case denied because cases would still require two judges if transfer granted). These two cases "do not involve complex issues of law with multiple parties that warrant reassignment to promote judicial economy," and thus reassignment should not be granted. *See Davis v. Quebecor World,* No. 01 C 8014, 2002 WL 27660, at *4 (N.D. Ill. Jan. 10, 2002). Here, Mrs. Trevino's case must be remanded to Cook County Circuit Court and, therefore, U-Haul cannot meet its burden of demonstrating that substantial resources will be saved by reassignment.

Lastly, U-Haul has not demonstrated that these cases are susceptible of disposition in a single proceeding. Where a finding in one case would not be dispositive of issues in the other case, the cases are not "susceptible of determination in a single proceeding." *Donahue v. Elgin Riverboat Resort,* No. 04 C 816, at * 2 (N.D. Ill. Sept. 28, 2004); *cf. Fairbanks Capital,* No. 02 C 3930, 2002 WL 31655277, at *3 (N.D. Ill. Nov. 25, 2002) (cases susceptible of determination in a single proceeding where resolution of an issue would be outcome-determinative in all, no matter which way the issue is resolved).

Although U-Haul contends that the "the defenses are expected to be identical," Mot. to Reassign ¶ 15, a brief evaluation of the issues and defenses raised in each case shows this is not so. At this point, the issues in No. 08-CV-1409 include: whether Mr. Trevino, Sr. and his wife have standing to sue for their son's death, and whether, if they do have such a cause of action, their claims are nevertheless barred by the statute of limitations as to the

defendants they seek to add in their amended complaint. A decision on either of the above issues in No. 08-CV-1409 would be outcome-determinative and potentially dispositive of that entire case. Further, Mr. Trevino, Sr. and his wife concede the propriety of a federal forum for their claims. Comparatively, the issues presented to Judge Gettleman in No. 08-CV-2255 are substantially different and at this point are limited to the narrow, non-dispositive issue of U-Haul's improper and procedurally defective removal of Mrs. Trevino's case, mandating remand to state court. Mrs. Trevino vigorously contests the propriety of the removal, and will not consent to prosecuting her claims in a federal forum.

Where, as here, each case involves a dominant unique characteristic of law or fact, the cases are "rarely susceptible to disposition in a single proceeding." *Williams,* 2007 WL 178309, at *2. Further, these two straightforward personal injury cases do not involve the "complex issues of law" that warrant reassignment to promote judicial economy, *see Quebecor World,* 2002 WL 27660, at *4, and reassignment would only complicate the progress of both cases.

## **CONCLUSION**

These two cases are progressing rapidly towards very different futures, making reassignment futile, let alone proper. While No. 08-CV-1409 is soon headed for outright dismissal, No. 08-CV-2255 is headed back to state court, its proper forum. As not all defendants in No. 08-CV-2255 have been given an

opportunity to respond to U-Haul's attempt to reassign that case, and because the issues in No. 08-CV-2255 differ substantially from those in No. 08-CV-1409, U-Haul has failed to satisfy its burden to show that No. 08-CV-2255 should be reassigned to this Court, and accordingly, its motion to reassign must be denied.

Dated:      April 30, 2008

Respectfully submitted,

By:  /s/ Darren VanPuymbrouck

Darren VanPuymbrouck
Renee C. Kelley
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel:    (312) 258-5500
Fax:   (312) 258-5600

OF COUNSEL:
James F. Perrin
State Bar No. 24027611
Paula A. Wyatt
State Bar No. 10541400
4825 Everhart Road
Corpus Christi, Texas  78411
Tel:    (361) 857-2727
Fax:   (361) 857-8783

ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of April, 2008, a copy of the foregoing Plaintiff's Opposition To Defendant U-Haul International, Inc.'s Motion To Reassign Case To Judge Dow was served via the Court's CM/ECF system, to the following counsel:

Dmitry Shifrin
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago IL 60601
Attorney for Defendants:
U-Haul Company of Illinois, Inc.,
U-Haul International, Inc.,
U-Haul Company of Arizona, Inc.,
U-Haul Company of Florida, Inc.,
U-Haul Leasing & Sales Co.,
U-Haul Company of Oregon, Inc.
U-Haul Company of North Carolina, Inc.

Peter F. Higgins
LIPKIN & HIGGINS
222 N. LaSalle St., Suite 2100
Chicago IL 60601
Attorney for Jeffery Crook, as Special Administrator of the Estate of William Geary

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago IL 60602
Attorney for Gregorio Trevino, Sr.

/s/ Darren VanPuymbrouck

Attorney for Plaintiff

SCHIFF HARDIN LLP
6600 Sears Tower
Chicago IL 60606

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

GREGORIO TREVINO, Special Administrator )
of the Estate of GREGORIO TREVINO, JR., )
deceased, )
                       )
      Plaintiff, )                2008L000841
                       )                CALENDAR/ROOM E
vs. )    NO.     TIME 00:00
                       )                PI Motor Vehicle
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC. and )
ROGER D. GEARY, )
                       )
      Defendants. )

## COMPLAINT AT LAW

## COUNT I

    Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO

TREVINO, JR., deceased, and ORALIA TREVINO, (hereinafter "PLAINTIFFS"), by and through

their attorneys, SALVI SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, U-

HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC. (hereinafter "U-HAUL

DEFENDANTS"), ROGER D. GEARY, and each of them, state:

    1.    On and before April 21, 2006, GREGORIO TREVINO, JR. was a citizen of the

State of Texas.

    2.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF

ILLINOIS, was an Illinois Corporation with its principal place of business in Illinois.



**EXHIBIT**

tabbies®

1

3.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL INTERNATIONAL, INC., was a Nevada Corporation with its principal place of business in Arizona.

4.    On and before April 21, 2006, and at all times material, Defendant, ROGER D. GEARY, was an individual residing in Tennessee.

5.    JANET M. DEUTSCH, Special Administrator of the Estate of William Geary, deceased, has been appointed Special Administrator of the Estate of William Geary for purposes of naming a proper party defendant for this litigation. Attached hereto as Exhibit "B" is a copy of the order entered by the Circuit Court of Cook County appointing Janet Deutsch as Special Administrator of the Estate of William Geary, deceased.

6.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF ILLINOIS, was engaged in the business of renting out, maintaining, storing, distributing, and selling certain types of moving vehicles, including the box type moving vehicle involved in this accident.

7.    On and before April 21, 2006, and at all times material, Defendant, U-HAUL OF ILLINOIS, conducted business in Cook County, Illinois, which included marketing, servicing, and renting out its products, including the box type moving van involved in this accident, in Cook County, Illinois.

8.    On information and belief, U-HAUL INTERNATIONAL owned the 2006 General Motors C5C042 box type moving van (VIN 1GDG5C1E35F903934) (hereinafter "the moving van") and had responsibility for assuring the van was properly maintained and serviced.

2

9.      Prior to April 21, 2006, Defendant, U-HAUL OF ILLINOIS, was required to maintain, service and rent out the moving van.

10.     Prior to April 21, 2006, the Defendant, William J. Geary, deceased, resided in Chicago, Illinois.

11.     On April 21, 2006, William J. Geary was driving the moving van northbound on Interstate Highway 65 in Kentucky. As Mr. Geary was proceeding on the roadway, he lost control of the moving fan and crossed the median into oncoming traffic.

12.     On April 21, 2006, GREGORIO TREVINO, JR. was driving southbound on Interstate 65 in Kentucky in his tractor-trailer combination.

13.     On April 21, 2006, without warning, the moving van driven by William Geary traveling northbound on Interstate 65 crossed the median and slid across the interstate in front of GREGORIO TREVINO, JR.'s vehicle and caused a collision between their two vehicles.

14.     On April 21, 2006, GREGORIO TREVINO, JR. and William J. Geary died as a result of the subject collision and resulting fire on Interstate Highway 65 in Kentucky.

15.     Prior to April 21, 2006, and at all times material, U-HAUL INTERNATIONAL INC. and U-HAUL COMPANY OF ILLINOIS were engaged in a joint enterprise, joint venture, or some mutually beneficial working arrangement for a common business purpose.

16.     On April 21, 2006, at the time of the accident, U-HAUL INTERNATIONAL INC. and U-HAUL COMPANY OF ILLINOIS were jointly responsible for marketing, maintaining, servicing and renting out the moving van that was involved in the subject accident..

