**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, <br><br>        Plaintiffs, <br><br> v. <br><br> U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFREY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased, <br><br>        Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )    Case No. 08-cv-2255 <br> ) <br> )    Judge Gettleman <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**NOTICE OF FILING**

TO:     See attached service list

PLEASE TAKE NOTICE that on May 12, 2008, Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. filed their Reply in Support of their Motion for Reassignment of this case to Judge Dow.  A copy of the reply brief is attached hereto and served upon you herewith.

Dated: May 12, 2008                                   Respectfully submitted,

                                               **U-HAUL INTERNATIONAL, INC.
U-HAUL CO. OF ILLINOIS, INC.**

                                                         s/ Dmitry Shifrin          
                                               George Jackson III, #6189680

Dmitry Shifrin, #6279415
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago, IL 60601
(312) 602-5000
(312) 602-5060 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2008, a copy of the foregoing Notice of

filing was served via the Court's CM/ECF system to the following:

Darren VanPuymbrouck
Renee C. Kelley
SCHIFF HARDIN
6600 Sears Tower
Chicago, IL 60606


                                                     s/ Dmitry Shifrin

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, | ) ) ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 08-cv-1409 |
| v. | ) | |
| | ) | Judge Dow |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC, and ROGER D. GEARY, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## U-HAUL DEFENDANTS' REPLY IN SUPPORT OF
## MOTION FOR REASSIGNMENT OF RELATED CASE

Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. (collectively, the "U-Haul Defendants") hereby file their reply in support of their motion under Local Rule 40.4 for the reassignment to this Court of *Ida Trevino, Individually and as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and as Next Friend of Sara Rene Trevino and Angela Kristin Trevino, minors v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08-cv-2255 pending before Judge Gettleman. The U-Haul Defendants state as follows in support of their Motion:

The U-Haul Defendants have more than adequately presented the reasons why Ida Trevino's case should be reassigned to Judge Dow pursuant to Local Rule 40.4. It seems that all defendants are caught between two competing sets of surviving family members who have been unable to agree on the most efficient, and procedurally proper, way to pursue their interests. The U-Haul Defendants have no interest in which judge presides over their case. They are merely

seeking to avoid defending themselves in separate courtrooms against identical claims arising from the same vehicular accident.

Gregorio Trevino's ("Plaintiff") Amended Complaint asserts *identical* allegations against the same defendants named in Ida Trevino's Second Complaint – in fact, Plaintiff's Amended Complaint recites *verbatim* the allegations asserted in Ms. Trevino's Second Complaint. A copy of Plaintiff's Amended Complaint is attached hereto as Exhibit 1. There is absolutely nothing to distinguish the proposed theories of recovery and anticipated defenses concerning liability in both cases, and consequently nothing to prevent one judge from presiding over both cases.

Ms. Trevino's opposition to reassignment focuses on only the following factors under Rule 40.4(b): (i) that the handling of both cases by one judge will not save substantial judicial time and effort, and (ii) that both cases are not susceptible of disposition in a single proceeding. Ms. Trevino is wrong.

> **A.** **The Handling of Both Cases by Judge Dow Will Likely Result in a Substantial Saving of Judicial Time and Effort and Both Cases Are Susceptible of Disposition in a Single Proceeding.**

Plaintiff's Amended Complaint seeks relief against U-Haul International, Inc.; U-Haul Co. of Florida, Inc.; General Motors Corp. ("GM") and Janet M. Deutsch, the individual appointed by Plaintiff to serve as special administrator of the estate of William Geary (the deceased U-Haul lessee purportedly responsible for the vehicular accident at issue in both Ms. Trevino's and Plaintiff's complaints). Plaintiff's Amended Complaint presents individual claims for wrongful death recovery sounding in strict liability, negligence and gross negligence. Plaintiff alleges that the U-Haul vehicle driven by William Geary had defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its

suspension system, its steering system, and wheel bearings.  Plaintiff also alleges that William Geary was negligent for causing the accident.