3

17.    On and before April 21, 2006, and at all times material, Defendants, U-HAUL INTERNATIONAL INC., U-HAUL COMPANY OF ILLINOIS, and William J. Geary, and each of them, were negligent in one or more of the following aspects:

(a)    Failed to maintain the U-HAUL moving van in a good, working condition;

(b)    Failed to properly maintain the van's braking system and brakes;

(c)    Failed to enforce and/or follow internal guidelines for proper maintenance of the van and the van's braking system;

(d)    Failure to ensure that the van was in proper working condition prior to embarking on the trip that resulted in the incident;

(e)    Failure to maintain a proper lookout;

(d)    Operated the van at speeds that were too fast for the presenting conditions;

(f)    Failed to control the van after a mechanical failure;

(e)    Rented a vehicle to the public that was improperly maintained.

18.    As a proximate result of one or more of the aforesaid negligent acts or omissions of the Defendants, GREGORIO TREVINO, JR. sustained injuries which resulted in his death.

19.    At the time of his death, GREGORIO TREVINO, JR., deceased, left surviving him his father, GREGORIO TREVINO, and his mother, ORALIA TREVINO, who have been deprived of his love, affection and society.

20.    GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 740 ILCS 180/1, 180/2, and 180/2.1, commonly referred to as the Wrongful Death Act (Attached hereto as Exhibit "A" is a copy of

4

an Order entered in the Circuit Court of Cook County appointing GREGORIO TREVINO as the Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased).

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT II
### (Negligence/Survival Action)

Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and ORALIA TREVINO, (hereinafter "TREVINO"), by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC. (hereinafter "U-HAUL DEFENDANTS"), ROGER D. GEARY, and each of them, state:

1-18. Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, restates, realleges and incorporates by reference paragraphs 1 through 17, including all subparagraphs, of Count I, as and for paragraphs 1 through 17 of Count II.

19. As a proximate result of one or more negligent acts of the aforementioned Defendants, GREGORIO TREVINO, JR. sustained conscious pain and suffering and disability prior to his death, and had he survived, he would have been entitled to bring an action for such injuries.

20.     Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 755 ILCS 5/27-6, commonly referred to as the "Survival Act."

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

## COUNT III
### (Negligence/Family Expense Act)

Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and ORALIA TREVINO, (hereinafter "TREVINO"), by and through their attorneys, SALVI, SCHOSTOK & PRITCHARD P.C., and complaining of Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC. (hereinafter "U-HAUL DEFENDANTS"), and ROGER D. GEARY, and each of them, state:

1-18.     Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, restates, realleges and incorporates by reference paragraphs 1 through 17, including all subparagraphs, of Count I, as and for paragraphs 1 through 17 of Count III.

19.     That as a result of the death of GREGORIO TREVINO, JR., deceased, certain medical, funeral and burial expenses were incurred for which the Estate of GREGORIO TREVINO, JR., deceased, is liable.

6

20.     Plaintiff, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, brings this action pursuant to 750 ILCS 65/15, commonly referred to as the "Family Expense Act" (attached hereto as Exhibit "A" as evidence of his right to bring this action is a copy of the Order issued by the Circuit Court of Cook County).

WHEREFORE, GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, demands judgment against the Defendants, U-HAUL COMPANY OF ILLINOIS, U-HAUL INTERNATIONAL, INC., and ROGER D. GEARY, and each of them, in a sum of money in excess of $50,000.00, together with the costs of this action.

### PLAINTIFF DEMANDS TRIAL BY JURY

SALVI, SCHOSTOK & PRITCHARD P.C.

By: _____
    Donald R. McGarrah, Attorney for Plaintiff

DONALD R. MCGARRAH – ARDC #3123480
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

STATE OF ILLINOIS )
               ) SS
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GREGORIO TREVINO, Special Administrator | ) | |
| of the Estate of GREGORIO TREVINO, JR., | ) | |
| deceased, | ) | |
|       Plaintiffs, | ) | |
| | ) | |
|    vs. | ) | NO. |
| U-HAUL COMPANY OF ILLINOIS, INC., | ) | |
| U-HAUL INTERNATIONAL, INC. and | ) | |
| ROGER D. GEARY, | ) | |
| | ) | |
|      Defendants. | ) | |

### ORDER

THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and it being represented that GREGORIO TREVINO is legally competent to act as Administrator;

IT IS HEREBY ORDERED that GREGORIO TREVINO is appointed Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, for the purpose of prosecuting a cause of action for all purposes relating to this lawsuit.

ENTER:

Dated at Chicago, Illinois this
_____ day of January, 2008.

DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227



ENTERED
JUDGE WILLIAM D. MADDUX•1559
JAN 2 4 2008
DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK



EXHIBIT
A

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

GREGORIO TREVINO, Special Administrator    )
of the Estate of GREGORIO TREVINO, JR.,    )
deceased,                                  )
      Plaintiffs,                         )
                                           )
      vs.                                )    NO.
U-HAUL COMPANY OF ILLINOIS, INC.,          )
U-HAUL INTERNATIONAL, INC. and             )
ROGER D. GEARY,                            )
                                           )
      Defendants.                         )

## ORDER

    THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator to Serve as Defendant, and it being represented that JANET M. DEUTSCH is legally competent to act as Special Administrator;

    IT IS HEREBY ORDERED that JANET M. DEUTSCH is appointed Special Administrator to serve as Defendant for all purposes relating to this lawsuit.

ENTER:

Dated at Chicago, Illinois this
_____ day of January, 2008.

    **ENTERED**
    JUDGE WILLIAM D. MADDUX•1559

    JAN 2 4 2008

    DOROTHY BROWN
    CLERK OF THE CIRCUIT COURT
    OF COOK COUNTY, IL
    DEPUTY CLERK

DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

**EXHIBIT**
B

Firm I.D. 90219

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION**



| | |
|---|---|
| IDA TREVINO, Individually and as<br>Special Administrator of the Estate of<br>GREGORIO TREVINO, JR., deceased<br>And as Next Friend of SARAH RENE<br>TREVINO and ANGELA KRISTIN<br>TREVINO, minors, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiffs, | ) |
| v. | )<br>) |
| U-HAUL COMPANY OF ILLINOIS, INC.,<br>U-HAUL INTERNATIONAL, INC.,<br>U-HAUL COMPANY OF ARIZONA, INC.,<br>U-HAUL COMPANY OF FLORIDA, INC.,<br>U-HAUL LEASING & SALES CO.,<br>U-HAUL COMPANY OF OREGON,<br>U-HAUL COMPANY OF NORTH CAROLINA<br>GENERAL MOTORS CORPORATION, and<br>JEFFREY CROOK, as Special Administrator<br>Of The Estate of WILLIAM GEARY, deceased | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

Case No.

Calendar/Room

JURY DEMAND

2008L004269
CALENDAR/ROOM O
TIME 00:00
Product Liability

## COMPLAINT AT LAW AND JURY DEMAND

COMES NOW, IDA TREVINO, Individually and as Special Administrator of the Estate

of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARAH RENE TREVINO

AND ANGELA KRISTIN TREVINO, minors, hereinafter referred to individually or jointly as

"Plaintiffs," complaining of Defendants U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL

INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY

OF FLORIDA, INC., U-HAUL LEASING & SALES CO., U-HAUL COMPANY OF

OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS

CORPORATION, and JEFFERY CROOK, as Special Administrator of the Estate of WILLIAM

GEARY, deceased, hereinafter referred to collectively as "Defendants," and would respectfully show the court and jury as follows:

**PARTIES**

1.  Plaintiff, IDA TREVINO, is the surviving spouse of GREGORIO TREVINO, JR., deceased, and is a resident of Uvalde County, Texas. Plaintiff IDA TREVINO is the natural parent and next friend of minors SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, daughters of GREGORIO TREVINO, JR., deceased. Plaintiffs and GREGORIO TREVINO, JR., deceased, were residents of Zavala County, Texas at the time that this cause of action accrued.

2.  Plaintiff, IDA TREVINO, was granted Letters Testamentary of the Estate of Gregorio Trevino Jr., Deceased as the "qualified Independent Executrix" of that estate on April 17, 2007. See Ex. A attached hereto, Letters Testamentary issued by the Clerk of Zavala County, Texas dated April 17, 2007

3.  Plaintiff, IDA TREVINO, has also been appointed Representative of the Estate of GREGORIO TREVINO, JR., deceased, for purposes of prosecuting this cause of action in Cook County Illinois. *See* Ex. B attached hereto, Order of the Circuit Court of Cook County, Law Division.

4.  JEFFREY CROOK has been appointed Special Administrator of the Estate of William Geary for purposes of naming a proper party defendant for this litigation. See Ex. C attached hereto, Order of Circuit Court of Cook County, Law Division.