There is nothing to distinguish Ms. Trevino's Second Complaint from Plaintiff's Amended Complaint.  Like Plaintiff's Amended Complaint, Ms. Trevino seeks relief against U-Haul International, Inc.; U-Haul Co. of Florida, Inc.; GM and, in her case, Jeffrey Crook, the second individual appointed by Ms. Trevino to serve as special administrator of the estate of William Geary.  Like Plaintiff's Amended Complaint, Ms. Trevino presents individual claims for wrongful death recovery sounding in strict liability, negligence and willful and wanton misconduct.  Like Plaintiff's Amended Complaint, Ms. Trevino alleges that the U-Haul vehicle driven by William Geary had defectively designed and manufactured components, including its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings.  And like Plaintiff's Amended Complaint, Ms. Trevino also alleges that William Geary was negligent for causing the accident.

Ms. Trevino's Second Complaint only differs in the number of defendants she claims are responsible for her husband's death.  In addition to the defendants in Plaintiff's Amended Complaint, Ms. Trevino also joins as defendants U-Haul Co. of Arizona, Inc.; U-Haul Co. of Illinois, Inc.; U-Haul Co. of Oregon, Inc.; U-Haul Co. of North Carolina, Inc. and U-Haul Leasing & Sales Co.  However, the additional U-Haul defendants do nothing to make Ms. Trevino's case unique from Plaintiff's because, like Plaintiff, she simply lumps all U-Haul defendants and GM together as one and the same allegedly tortious actor in every count directed against these defendants.  Thus, there is absolutely nothing to distinguish the claims against any of the U-Haul defendants in either Plaintiff's Amended Complaint or Ms. Trevino's Second Complaint.

As a result, because the claims and defendants in both cases are identical, the anticipated

motions and defenses of the defendants relating to liability in both cases will be the same, and

thus more efficiently briefed and determined by one judge instead of two.  As for the U-Haul

defendants, the allegations in both cases focus on whether any of them have any liability for

designing, manufacturing and/or renting a vehicle with allegedly defective components.  Any

defenses and motions directed towards these allegations are neither case nor plaintiff-specific,

but rather issue-specific and thus indistinguishable between the separate cases.  *See Applied Web

Systems, Inc. v. Catalytic Combustion Corp.*, 1991 WL 70893 at *2 (N.D. Ill. April 29, 1991)

("[t]he complaints filed are…virtually identical and [defendant's] defenses in both cases are

virtually identical.   The only difference between [the two cases] is that each involves a

different…customer…"); *see also Fairbanks Capital Corp. v. Jenkins*, 2002 WL 31655277 at *2

(N.D. Ill. Nov. 25, 2002) (holding that cases are related where they each involve the legality of a

defendant's particular conduct and finding that "[r]eassignment of all of the cases to this Court's

calendar will permit these issues to be briefed and determined once, rather than four separate

times, which will result in a substantial saving of judicial time and effort-not to mention a

substantial saving of the parties' and their counsels' time and effort.  The overall administration

of justice will likewise be enhanced by having a single judge determine this issue in all four of

the cases.")[1]

Ms. Trevino's reliance on *Pena v. Freedom Mortg. Team, Inc.* and *Davis v. Quebecor

World* is misplaced.  In *Pena*, claims against several defendants were stayed because the parties

---

[1]  Plaintiff cannot rely upon Local Rule 40.4(c) to impede reassignment.  This rule states that reassignment motions should "generally" not be filed until all parties have an opportunity to respond to questions of relatedness and reassignment.  Under the circumstances, one may assume, even if they have not yet appeared or answered, that the non-U-Haul defendants will also want to proceed before a single judge to avoid a multiplicity of briefing and scheduling orders on identical issues.

were seeking referral of that case to a bankruptcy court.  In the instant situation, no party has moved to stay the proceedings against them in either case and, unlike a bankruptcy judge who determines a referral, the judge before whom reassignment is requested is capable of determining a pending remand motion.  *See Howard v. Filipowski*, 2003 WL 22706960 at *1, *2 (N.D. Ill. Nov. 14, 2003) ("[b]efore this Court can determine whether the action should be remanded to the state court, the court must determine whether this action is related to the [] consolidated action.) In *Quebecor*, the court held that the two cases "do not involve substantially similar issues of fact or law to warrant reassignment," in part because the claims focused on the conduct of separate plaintiffs. *Davis v. Quebecor World*, 2002 WL 27660 at *4 (N.D. Ill. Jan. 10, 2002).  There is nothing to distinguish the facts and law applicable to both cases, and the focus here is almost wholly on the defendants' conduct.