5.  Defendant, U-HAUL COMPANY OF ILLINOIS, INC. ("UHCI") is a corporation registered in the State of Illinois with its principal place of business in Illinois. Defendant

- 2 -

UHCI may be served through its agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604. UHCI is a citizen of Illinois for diversity purposes.

6.  Defendant, U-HAUL INTERNATIONAL, INC. ("UHI") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHI may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

7.  Defendant, U-HAUL COMPANY OF ARIZONA ("UHCA") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHCA may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

8.  Defendant, U-HAUL COMPANY OF FLORIDA ("UHCF") is a corporation registered in the State of Florida and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHCF may be served by service on its registered agent, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

9.  Defendant U-HAUL LEASING & SALES CO. ("UHLSC") is a Nevada corporation and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHLSC may be served by service on its registered agent, Corporation Trust Company of Nevada, 6100 Neil Road, Suite 500, Reno, Nevada, 89511.

10. Defendant U-Haul Company of Oregon ("UHCO") is a corporation registered in the State of Oregon and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHCO may be served by service on its registered agent, CT Corporation Systems, 388 State Street, Suite 420, Salem, Oregon  97301 or at its principal place of business at 8816 SE Foster Road., Portland, Oregon 97266.

11.    Defendant U-Haul Company of North Carolina, Inc. ("UHCNC") is a corporation registered in the State of North Carolina and is or was at all times pertinent hereto doing business within the State of Illinois. Defendant UHCNC may be served by service on its registered agent, CT Corporation Systems, 225 Hillsborough Street, Raleigh, North Carolina 27603, or on its President, Jeff Will at 6216 Albemarle Road, Charlotte, North Carolina 28212.

12.    Defendant GENERAL MOTORS CORPORATION ("GM") is a Delaware corporation, which is and/or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant GM may be served by service on its registered agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

13.    Hereinafter the "GM/U-HAUL DEFENDANTS" refers to UHCI, UHI, UHCA, UHCF, UHLSC, UHCO, UHCNC, and GM.

14.    Defendant JEFFREY CROOK is named in his capacity as Special Administrator of the Estate of WILLIAM GEARY, deceased, for purposes of naming a proper party defendant to this litigation. At the time of the incident from which this claim arises, and at the time of his death, WILLIAM GEARY, deceased, was an individual residing in Chicago, Illinois. Pursuant to 28 U.S.C. § 1332(c) (2), WILLIAM GEARY, deceased, is a citizen of Illinois for diversity purposes.

### JURISDICTION AND VENUE

15.    The Circuit Court of Cook County, Illinois has jurisdiction over this case under 735 ILCS 5/2-209(b)(3) in that Defendant UHCI is a corporation organized under the laws of Illinois, under 735 ILCS 5/2-209(b)(4) in that Defendants UHI, UHCA, UHCF, UHLSC, UHCO, UHCNC, and GM conduct ongoing business operations in Illinois, and under 735

- 4 -

ILCS 5/2-209(b)(4) in that WILLIAM GEARY, deceased, was a natural person domiciled in Illinois when this cause of action arose and at the time of his death.

16. Venue is proper in the Circuit Court of Cook County, Illinois under 735 ILCS 5/2-101 in that Cook County, Illinois was the county of residence of WILLIAM GEARY, deceased, at the time of his death. Venue is also proper under 735 ILCS 5/2-102(a) in that Cook County, Illinois, is the county of residence of Defendants UHCI and GM.

### FACTS COMMON TO ALL COUNTS

17. This action arises from the death of GREGORIO TREVINO, JR., deceased, on April 21, 2006. Plaintiff IDA TREVINO is the surviving wife of Decedent GREGORIO TREVINO, JR., deceased, and was at all relevant times the lawful wife of Decedent. SARAH RENE TREVINO and ANGELA KRISTIN TREVINO are the daughters of GREGORIO TREVINO JR., deceased. Plaintiff IDA TREVINO brings this suit individually, on behalf of the Estate of GREGORIO TREVINO, JR., deceased, and on behalf of the next of kin of the Decedent, who died intestate.

18. On April 21, 2006, WILLIAM GEARY, deceased, was driving a 2005 U-Haul moving van manufactured by the GM/U-HAUL DEFENDANTS, Model No. C5C042, VIN No. ˈ1GDG5C1E35F903934 (the "U-Haul"), northbound at the 12.5 mile post of Highway I-65 when the subject U-Haul began skidding, then crossed over both northbound lanes. The subject U-Haul entered the median in a westbound slide. The subject U-Haul then exited the median and entered the southbound lanes traveling in a westbound direction and struck an RBX tractor-trailer being driven by Corey Hill. Mr. Hill was able to continue southbound and pull to the shoulder. After glancing off the side of Mr. Hill's tractor-trailer, the subject U-Haul continued northbound in the southbound lanes. The

subject U-Haul then violently struck head-on the 2000 Great Dane tractor-trailer vehicle driven by GREGORIO TREVINO, JR., deceased.  Immediately following impact, the subject U-Haul and the Great Dane tractor-trailer burst into flames.  The RBX tractor-trailer also ignited.  GREGORIO TREVINO, JR., deceased, WILLIAM GEARY, deceased, and his passenger, Ms. Santiago, were unable to escape the flames and all three of them perished in the fire.  Decedent GREGORIO TREVINO, JR., deceased, suffered excruciating pain and suffering before he died on April 21, 2006.

19.    At the time of his death, GREGORIO TREVINO, JR., deceased, was 32 years old and in good health.

20.    As a direct and proximate result of the defective products and of the acts of omission and commission of the Defendants, their agents, servants, representatives and/or employees, acting within the course and scope of their employment and as described herein above, GREGORIO TREVINO, JR., deceased, suffered excruciating pain and mental anguish and other resulting damages prior to his death, including reasonable and necessary medical and health care expenses incurred prior to his death.

21.    By reason of said Defendants' conduct and the resulting death of GREGORIO TREVINO, JR., deceased, the Estate of GREGORIO TREVINO, JR., deceased, incurred reasonable and necessary expenses for the funeral service and burial, all to the damage of the Estate, which is entitled to recover for these injuries and damages in an amount in excess of this Court's minimum jurisdictional limits.

22.    Because of the untimely death of GREGORIO TREVINO, JR., deceased, IDA TREVINO, individually and as next friend of SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, minor children of GREGORIO TREVINO, JR., deceased, as well

- 6 -

as the parents of GREGORIO TREVINO, JR., deceased, have suffered mental anguish, grief, sorrow, mental suffering, and bereavement, loss of companionship, pecuniary contributions and support. Plaintiffs have suffered these and other injuries and damages as a result of the death of GREGORIO TREVINO, JR., deceased, and will continue to suffer such injuries, losses, and damages for the rest of their lives.

**COUNT I:**
**STRICT LIABILITY (GM/U-HAUL DEFENDANTS)**
WRONGFUL DEATH

1.  At all relevant times, the GM/U-HAUL DEFENDANTS were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing moving vans, including the subject U-Haul.

2.  The subject U-Haul as sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS.

3.  The subject U-Haul was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS.

4.  At the time the subject U-Haul was placed into the stream of commerce by the GM/U-HAUL DEFENDANTS, up to the time of the accident, the subject U-Haul was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

5.    The death of GREGORIO TREVINO, JR., and the damages suffered by Plaintiffs, were the direct and proximate result of the subject U-Haul's defective and unreasonably dangerous condition.

6.    Because the GM/U-HAUL DEFENDANTS are in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and similar products, because the GM/U-HAUL DEFENDANTS reaped the profits from the subject U-Haul and similar products, and because the GM/U-HAUL DEFENDANTS placed the subject U-Haul and similar products into the stream of commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Illinois, the GM/U-HAUL DEFENDANTS are liable to Plaintiffs for their injuries and damages under the theory of strict products liability.

7.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

8.    GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

9.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT II:**
**STRICT LIABILITY (GM/U-HAUL DEFENDANTS)**
SURVIVAL ACT

1-7.    The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count II as though fully set forth herein.

8.    As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an unreasonably dangerous and defective condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

9.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT III:**
**STRICT LIABILITY (GM/U-HAUL DEFENDANTS)**

- 9 -

FAMILY EXPENSE ACT

1-7.   The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of Count III as though fully set forth herein.