Ms. Trevino's pending remand motion before Judge Gettleman should also not be a basis to prevent reassignment.  Judge Gettleman has continued the hearing of all pending motions before him, including the remand motion, to May 29.  Briefing on reassignment concludes May 13.  Once briefing resumes on the remand motion, and as will be more fully set forth in U-Haul's response, Ms. Trevino's Second Complaint has been properly removed from state court. Additionally, as previously mentioned, a pending remand motion does not prevent a ruling on a motion for reassignment.  *See Filipowski*, 2003 WL 22706960 at *1, *2.

Finally, the cases are susceptible of disposition in a single proceeding.  As previously set forth, both complaints arise out of identical facts, and the liability defenses are expected to be identical.  Thus, issues resolved in one case can easily dispose of the same issues in the other: if the U-Haul (or any other) defendants are not found strictly liable and negligent in one case, it is highly likely that they will not be found liable under identical claims and circumstances in the

other case.  This scenario is not like the one relied upon by Ms. Trevino in *Donahue v. Elgin Riverboat Resorts*, where the court denied reassignment because "each individual case relies on a different set of facts..."  *Donahue v. Elgin Riverboat Resorts*, WL 2495642 at *2 (N.D. Ill. Sept. 28, 2004).  Again, the facts from which both of the instant cases arise are identical.

### B.    Conclusion.

The U-Haul Defendants have followed procedure in moving to reassign Ida Trevino's case to the judge presiding over an earlier-filed and related case.  None of the defendants should be forced to defend themselves in separate courtrooms against identical claims arising from the same vehicular accident simply because they are brought by competing sets of surviving family members.

WHEREFORE, Defendants U-Haul International, Inc. and U-Haul Co. of Illinois, Inc. respectfully request this Court to designate *Ida Trevino, Individually and as Special Administrator of the Estate of Gregorio Trevino, Jr., deceased, and as Next Friend of Sara Rene Trevino and Angela Kristin Trevino, minors v. U-Haul Company of Illinois, Inc., et al.*, Case No. 08-cv-2255 pending before Judge Gettleman, as related to the instant case, and reassign Case No. 08-cv-2255 to Judge Dow.

Dated: May 12, 2008                                    Respectfully submitted,

                                                       **U-HAUL INTERNATIONAL, INC.**
                                                       **U-HAUL CO. OF ILLINOIS, INC.**


                                                              s/ Dmitry Shifrin
                                                       George Jackson III, #6189680
                                                       Dmitry Shifrin, #6279415
                                                       BRYAN CAVE LLP
                                                       161 N. Clark St., Suite 4300
                                                       Chicago, IL 60601

(312) 602-5000
(312) 602-5060 (fax)

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 12th day of May, 2008, a copy of the foregoing Reply in Support of Motion for Reassignment was served via the Court's CM/ECF system to the following counsel:

Donald R. McGarrah
SALVI, SCHOSTOK & PRITCHARD P.C.
181 W. Madison St., Suite 3800
Chicago, IL 60602


<u>        s/ Dmitry Shifrin        </u>

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| GREGORIO TREVINO AND<br>ORALIA TREVINO | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CASE NO. 1:08-cv-01409 |
| | § | |
| U-HAUL INTERNATIONAL, INC., | § | JUDGE ROBERT M. DOW, JR. |
| U-HAUL COMPANY OF FLORIDA, INC., | § | |
| GENERAL MOTORS CORPORATION, AND | § | |
| JANET M. DEUTSCH, AS SPECIAL | § | |
| ADMINISTRATOR OF THE ESTATE OF | § | |
| WILLIAM J. GEARY | § | |
| | § | |
| Defendants. | § | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiffs, Gregorio Trevino and Oralia Trevino, file this first amended complaint against U-Haul International, Inc., U-Haul Company of Florida, Inc., General Motors Corporation and Janet M. Deutsch, Special Administrator of the Estate of William J. Geary, Deceased. Plaintiffs would show the Court as follows:

### I.
#### PARTIES

1.1    Plaintiffs, Gregorio Trevino and Oralia Trevino are the surviving parents of Gregorio Trevino, Jr., deceased. They are bringing wrongful death arising out the death of their son. Their claims are being made pursuant to the Texas Wrongful Death Act, Chapter 71, Subchapter A, Texas Civil Practice and Remedies Code. Plaintiffs are residents and citizens of the State of Texas.

1.2    Defendant, U-Haul International, Inc., (hereinafter "UHI") is a Nevada corporation with its principal office in Arizona. At all times pertinent to this action,

UHI was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.3 Defendant, U-Haul Company of Florida, Inc. (hereinafter "UHF") is a Florida corporation with its principal office in Florida. At all times pertinent to this action, UHF was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.4 Defendant, General Motors Corporation (hereafter "GM") is a Delaware corporation with its principal office in Michigan. At all times pertinent to this action, GM was doing business in the State of Illinois and has sufficient contacts with Illinois so that it is subject to personal jurisdiction in Illinois.

1.5 Defendant, Janet M. Deutsch, is a resident of Chicago, Illinois. She is properly a defendant as the Special Administrator of the estate of William J. Geary, deceased, for the negligent acts of Mr. Geary.

1.6 On or about January 24, 2008, Janet Deutsch was appointed Special Administrator of the Estate of William J. Geary, deceased. A copy of the Order from the Circuit Court of Cook County, Illinois is attached hereto as Exhibit "A."

1.7 Hereinafter, "GM/U-Haul" refers to UHI, UHF and GM.

## II.
### VENUE AND JURISDICTION

2.1 This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a), because this action, which has a controversy in excess of $75,000, is between citizens of different states.

2.2 This Court has personal jurisdiction over UHI, UHF and GM, because they are authorized to and do conduct business in the State of Illinois and have sufficient contacts with the State of Illinois, both generally and with regard to this

specific action, that the exercise of personal jurisdiction over it is proper. This Court has personal jurisdiction over Geary because at the time of the death of William Geary, Mr. Geary was a resident and citizen of the State of Illinois. Moreover, his estate's Special Administrator, Janet Deutsch, is a resident and citizen of the State of Illinois.

2.3    This is a proper venue, pursuant to 28 U.S.C. §1391, because all defendants reside in this judicial district for venue purposes.

## III.
### BACKGROUND FACTS

3.1    On or about April 21, 2006, Gregorio Trevino, Jr. was driving southbound on Interstate 65 in Kentucky. Mr. Trevino was driving a Celedon tractor-trailer combination. A 2005 U-Haul moving truck (VIN 1GDG5C1E35F903934), manufactured by GM/U-Haul and driven by William Geary from Chicago, Illinois, was traveling northbound on Interstate 65. Without warning, Mr. Geary lost control, crossed the median and slid across the interstate in front of the tractor-trailer combination after colliding with another vehicle. The U-Haul moving truck and tractor-trailer then collided. Both vehicles burst into flames. Mr. Trevino, along with both occupants of the U-Haul moving truck, died as a result of this incident.

## IV.
### STRICT LIABILITY – GM/U-HAUL

4.1    At all times relevant hereto, GM/U-Haul were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing moving trucks, including the subject moving truck.

4.2    The subject moving truck, as sold, manufactured, distributed, equipped, designed, leased, maintained and/or marketed by GM/U-Haul, was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including but not limited to, its defective and inadequate fuel tank and

fuel delivery system, its brakes, its suspension system, its steering system and wheel bearings, all while in the possession, custody or control of GM/U-Haul.

4.3     The subject moving truck was in a defective and unreasonably dangerous condition when it left the control of GM/U-Haul.