8.   As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9.   Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT IV:
## NEGLIGENCE (GM/U-HAUL DEFENDANTS)
WRONGFUL DEATH

1.   The GM/U-HAUL DEFENDANTS carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul, including, but not limited to, with regard to its defective and inadequate fuel tank and fuel

delivery system, its breaks, its suspension system, its steering system, and wheel bearings all while in the possession, custody, or control of each of the GM/U-Haul Defendants.

2.     The GM/U-HAUL DEFENDANTS had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.    The GM/U-HAUL DEFENDANTS owed such duty to Plaintiffs' decedent and to the general motoring public.

3.     The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject U-Haul, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.    Such foreseeable ancillary consequences include collisions.

4.     The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.     The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system,

- 11 -

its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

6.    The GM/U-HAUL DEFENDANTS failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

7.    The GM/U-HAUL DEFENDANTS additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject U-Haul, and failed to recall or timely recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

8.    The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs' decedent and the general motoring public.

9.    The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS also represented a deviation from the industry standard of care.

10.    As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

11.    GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the

death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death.

12.     This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT V:
### NEGLIGENCE (GM/U-HAUL DEFENDANTS)
SURVIVAL ACT

1 – 10.  The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count V as though fully set forth herein.

11.     As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

12      Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT VI:
### NEGLIGENCE (GM/U-HAUL DEFENDANTS)
FAMILY EXPENSE ACT

1 -10.  The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of Count VI as though fully set forth herein.

11.  As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

12.  Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT VII:
## WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
### WRONGFUL DEATH

1.  The GM/U-HAUL DEFENDANTS sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul in a manner showing utter indifference and conscious disregard for the welfare of the Plaintiffs and the general motoring public.

2.  The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the fact that the subject U-Haul was defective and unreasonably dangerous for

its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. Such foreseeable ancillary consequences include collisions.

3. The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

4. The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, resulting in GREGORIO TREVIINO, JR., deceased, suffering from injuries which resulted in his death.

5. The GM/U-HAUL DEFENDANTS acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including but not limited to its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings.

6. The GM/U-HAUL DEFENDANTS additionally acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to provide adequate or proper warnings or instructions to users of the subject U-Haul, and by their failure to recall or timely

recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

7.  The aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs and the general motoring public.

8.  As a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

9.  GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

10. This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

### COUNT VIII:
### WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)
SURVIVAL ACT

1 – 8.  The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count VIII as though fully set forth herein.

9.  As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings,

GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT IX:**
**WILLFUL AND WANTON (GM/U-HAUL DEFENDANTS)**
FAMILY EXPENSE ACT

1 – 8.    The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count IX as though fully set forth herein.

9.    As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

10.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT X:**
**NEGLIGENCE (GEARY)**

## WRONGFUL DEATH ACT

1.  At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as not to injure other persons traveling on the highway.

2.  At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such duty and was careless and negligent in one or more of the following ways:

    a.  Negligently operated, managed, maintained, and controlled the subject U-Haul;

    b.  Operated the subject U-Haul without keeping a safe and proper lookout;

    c.  Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

    d.  Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;

    e.  Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which GREGORIO TREVINO, JR., deceased, was driving; and

    f.  Was otherwise careless and negligent.

3.  As a direct and proximate result of one or more of the aforesaid careless and negligent acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

4.  GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

5.      This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XI:**
**NEGLIGENCE (GEARY)**
SURVIVAL ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.      As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

7.      Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

**COUNT XII:**
**NEGLIGENCE (GEARY)**
FAMILY EXPENSE ACT

1 -3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

4.      As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

- 19 -

5.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT XIII:
## WILLFUL AND WANTON (GEARY)
### WRONGFUL DEATH ACT

1.    At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as not to injure other persons traveling on the highway.

2.    At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such duty and acted with utter indifference and conscious disregard for the safety of Plaintiffs and the general motoring public in one or more of the following ways:

   a.   Acted with utter indifference and conscious disregard in his operation, management, maintenance, and/or control of the subject U-Haul;

   b.   Operated the subject U-Haul without keeping a safe and proper lookout;

   c.   Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

   d.   Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;

   e.   Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which GREGORIO TREVINO, JR., deceased, was driving; and

   f.   Was otherwise willful and wanton.

3.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

4.    GREGORIO TREVINO, JR., deceased, has left as his survivors, his wife, Plaintiff IDA TREVINO and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

5.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

### COUNT XIV:
### WILLFUL AND WANTON (GEARY)
SURVIVAL ACT

1 - 3.    The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XIV as though fully set forth herein.

4.    As a direct and proximate result of one or more of the willful and wanton acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

5.    Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages. Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

- 21 -

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

## COUNT XV:
## WILLFUL AND WANTON (GEARY)
### FAMILY EXPENSE ACT

1 - 3. The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XV as though fully set forth herein.

4. As a direct and proximate result of one or more of the willful and wanton acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

5 Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

WHEREFORE, the Plaintiffs demand judgment against the Defendants, jointly and severally, in excess of $50,000, together with the costs of this action, and demand trial by jury.

Respectfully submitted,

By: _Darren VanPuymbrouck_

Darren VanPuymbrouck
Renee C. Kelley
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel:    (312) 258-5500
Fax:    (312) 258-5600

OF COUNSEL:
James F. Perrin
State Bar No. 24027611
Paula A. Wyatt
State Bar No. 10541400
4825 Everhart Road
Corpus Christi, Texas  78411
Tel:    (361) 857-2727
Fax:    (361) 857-8783

ATTORNEYS FOR PLAINTIFFS

CH1\5691341.1

- 23 -

Apr-18-07    09:07am    From-Langley & Banack              8308765451              T-549   P.002/002   F-204

CAUSE NO. 07-04-1516

# ESTATE OF

## GREGORIO TREVINO JR

# LETTERS TESTAMENTARY

## TO

### IDA A. TREVINO

**Issued this 17th day of April, 2007**

| | | |
|---|---|---|
| **STATE OF TEXAS** | § | **IN COUNTY COURT** |
| | § | |
| **COUNTY OF ZAVALA** | § | **COUNTY OF ZAVALA, TEXAS** |
| | § | |

I Oralia G. Trevino, Clerk of the COUNTY COURT of COUNTY OF ZAVALA, Texas do hereby certify that on 04/17/2007,

### IDA A. TREVINO

was duly granted by said court Letters Testamentary of the

### ESTATE OF GREGORIO TREVINO JR, Deceased,

And she qualified as Independant Executrix qualified as Executrix of said Estate on 04/17/2007 of said Estate as the law requires, and said appointment is still in full force and effect.

**WITNESS MY HAND AND SEAL OF SAID COURT**, at Crystal City, Texas.

**Given under my hand and the seal of said court** at the office in Crystal City, Texas, this, the 17th day of April, 2007.

Oralia G. Trevino, COUNTY CLERK
COUNTY OF ZAVALA, TEXAS

SEAL

By: _____
JANIE RODRIGUEZ, CHIEF DEPUTY



Firm I.D. 90219

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| **IDA TREVINO, Individually and as** | ) | |
| **Special Administrator of the Estate of** | ) | |
| **GREGORIO TREVINO, JR., deceased** | ) | |
| **And as Next Friend of SARAH RENE** | ) | |
| **TREVINO and ANGELA KRISTIN** | ) | |
| **TREVINO, minors,** | ) | 2008L004269 |
| | ) | CALENDAR/ROOM D |
| **Plaintiffs,** | ) | TIME 00:00 |
| | ) | Product Liability |
| **v.** | ) | **Case No.** |
| | ) | |
| **U-HAUL COMPANY OF ILLINOIS, INC.,** | ) | **Calendar/Room** |
| **U-HAUL INTERNATIONAL, INC.,** | ) | |
| **U-HAUL COMPANY OF ARIZONA, INC.,** | ) | |
| **U-HAUL COMPANY OF FLORIDA, INC.,** | ) | |
| **U-HAUL LEASING & SALES CO.,** | ) | |
| **U-HAUL COMPANY OF OREGON,** | ) | |
| **U-HAUL COMPANY OF NORTH CAROLINA** | ) | |
| **GENERAL MOTORS CORPORATION, and** | ) | |
| **JEFFREY CROOK, as Special Administrator** | ) | |
| **Of The Estate of WILLIAM GEARY, deceased** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

This Cause coming on to be heard on the Motion of Schiff Hardin LLP to appoint a Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

That IDA TREVINO is appointed as Special Independent Administrator of the Estate of GREGORIO TREVINO, JR. pursuant to 735 ILCS 5/13-209(b)(2) for purposes of prosecuting a wrongful death action.