4.4     At the time the subject moving truck was placed into the stream of commerce by GM/U-Haul, up to the time of the accident, the subject moving truck was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

4.5     The death of Gregorio Trevino, Jr. and Plaintiffs' damages were the direct and proximate result of the subject moving truck's defective and unreasonably dangerous condition.

4.6     Because GM/U-Haul are in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining and/or marketing the subject moving truck and similar products, because GM/U-Haul reaped the profits from the subject moving truck and similar products and because GM/U-Haul placed the subject moving truck and similar products into the stream of commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Florida, GM/U-Haul are liable to Plaintiffs for their damages arising out of the death of Gregorio Trevino, Jr. under the theory of strict products liability.

4.7     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject moving truck, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by GM/U-Haul and was in a defective and unreasonably dangerous condition when it left the control of GM/U-Haul, Gregorio Trevino, Jr., deceased, suffered severe injuries which resulted in his death.

4.8    Gregorio Trevino, Jr., deceased, has left as his survivors his parents, Plaintiffs Gregorio and Oralia Trevino, who have suffered personal and pecuniary loss as the result of the death of their son, and have suffered from the loss of his love, society and companionship they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

## V.
### NEGLIGENCE – GM/U-HAUL

5.1    GM/U-Haul carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject moving truck, including, but not limited to, with regard to its defective and inadequate fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings all while in the possession, custody, or control of each of GM/U-Haul.

5.2    GM/U-Haul had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject moving truck such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. GM/U-Haul owed such duty to Plaintiffs' decedent and to the general motoring public.

5.3    GM/U-Haul knew, or in the exercise of reasonable care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject moving truck, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use. Such foreseeable ancillary consequences include collisions.

5.4    GM/U-Haul knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing,

leasing, maintaining, and/or marketing the subject moving truck such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.5 GM/U-Haul knew, or in the exercise of reasonable care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject moving truck and its components, including but not limited to, its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

5.6 GM/U-Haul failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject moving truck and its components, including, but not limited to, its fuel tank and fuel delivery system, its brakes, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

5.7 GM/U-Haul additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject moving truck, and failed to recall or timely recall the subject moving truck or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

5.8 The aforesaid careless and negligent acts or omissions on the part of GM-U-Haul imposed an unreasonable risk of arm on Plaintiffs' decedent and the general motoring public.

5.9 The aforesaid careless and negligent acts or omissions on the part of GM/U-Haul also represented a deviation from the industry standard of care.

5.10    As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of GM/U-Haul, Gregorio Trevino, Jr., deceased, suffered severe injuries which resulted in his death.

5.11    Gregorio Trevino, Jr., deceased, has left as his survivors his parents, Plaintiffs Gregorio and Oralia Trevino, who have suffered personal and pecuniary loss as a result of the death of their son, and have suffered from the loss of his love, society, and companionship they enjoyed prior to his death.

### VI.
### NEGLIGENCE – UHI, UHF & GEARY

6.1    UHI, UHF and Geary committed acts of omissions and commission, which collectively and severally constituted negligence.  These acts and omissions were a proximate cause of the accident, the injuries to and death of Gregorio Trevino, Jr., and the damages of the Plaintiffs.

6.2    UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain the truck in a good, working condition, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.3    UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain the truck's braking system, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.4    UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to ensure

the braking system in the truck was operating properly at the time of rental, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.5     UHI's and UHF's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to follow internal procedures or guidelines for maintaining the truck and its braking system, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.6     William J. Geary's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to maintain control of the U-Haul truck after a mechanical failure, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

6.7     William J. Geary's acts of negligence that proximately caused the injuries to and death of Gregorio Trevino, Jr., and Plaintiffs' damages, include failing to ensure that the U-Haul truck was in proper working condition before embarking on his journey, which posed a danger to drivers of the truck, other parties sharing the road with the truck and ultimately caused the incident which led to the death of Gregorio Trevino, Jr.

## VII.
### GROSS NEGLIGENCE AND EXEMPLARY DAMAGES

7.1     Plaintiffs allege that GM/U-Haul are guilty of gross negligence for knowingly introducing the subject moving truck into the stream of commerce with a defective and inadequate fuel tank and fuel delivery system, defective brakes, a defective suspension system, a defective steering system and defective wheel bearings.