DATED:_____          ENTER:_____

                                                      JUDGE

Darren VanPuymbrouck
Schiff Hardin LLP                                     **JUDGE DONALD J. SURIANO**
6600 Sears Tower
Chicago, IL 60606                                     APR 1 8 2008
Tel: (312) 258-5500
Fax: (312) 258-5600                                   Circuit Court - 1717
CH1\5682055.1\04.09.08

*Exh. B*

Firm I.D. 90219

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as | ) |
| Special Administrator of the Estate of | ) |
| GREGORIO TREVINO, JR., deceased | ) |
| And as Next Friend of SARAH RENE | ) |
| TREVINO and ANGELA KRISTIN | ) |
| TREVINO, minors, | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | )    Case No. |
| | ) |
| U-HAUL COMPANY OF ILLINOIS, INC., | )    Calendar/Room |
| U-HAUL INTERNATIONAL, INC., | ) |
| U-HAUL COMPANY OF ARIZONA, INC., | ) |
| U-HAUL COMPANY OF FLORIDA, INC., | ) |
| U-HAUL LEASING & SALES CO., | ) |
| U-HAUL COMPANY OF OREGON, | ) |
| U-HAUL COMPANY OF NORTH CAROLINA | ) |
| GENERAL MOTORS CORPORATION, and | ) |
| JEFFREY CROOK, as Special Administrator | ) |
| Of The Estate of WILLIAM GEARY, deceased | ) |
| | ) |
| **Defendants.** | ) |

```
2008L004269
CALENDAR/ROOM D
TIME 00:00
Product Liability
```

## ORDER

    This Cause coming on to be heard on the Motion of Lipkin & Higgins to appoint a Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

    That JEFFREY CROOK is appointed as Special Independent Administrator of the Estate of WILLIAM GEARY for purposes of naming a proper party in a wrongful death action against his Estate pursuant to 740 ILCS 180/2.1.

DATED:_____            ENTER:_____

                                                           JUDGE

Peter F. Higgins
Lipkin & Higgins
222 N. LaSalle Street
Suite 2100
Chicago, IL 60601
Tel: (312) 857-1710
CHI\5694472.1

**JUDGE DONALD J. SURIANO**

APR 18 2008

**Circuit Court - 1717**

*Exh. C*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | ) ) ) ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 08-cv-1409 |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, | ) ) ) ) | Judge Dow |
| Defendants. | ) ) | |

**U-HAUL DEFENDANTS' MEMORANDUM IN SUPPORT OF MOTION TO DISMISS
PLAINTIFF'S COMPLAINT FOR LACK OF STANDING**

Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. (collectively, the "U-Haul Defendants") hereby file their Memorandum in Support of their Motion to Dismiss Plaintiff's Complaint for lack of standing, and state as follows in support:

    **A.**    **The Instant Lawsuit.**

1.    This is the first of two lawsuits filed by two separate sets of plaintiffs against virtually identical defendants and arising out of the same vehicular accident.

2.    On or about January 24, 2008, Gregorio Trevino, in his alleged capacity as special administrator of the Estate of Gregorio Trevino, Jr., deceased ("Plaintiff"), filed this lawsuit in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death, Survival and Family Expense Acts.

3.    Plaintiff's lawsuit is based on his son's fatality resulting from a vehicular accident in Kentucky on or about April 21, 2006 allegedly caused by William Geary. Plaintiff claims William Geary rented the vehicle from the U-Haul Defendants, and that the U-Haul Defendants

were allegedly negligent with respect to the vehicle rented to and driven by William Geary at the time of the accident.

4.     Plaintiff's Complaint fails to indicate that his son purportedly left a wife and children surviving him.

**B.     Ida Trevino's Lawsuit.**

5.     Subsequent to the filing of Plaintiff's Complaint, on or about April 10, 2008, the U-Haul Defendants learned that Ida Trevino filed a complaint in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death, Survival and Family Expense Acts ("Ms. Trevino's First Complaint").

6.     Ms. Trevino claims that Gregorio Trevino, Jr. was her husband and the father of Sara and Angela Trevino.  Ms. Trevino's First Complaint alleges that she is also the special administrator of Gregorio Trevino, Jr.'s estate, and arises from the same vehicular accident underlying Plaintiff's Complaint – *i.e.,* the vehicular accident occurring in Kentucky on or about April 21, 2006 and allegedly caused by William Geary.

7.     U-Haul International, Inc. removed Ms. Trevino's First Complaint on April 14, 2008, which was pending before Judge Gettleman as Case No. 08-cv-2120.  On April 17, 2008, Ms. Trevino voluntarily dismissed her First Complaint.

8.     The following day, on April 18, 2008, Ms. Trevino filed her second complaint in the Circuit Court of Cook County, Illinois, asserting identical allegations against virtually all of the same defendants named in her First Complaint ("Ms. Trevino's Second Complaint").  Ms. Trevino's Second Complaint was removed by U-Haul International, Inc. on April 21, 2008 and is currently pending before Judge Gettleman as Case No. 08-cv-2255.

### C.     Argument.

9.     Plaintiff lacks standing to bring his suit because he has failed to plead any facts to support an injury that can be redressed by the Court.  A plaintiff's complaint will be dismissed for lack of standing if it is clear that no set of facts can support the claim for relief.  *Barner v. City of Harvey*, 1997 WL 139468, *9 (N.D. Ill. Mar. 25, 1997).  It must be likely that plaintiff's injury can be redressed by the Court for him to have standing to bring suit.  *Id.* at *8.  A court will not grant relief unless it will confer some benefit upon plaintiff.  *Smith v. Boyle*, 144 F.3d 1060, 1063 (7th Cir. 1998).

10.     Fed. R. Civ. P. 17 states that a plaintiff's capacity to sue is determined by the law of the state in which the federal court sits.

11.     "The [Illinois' Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*,] is the sole source of determining who may sue [for wrongful death] and under what conditions."  *Mio v. Alberto-Culver Co.*, 715 N.E.2d 309, 312 (2nd Dist. 1999).  The purpose is to compensate the surviving spouse and next of kin for losses sustained due to the decedent's death.  *Id.*; *see also* 740 ILCS 180/2.  If the decedent leaves a surviving spouse and children, the decedent's parents are not considered next of kin and have no standing to recover under the act.  *Id.* at 313; *Rallo v. Crossroads Clinic, Inc.,* 565 N.E.2d 15, 17 (1st Dist. 1991).

12.     Consequently, Plaintiff's wrongful death claim should be dismissed because he is not an appropriate wrongful death beneficiary under the circumstances.  According to Ida Trevino's complaint, she is the surviving spouse of Gregorio Trevino, Jr., who also purportedly left two surviving daughters.  Thus, Plaintiff has no standing to recover in an individual capacity for his own purported loss.

13.     On the other hand, if Plaintiff purports to bring the alleged wrongful death claims on behalf of the appropriate beneficiaries under the Wrongful Death Act (Ida Trevino and her daughters), he still lacks standing.  740 ILCS 180/2.1 states in pertinent part:

> In the event that the only asset of the deceased estate is a cause of action arising under this Act, and no petition for letters of office for his or her estate has been filed, the court, upon motion of any person who would be entitled to a recovery under this Act, and after such notice to the party's heirs or legatees as the court directs, and without opening of an estate, may appoint a special administrator for the deceased party for the purpose of prosecuting or defending the action.

14.     Thus, under the Wrongful Death Act, Plaintiff may be appointed special administrator to pursue claims on behalf of anyone entitled to recover if no petition for letters of office have been filed, and, additionally, the wrongful death beneficiaries move to appoint Plaintiff as special administrator to pursue their claims.

15.     Ida Trevino's complaint asserts that letters of office were filed for Gregorio Trevino, Jr.'s estate in 2007, well before Plaintiff filed his Complaint alleging that he has been appointed special administrator to pursue the wrongful death claims.[1]   Further, Plaintiff's Complaint does not assert that Ida Trevino, as a wrongful death beneficiary, moved to appoint Plaintiff as special administrator to pursue her (or her daughters') claims.  Moreover, it stands to reason that Ida Trevino did not move to appoint Plaintiff as special administrator because she has filed her own suit in which she purports to name herself as special administrator.  For these additional reasons, Plaintiff's appointment as special administrator fails and he lacks standing to bring wrongful death claims in both an individual and representative capacity.