Plaintiffs, therefore, are entitled to recover exemplary damages from these defendants and seek these damages in an amount far in excess of the minimum jurisdictional limits of this Court.

7.2     Plaintiffs allege that UHI and UHF are guilty of gross negligence for knowingly renting their vehicles to consumers, like Mr. Geary, with improperly maintained braking systems. Plaintiffs, therefore, are entitled to recover exemplary damages from these defendants and seek these damages in an amount far in excess of the minimum jurisdictional limits of this Court.

## VIII.
### ACTUAL DAMAGES

8.1     As a result of the injuries to and death of Gregorio Trevino, Jr., Plaintiffs suffered, and will suffer in the future, wrongful death damages including pecuniary loss, loss of companionship and society, and mental anguish.

## IX.
### PRE-JUDGMENT AND POST-JUDGMENT INTEREST

9.1     Plaintiffs seek pre-judgment and post-judgment interest at the maximum legal rate.

## X.
### CONDITIONS PRECEDENT

10.1     All conditions precedent to Plaintiffs' right to recover herein and to Defendants' liability have been performed or have occurred.

## XI.
### JURY DEMAND

11.1     Plaintiffs, who seek damages greater than $75,000, request a trial by a jury.

WHEREFORE, PREMISES CONSIDERED, Gregorio Trevino and Oralia Trevino pray Defendants be cited to appear and answer for their conduct, this case be set for trial, and they recover judgment of and from Defendants for their damages in such

amount as the evidence may show and the trier of fact may determine to be proper, in addition to pre-judgment interest, post-judgment interest, costs, and all other and further relief to which Plaintiffs may show themselves to be justly entitled, whether at law or in equity.

Respectfully submitted,

SALVI, SCHOSTOK & PRITCHARD
181 West Madison Street, Suite 3800
Chicago, Illinois  60602
Phone:  (312) 372-1227
Fax:      (312) 372-3720

By:    /s/ Donald R. McGarrah
DONALD R. MCGARRAH
ARDC #3123480

WATTS LAW FIRM, L.L.P.
Bank of America Plaza, Suite 100
300 Convent Street
San Antonio, Texas  78205
Phone:  (210) 527-0500
Fax:      (210) 527-0501

By:    /s/ William J. Maiberger, Jr.
WILLIAM J. MAIBERGER, JR.
Admitted *Pro Hac Vice*
Texas State Bar No. 00787949
Federal Bar No. 18581

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of May 2008, a copy of the foregoing Plaintiffs'

First Amended Complaint was served via the Court's CM/ECF system to the following

counsel of record:

George Jackson, III
Dmitry Shifrin
Bryan Cave LLP
161 North Clark Street
Suite 4300
Chicago, IL 60601
(312) 602-5000
Attorney representing U-Haul Company of Illinois, Inc., and U-Haul International, Inc.

Dan H Ball
Bryan Cave, LLP
211 North Broadway
Suite 3600
St. Louis, MO 63102
(314) 259-2700
Attorney representing U-Haul Company of Illinois, Inc.

/s/ William J. Maiberger, Jr.

STATE OF ILLINOIS )
                  ) SS
COUNTY OF COOK )

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

GREGORIO TREVINO, Special Administrator )
of the Estate of GREGORIO TREVINO, JR., )
deceased, )
      Plaintiffs, )
       )
      vs. )          NO.
U-HAUL COMPANY OF ILLINOIS, INC., )
U-HAUL INTERNATIONAL, INC. and )
ROGER D. GEARY, )
       )
      Defendants. )

### ORDER

THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator to Serve as Defendant, and it being represented that JANET M. DEUTSCH is legally competent to act as Special Administrator;

IT IS HEREBY ORDERED that JANET M. DEUTSCH is appointed Special Administrator to serve as Defendant for all purposes relating to this lawsuit.

ENTER:

Dated at Chicago, Illinois this
_____ day of January, 2008.



DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227