16.     Plaintiff also lacks standing to pursue claims on behalf of Gregorio Trevino, Jr. under the Illinois Survival Act.  Pursuant to 735 ILCS 5/13-209(a)(1), if a cause of action

---

[1]   Moreover, it seems that Plaintiff may have been aware of the issuance of these letters.  Oralia Trevino, who Plaintiff claims is his wife and Gregorio Trevino, Jr.'s mother, purportedly issued the letters to Ida Trevino in Oralia's capacity as clerk of the relevant Texas probate court.

survives a person's death, a special representative may be appointed to pursue the survival claims if no petition for letters of office for the decedent's estate have been filed. Because Ida Trevino claims to have filed letters for Gregorio Trevino, Jr.'s estate in 2007, well before Plaintiff filed his Complaint, his appointment as special administrator fails and he cannot pursue survival claims on behalf of Gregorio Trevino, Jr.'s estate. Moreover, Plaintiff's appointment fails because his Complaint does not allege that he provided notice of his appointment to his son's heirs – Ida and her daughters – as required under the Survival Act, and because Ida Trevino has appointed herself as special administrator to pursue these claims.

17. Finally, Plaintiff lacks standing to bring claims to recoup burial and funeral expenses under the Illinois Family Expense Act. Parents cannot recover expenses paid on behalf of adult children under the Family Expense Act because there is no legally recognized relationship under the act forcing parents to incur those expenses. *Rodgers v. Consolidated Railroad Corp.*, 482 N.E.2d 1080, 1084 (4th Dist. 1985). Moreover, Plaintiff cannot recover burial and funeral expenses in his capacity as special representative of Gregorio Trevino, Jr.'s estate. *Graul v. Adrian,* 205 N.E.2d 444, 446 (Ill. 1965). To the extent these expenses were incurred by Plaintiff, he must bring a claim to recover them in his individual, rather than representative, capacity. *Id.*

**D.     Conclusion.**

18. Plaintiff does not have standing because he does not have a redressable injury in either his individual or representative capacity, and, in addition, a ruling from this Court will not confer any benefit upon him.

WHEREFORE, for all of the foregoing reasons, Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. respectfully request this Court to dismiss Plaintiff's claims under the Illinois Wrongful Death, Survival and Family Expense Acts for lack of standing.

Dated: April 25, 2008

Respectfully submitted,

**U-HAUL INTERNATIONAL, INC.**
**U-HAUL CO. OF ILLINOIS, INC.**

_____s/ Dmitry Shifrin_____
George Jackson III, #6189680
Dmitry Shifrin, #6279415
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

6

### CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of April, 2008, a copy of the foregoing Memorandum in Support of Motion to Dismiss was served via the Court's CM/ECF system, and by hand delivery, to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602

s/ Dmitry Shifrin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

IDA TREVINO, Individually and as Special )
Administrator of the Estate of GREGORIO )
TREVINO, JR., deceased, and as Next )
Friend of SARA RENE TREVINO and )
ANGELA KRISTIN TREVINO, minors, )
                                )
               Plaintiffs, )
                                )
v.                                )     No. 08-CV-2255
                                )
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC., )
UHAUL COMPANY OF ARIZONA, INC., )
U-HAUL COMPANY OF FLORIDA, INC., )
U-HAUL LEASING AND SALES, CO., )
U-HAUL COMPANY OF OREGON, )
U-HAUL COMPANY OF NORTH )
CAROLINA, GENERAL MOTORS )
CORPORATION, and JEFFERY CROOK, )
as Special Administrator of the Estate of )
WILLIAM GEARY, deceased, )
                                )
               Defendants. )

---

## PLAINTIFF'S MOTION TO REMAND AND FOR FEES AND COSTS AND SUPPORTING MEMORANDUM

Plaintiff Ida Trevino, by her attorneys, Schiff Hardin LLP, individually and in her capacity as representative of the Estate of Gregorio Trevino, Jr., hereby moves this Court for an order remanding this case to the Circuit Court of Cook County, pursuant to 28 U.S.C. § 1447(c), and for an award of her fees and costs. In support of her motion, Plaintiff states as follows:

## SUMMARY OF THE ARGUMENT

Contrary to Defendant U-Haul International, Inc.'s ("UHI") assertion, a local defendant in the state court action, Jeffrey Crook ("Mr. Crook"), who was duly appointed as the Special Administrator of the Estate of William Geary, deceased, was, in fact, served with and filed his appearance and answer to the Plaintiff's Complaint before UHI improperly removed this case. *See* Order of Circuit Court appointing Jeffery Crook as the Special Administrator of the Estate of William Geary, attached as Exhibit A; Return of Service on Jeffrey Crook, dated April 18, 2008, attached as Exhibit B; Jeffrey Crook's Appearance and Answer to Plaintiff's Complaint, filed-stamped April 18, 2008, attached as Exhibit C.

Thus, the very cases relied upon by UHI and its own arguments based on 28 U.S.C. § 1441(b) compel a remand of this case. Moreover, because UHI failed to obtain Mr. Crook's consent to its removal of this case, it is procedurally defective and must be remanded for that reason as well.

UHI's claim that Jeffrey Crook was fraudulently joined because Janet M. Deutsch had previously been appointed as the Special Administrator of William Geary's estate is equally flawed. As the operative order reflects, Janet M. Deutsch was not appointed as the Special Administrator of the Estate of William Geary. Rather, Ms. Deustch was appointed as a "Defendant" in a case that did not even name William Geary's Estate as a party. *See* the Circuit Court's Order appointing Janet M. Deutsch as a "Defendant," attached as Exhibit D. Moreover, under Illinois law, a Special Administrator is specially

appointed for the purpose of naming a proper party defendant for the case in which the appointment is made. It does not establish such a Special Administrator as the Executor of the deceased's estate as UHI suggests. Therefore, even if Ms. Deutsch had been appointed as a Special Administrator for William Geary's estate in Gregorio Trevino's case, which she has not, that would not render another individual's appointment in a different case "fraudulent." That UHI failed to even attach a copy of the order, which they characterize incorrectly, or to cite a single case in support of this argument is further proof of its futility. Finally, UHI's canned arguments alleging that U-Haul of Illinois was fraudulently joined simply ignore the specific allegations of Plaintiff's Complaint. Mr. William Geary, as the Complaint alleges, was an Illinois resident to whom U-Haul of Illinois negligently marketed the subject vehicle, regardless of whether it actually rented the specific defective U-Haul truck at issue.

Moreover, as is obvious from UHI's own arguments and affidavits, regardless of whether U-Haul of Illinois maintained the subject vehicle close to or, as their affidavit admits, at some earlier point in time, Plaintiff's Complaint alleges that U-Haul of Illinois owed a duty to Gregorio Trevino, Jr. ("Mr. Trevino, Jr.") in performing that maintenance, which it breached, causing Mr. Trevino, Jr.'s death. Thus, far from lacking a "reasonable probability of recovering" from U-Haul of Illinois, Plaintiff's complaint, when taken as true, establishes U-Haul of Illinois' liability to Ida Trevino and her children.

## BACKGROUND

Gregorio Trevino, Jr., was killed on April 21, 2006, when a rented U-Haul moving truck, driven by Illinois resident William Geary, crossed the median and crashed into the tractor trailer driven by Mr. Trevino, Jr.  Both vehicles immediately caught fire and both drivers died in the inferno, as did Mr. Geary's passenger.  On April 18, 2008, Gregorio Jr.'s widow Ida Trevino filed this lawsuit, No. 08 L 4269, in the Circuit Court of Cook County, alleging that Defendants, several U-Haul entities and William Geary, were liable for Gregorio Jr.'s untimely death (the "Complaint").  The Complaint alleges that Defendants are liable to Gregorio Jr.'s widow, his two minor daughters, and to his Estate under theories of products liability, negligence, and willful and wanton conduct.  Defendant UHI improperly removed this case on April 21, 2008, after a local defendant had already been served with the Complaint and after that defendant's appearance and answer were filed.  Moreover, UHI improperly failed to obtain Mr. Crook's consent to its removal.

## ARGUMENT

### I.      Standard for Granting Remand

As Plaintiff, Ida Trevino's choice of forum is presumed valid and this Court must resolve all doubts about jurisdiction in favor of remand.  *See Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993).  In deciding whether remand is proper, the Court assumes the truth of  the factual allegations of the complaint, which are considered controlling.  *See, e.g., Sheridan v. Flynn,* No. 03 C 5170, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003).  As the party

seeking removal, UHI bears the burden of establishing that all the requirements of removal have been met. *Boyd v. Phoenix Funding Corp.,* 366 F.3d 524, 529 (7th Cir. 2004).   Removal is a purely statutory right that infringes on state judicial powers, and thus its requirements must be strictly construed.   *See, e.g., Sheda v. U.S. Dept. of Treasury Bureau of Public Debt,* 196 F. Supp. 2d 743, 746 (N.D. Ill. 2002); *see also Illinois v. Kerr-McGee Chemical Corp.,* 677 F.2d 571, 576 (7th Cir. 1982) (noting the Supreme Court has been loathe to expand the federal courts' removal jurisdiction).   An action in which federal jurisdiction is premised on diversity "shall be removable only if none of the parties in interest properly joined and served is a citizen of the State in which such an action is brought."  28 U.S.C. § 1441(b).  Thus, this case is not removable if any Defendant, properly joined and served, is a citizen of the state of Illinois.  *See* 28 U.S.C. § 1441(b); *Hurley v. Motor Coach Indus., Inc.,* 222 F.3d 377, 378 (7th Cir. 2000) (defendants who seek a federal forum must clear "additional hurdle" of showing that none of the defendants joined and served are residents of the forum state).

## II.     Defendant's Notice of Removal Is Procedurally Defective

### A.     A Local Defendant Is Properly Joined and Served

Defendant's claim that no "local defendant" was served with the Complaint at the time of their removal is wrong.  Defendant William Geary, deceased, was a citizen of the state of Illinois at the time of his death.  *See* Compl. ¶ 16.   Jeffery Crook, who was appointed to serve as Special Representative of William Geary's Estate in connection with this case, was

- 5 -

served with the complaint on April 18, 2008.  *See* Ex. B.  Jeffery Crook filed an appearance and answer on behalf of William Geary's Estate on April 18, 2008. *See* Ex. C.

In their Notice of Removal, UHI relies on and quotes *Wensil v. E.I. DuPont De Nemours and Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992) as holding that "[t]he statute is clear.  The presence of unserved resident defendants does not defeat removal where complete diversity exists. (*See* Notice of Removal at ¶ 17, p. 5).  That Court, however, went on to hold that:

> The Court recognizes that the plaintiffs are being deprived of their original choice of forum merely because the South Carolina defendants are served after the non-resident defendant.  ***However, this fortuitous result could have been prevented by serving a South Carolina resident defendant first.***

*Id.* at 449 (emphasis added).  As such, Defendants' own authority sinks the thin reed upon which their removal was premised and compels the remand of this case.

Moreover, as Judge Aspen recognized in *Holmstrom v. Harod*, No. 05 C 2714, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005) "the purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve."  Here, the resident party, William Geary, was operating the defective U-Haul vehicle when it struck and killed Plaintiff's husband.  There could be no serious contention that such an integral party was included merely to block removal.  Significantly, the Court in *Holmstrom* remanded that case despite the fact that no resident defendant had

been served.[1]  Here, actual service on the resident defendant further obliterates any claim that the plaintiff named William Geary's estate solely to prevent removal and did not intend to serve him, and therefore, further compels remand of this case.

Finally, that the resident defendant was not only served, but filed his voluntary appearance and answer to the Complaint also defeats the Defendant's removal and mandates that the case be remanded.  As the court held in *Windoc Corp. v. Clarke*, 530 F. Supp. 812 (D.C. Neb. 1982), even where a resident defendant had not been served, but had filed its voluntary appearance, a case could not be removed under § 1441(b).  Thus, Mr. Crook's appearance and answer on behalf of William Geary's Estate on April 18, 2008, three days before the case was removed on April 21, 2008, requires that this case be remanded.

### B.    This Action Was Improperly Removed Without Consent of All Defendants

Removal is defective if it is not accompanied by the consent of all defendants who have been served.  *See, e.g., Speciale v. Seybold,* 147 F.3d 612, 617 (7th Cir. 1998) (holding removal was procedurally defective where removing defendant failed to obtain consent of others).  UHI's claim that consent is not required because no defendants have been served is incorrect.

---

[1] The Court held that where no party had been served with plaintiff's complaint before it had been removed, remand was required even though the resident defendant had not been served because "the policy of the 'joined and served' requirement [was] not implicated in [that] situation."  Obviously, where a resident defendant is, in fact, served before removal, that policy is not implicated at all.

*See* Exhibit B.  Remand is proper where, as here, "a case is improvidently removed without the consent of a served defendant." *Schmude v. Sheahan,* 198 F. Supp. 2d 964, 967 (N.D. Ill. 2002) (noting the general procedural requirement in a multiple-defendant case is that all served defendants consent; describing this "rule of unanimity").  As such, UHI's removal is procedurally deficient and the case must be remanded for this reason alone.  *See Yount v. Shasek,* 472 F. Supp. 2d 1055, 1060-61 (S.D. Ill. 2006) (holding that removing defendant's failure to obtain consent of co-defendants renders the notice of removal procedurally deficient).

### C.  Defendant's "Fraudulent Joinder" Claims Are Baseless

#### 1.  Defendant Has No Support for its Argument that Jeffrey Crook is Fraudulently Joined.

An out-of-state defendant seeking removal bears a heavy burden to establish fraudulent joinder.  *Poulos,* 959 F.2d at 73 (holding out-of-state defendant must show that, taking all issues of fact and law in favor of the plaintiff, there is no cause of action against the in-state defendant).  Defendant UHI cannot meet this burden with respect to either William Geary's Estate or U-Haul of Illinois.

Fraudulent joinder occurs where there is "outright fraud in plaintiff's pleading of jurisdictional facts," or where the plaintiff's claims against the defendant whom he has allegedly fraudulently joined "have no reasonable chance of success." *See, e.g., Hoosier Energy Rural Elec. Co-op., Inc. v. Amoco Tax Leasing IV Corp.,* 34 F.3d 1310, 1315 (7th Cir. 1994); *Butler v. Kohl's Dept.*

*Stores, Inc.,* No. 1:08 CV 0084, 2008 WL 1836684, at *1 (S.D. Ind. Apr. 23, 2008). If the plaintiff has a reasonable chance of success against the allegedly fraudulently joined defendant, the plaintiff's motives in joining that defendant are irrelevant. *Poulos v. Naas Foods, Inc.,* 959 F.2d 69, 73 (7th Cir. 1992).

UHI claims that Mr. Crook is "fraudulently joined" and that his citizenship should be ignored for purposes of determining diversity. This contention misses the mark in several respects. First, Mr. Crook's own citizenship is irrelevant to the question of diversity. Mr. Crook is named merely as representative of Geary's estate, not in his individual capacity. The Judicial Code is clear that it is the **decedent's** state of citizenship, not the representative's, that counts for diversity purposes. 28 U.S.C. § 1332(c)(2); *Northern Trust Co. v. Bunge Corp.,* 899 F.2d 591, 593 (7th Cir. 1990) (noting "legal representatives of estates of decedents, infants, or incompetents are deemed to be citizens of the same state as the decedents, the infants, or the incompetents"). And, in any event, the Court need not endeavor to "determine diversity" here. While diversity is clear – no Defendant is a resident of the same state as the Plaintiff – this case is made non-removable by the fact that William Geary was a citizen of Illinois at the time of his death, pursuant to the "local defendant" provision of 28 U.S.C. § 1441(b).

UHI claims that Jeffery Crook's appointment as Special Administrator for William Geary's Estate is "improper" because, in another lawsuit, a Janet M. Deutsch was named as Special Administrator for William Geary's Estate. Notice of Removal ¶¶ 4, 33. First, as evidenced by the order appointing Ms.

Deutsch a "Defendant," she was never appointed the Special Administrator of William Geary's Estate. Second, even if she had been, Janet Deutsch's appointment in a different lawsuit, filed by different plaintiffs, does not make Mr. Crook's appointment in this lawsuit by these plaintiffs "improper" in any way. "A special administrator is empowered only to defend the action in which he is appointed," *Comm. Bank of Plano v. Otto*, 324 Ill. App. 3d 471, 475, 755 N.E.2d 532, 535 (2d Dist. 2001), and thus the appointment of Jeffery Crook as Special Administrator in this lawsuit is in no way inconsistent with the appointment of another individual as Special Administrator in another suit.[2] Defendant's failure to cite any authority for its claim that Mr. Crook is fraudulently joined demonstrates its inability to satisfy the "heavy burden" it bears in seeking removal, and the case must be remanded.

### 1. Plaintiff's Complaint Demonstrates a "Reasonable Probability of Recovery" Against U-Haul of Illinois

Defendant also claims that U-Haul of Illinois is fraudulently joined and that its status as an Illinois resident should be disregarded. First, local defendant William Geary was a resident of Illinois at the time of his death, and his Estate has been served prior to removal, and thus U-Haul of Illinois' status as a local defendant is immaterial. UHI claims that Plaintiff does not have a reasonable probability of recovery against U-Haul of Illinois because U-Haul of Illinois owed no duty to the Plaintiff, because it "did not own the vehicle or rent

---

[2] Similarly, the appointment of Mechelle Walsh in the first action that was removed and dismissed in no way renders Mr. Crook's appointment "improper" or fraudulent. Moreover, contrary to UHI's claim, Eunice Geary was never appointed as a Special Administrator for William Geary.

it to William Geary" and because it "did not maintain the vehicle at or near the time of the accident."  Although UHI claims that U-Haul of Illinois did not "sell, manufacture, distribute, equip, design or market the vehicle," *see* Notice of Removal ¶ 41, tellingly, ***it does not deny that it maintained*** the vehicle – it only disclaims liability for its maintenance of the vehicle on the basis of its own self-serving judgment that such maintenance did not occur close enough in time to the accident to be considered the cause.  Because Plaintiff's factual allegations must be taken as true, and because U-Haul of Illinois has admitted that it serviced the subject U-Haul, Defendant has failed to show that Plaintiff lacks a "reasonable probability" of recovering against U-Haul of Illinois for its alleged negligent maintenance.

## III.    Plaintiff is Entitled to Costs and Attorney's Fees Under § 1447(c)

Fees can be awarded where the removing party lacks an objectively reasonable basis for seeking removal.  *See Martin v. Franklin Capital Corp.,* 546 U.S. 132, 139 (2005).  Here, UHI had no objectively reasonable basis for filing this notice of removal:  its claims of fraudulent joinder of Mr. Crook and U-Haul of Illinois are clearly baseless, as discussed above, and UHI imprudently rushed to court with this notice of removal, failing to conduct a sufficient investigation to determine whether a local defendant had been served.  A simple review of the state court records within the time to seek removal would have reflected that local defendant Mr. Crook had been served, and that removal was thus improper under § 1441(b).  Moreover, UHI's argument that Mr. Crook was fraudulently joined because Ms. Deutsch had been appointed as

the Special Administrator of William Geary's Estate clearly mischaracterizes the operative order, which it failed to attach.

Accordingly, Plaintiff is entitled to recover her costs and attorneys' fees incurred in preparing this motion to remand. *See, e.g., Butler,* 2008 WL 1836684, at *4 ("if, at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees"); *Beaufort County Sch. Dist. v. United National Ins. Co.,* 519 F. Supp. 2d 609, 618 (D. S.C. 2007) (awarding attorneys' fees where a "cursory glance" at the record showed the allegedly fraudulently joined defendant was a proper defendant to the action, and removing defendant asserted no reasonable grounds for finding otherwise).

## **CONCLUSION**

UHI's Notice of Removal is based on the false premise that no resident defendant had been served or answered prior to the attempted removal. Its removal attempts to deprive Plaintiff of her right to select a state court forum, and it attempts to deprive a co-Defendant of the right to refuse consent to removal. UHI filed its removal without taking the fundamental step of checking the state court's file to see that a resident Defendant had been served and answered. The removal was patently improper, and caused Plaintiff to incur fees and expenses in filing this Motion to Remand. The case should be remanded to the Circuit Court of Cook County, and Defendant UHI should be ordered to pay the fees and expenses occasioned by its improper removal.

Dated:    April 28, 2008

Respectfully submitted,


By:  /s/ Darren VanPuymbrouck

    Darren VanPuymbrouck
    Renee C. Kelley
    Schiff Hardin LLP
    6600 Sears Tower
    Chicago, Illinois 60606
    Tel:   (312) 258-5500
    Fax:  (312) 258-5600

    OF COUNSEL:
    James F. Perrin
    State Bar No. 24027611
    Paula A. Wyatt
    State Bar No. 10541400
    4825 Everhart Road
    Corpus Christi, Texas  78411
    Tel:   (361) 857-2727
    Fax:  (361) 857-8783

    ATTORNEYS FOR PLAINTIFFS

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of April, 2008, a copy of the foregoing Plaintiff's Motion to Remand and For Fees And Costs, And Supporting Memorandum was served via the Court's CM/ECF system and on the 29th day of April, 2008, by U.S. Mail, to the following counsel:

Dmitry Shifrin
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago IL 60601
Attorney for Defendants:
U-Haul Company Of Illinois, Inc.,
U-Haul International, Inc.,
U-Haul Company Of Arizona, Inc.,
U-Haul Company Of Florida, Inc.,
U-Haul Leasing & Sales Co.,
U-Haul Company Of Oregon, Inc.
U-Haul Company Of North Carolina, Inc.


Peter F. Higgins
Lipkin & Higgins
222 N. LaSalle St., Suite 2100
Chicago IL 60601
Attorney for Jeffery Crook, as Special Administrator of the Estate of William Geary

/s/ Darren VanPuymbrouck

Attorney for Plaintiff

0 - Served
0 - Not Served
0 - Served By Mail
0 - Served By Publication

2121 - Served
2221 - Not Served
2321 - Served By Mail
2421 - Served By Publication
ALIAS - SUMMONS

MMONS

CCG N001-10M-1-07-05 (                    )

FILED
08 APR 18 PM 12:31
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _Law_ _____ DIVISION

(Name all parties)

a Trevino, Individually and as Special Administrator
the Estate of Gregorio Trevino, Jr., deceased et al

v.

Haul Company of Illinois, Inc., et al
(see reverse)

No. _____

JEFFREY CROOK
222 N LASALLE St
SUITE 2100
CHICAGO, IL 60601

SUMMONS

each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
reto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the
llowing location:

☑  Richard J. Daley Center, 50 W. Washington, Room _____80 1_____, Chicago, Illinois 60602

☐  District 2 - Skokie
    5600 Old Orchard Rd.
    Skokie, IL 60077

☐  District 3 - Rolling Meadows
    2121 Euclid
    Rolling Meadows, IL 60008

☐  District 4 - Maywood
    1500 Maybrook Ave.
    Maywood, IL 60153

☐  District 5 - Bridgeview
    10220 S. 76th Ave.
    Bridgeview, IL 60455

☐  District 6 - Markham
    16501 S. Kedzie Pkwy.
    Markham, IL 60426

☐  Child Support
    28 North Clark St., Room 200
    Chicago, Illinois 60602

ou must file within 30 days after service of this Summons, not counting the day of service.
YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
EQUESTED IN THE COMPLAINT.

o the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with
dorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall
e returned so endorsed. This Summons may not be served later than 30 days after its date.

WITNESS, _____, 

APR 1 8 2008

tty. No.: _90219_____
ame: _Darren Van Puymbrouck_____
tty. for: _Plaintiff_____
ddress: _Schiff Hardin LLP, 6600 Sears Tower_
ity/State/Zip: _Chicago, IL 60606_____
elephone: _(312) 258-5500_____
ervice by Facsimile Transmission will be accepted at: _____

DOROTHY BROWN
CLERK OF CIRCUIT COURT
Clerk of Court

Date of service: _____2008
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Affidavit of Special Process Server                    CCG N060-50M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

_Cook_ _____ DEPARTMENT, _____ _LAW_ _____
(County)          (Municipal)                      (Division)            (District)

No. _O8L-4269_

### AFFIDAVIT OF SPECIAL PROCESS SERVER

_JACK LABOLT_ _____ being first

duly sworn on oath deposes and says that s/he was appointed by the Court on _4/18_ , _2008_
to serve process in the above mentioned cause.

I.  That s/he served the within summons and a copy of the complaint on the within named Defendant, _____
_JEFFREY CROOK_ _____
by leaving a copy of each with the said Defendant personally on _4/18_ , _2008_ .

II. That s/he served the within summons and a copy of the complaint on the within named Defendant, _____
_____ by leaving a copy of each at his/her usual place of abode with
_____ a person of the family of the age of 13 years or upwards and informed
that person of the content thereof on _____, _____, and that further s/he mailed a
copy of each in a sealed envelope with postage prepaid addressed to the Defendant, _____
at his/her usual place of abode on _____, _____.

III. (a) That the sex, race and approximate age of the Defendant or other person with whom s/he left the summons
are as follows:  Sex _____  Race _____  Approximate Age _____
(b) That the place where (if possible in terms of an exact street address) and the date and time of the day when the
summons was left with the Defendant or other person were as follows:

Place _____

Date _____, _____  Time of day _____. m.

IV. That s/he was unable to serve the within named Defendant.

_____
Special Process Server Signature

Signed and sworn before me on this _____ day of _____, _____,

_____ Notary public

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**