**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Ida Trevino, individually and on behalf | : | |
| of the Estate of Gregorio Trevino, Jr. et al. | : | |
| | : | |
| Plaintiffs, | : | Case No. 08 C 2255 |
| | : | |
| v. | : | Hon. Robert W. Gettleman |
| | : | |
| U-Haul Company of Illinois, Inc., et al. | : | |
| | : | |
| Defendants. | : | |

## GENERAL MOTOR CORPORATION'S ANSWER TO PLAINTIFFS' COMPLAINT

General Motors Corporation, by its attorneys, Dykema Gossett, PLLC, provides the

following answers and defenses in response to Plaintiffs' Complaint at Law:

1.      Plaintiff, IDA Trevino, is the surviving spouse of GREGORIO TREVINO, JR., deceased, and is a resident of Uvalde County, Texas.  Plaintiff IDA TREVINO is the natural parent and next friend of minors Sarah Rene Trevino and Angela Kristin Trevino, daughters of Gregorio Trevino, Jr., deceased.  Plaintiffs and Gregorio Trevino, Jr., deceased, were residents of Zavala County, Texas at the time that this cause of action accrued.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 1.

2.      Plaintiff, IDA TREVINO, was granted Letters Testamentary of the Estate of Gregorio Trevino Jr., Deceased as the "qualified Independent Executrix" of that estate on April 17, 2007. See Ex. A attached hereto, Letters Testamentary issued by the Clerk of Zavala County, Texas dated April 17, 2007.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 2.

3.     Plaintiff, IDA TREVINO, has also been appointed Representative of the Estate of Gregorio Trevino, Jr., deceased, for purposes of prosecuting this cause of action in Cook County Illinois. See Ex. B attached hereto, Order of the Circuit Court of Cook County, Law Division.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 3.


4.     JEFFREY CROOK has been appointed Special Administrator of the Estate of William Geary for purposes of naming a proper party defendant for this litigation.  See Ex. C attached hereto, Order of Circuit Court of Cook County, Law Division.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 4.


5.     Defendant, U-HAUL COMPANY OF ILLINOIS, INC. ("UHCI") is a corporation registered in the State of Illinois with its principal place of business in Illinois.  Defendant UHCI may be served through its agent, CT Corporate System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois, 60604.  UHCI is a citizen of Illinois for diversity purposes.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 5.


6.     Defendant, U-HAUL INTERNATIONAL, INC. ("UHI") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHI may be served by service on its registered agent, CT Corporation Systems, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 6.


7.     Defendant, U-HAUL COMPANY OF ARIZONA ("UHCA") is a corporation registered in the State of Arizona and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHCA may be served by service on its registered agent, CT Corporation System, 2394 E. Camelback Road, Phoenix, Arizona, 85016.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 7.

8.      Defendant, U-HAUL COMPANY OF FLORIDA ("UHCF") is a corporation registered in the State of Florida and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHCF may be served by service on its registered agent, CT Corporation System, 1200 S. Pine Island Road, Plantation, Florida 33324.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 8.


9.      Defendant U-HAUL LEASING & SALES CO. ("UHLSC") is a Nevada corporation and is or was, at all times pertinent hereto, doing business within the State of Illinois.  Defendant UHLSC may be served by service on its registered agent, Corporation Trust Company of Nevada, 6100 Neil Road, Suite 500, Reno, Nevada, 89511.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 9.


10.     Defendant U-Haul company of Oregon ("UHCO") is a corporation registered in the State of Oregon and is or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant UHCO may be served by service on its registered agent, CT Corporation Systems, 388 State Street, Suite 420, Salem, Oregon 97301 or at its principal place of business at 8816 SE Foster Road., Portland, Oregon  97266.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 10.


11.     Defendant U-Haul Company of North Carolina, Inc. ("UHCNC") is a corporation registered in the State of North Carolina and is or was at all times pertinent hereto doing business within the State of Illinois.  Defendant UHCNC may be served by service on its registered agent, CT Corporation Systems, 225 Hillsborough Street, Raleigh, North Carolina 27603, or on its President, Jeff Will at 6216 Albermarle Road, Charlotte, North Carolina 28212.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 11.

12.    Defendant GENERAL MOTORS CORPORATION "("GM") is a Delaware corporation, which is and/or was, at all times pertinent hereto, doing business within the State of Illinois. Defendant GM may be served by service on its registered agent, CT Corporation System, 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

ANSWER:    General Motors admits it is a Delaware corporation and that it conducts business

in Illinois and did so at the time of the alleged accident.  General Motors further admits its

Registered Agent in Illinois is the CT Corporation and that it has an address at 208 South LaSalle

Street, Suite 814, Chicago, Illinois 60604.  General Motors has no knowledge sufficient to form

a belief as to the truth of the remaining allegations contained in Paragraph 12 and/or such

allegations state a legal conclusion to which no response is required.


13.    Hereinafter the "GM/U-HAUL DEFENDANTS" refers to UHCI, UHI, UHCA, UHCF, UHLSC, UHCO, UHCNC,  and GM.

ANSWER:    GM denies it is legally or factually correct or appropriate to group the entities

identified in Paragraph 13 as a single entity.   To the extent further response is required, the

allegations of Paragraph 13 speak for themselves.


14.    Defendant JEFFREY CROOK  is named in his capacity as Special Administrator of the Estate of WILLIAM GEARY, deceased, for purposes of naming a property party defendant to this litigation.  At the time of the incident from which this claim arises, and at the time of is death, WILLIAM GEARY, deceased, was an individual residing in Chicago, Illinois.  Pursuant to 28 U.S.C. § 1332(c) (2), WILLIAM GEARY, deceased, is a citizen of Illinois for diversity purposes.

ANSWER:    General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 14 and/or these allegations state a legal conclusion to which

no response is required or appropriate.


15.    The Circuit Court of Cook County, Illinois has jurisdiction over this case under 735 ILCS 5/2-209(b)(3) in that Defendant UHCI is a corporation organized under the laws of Illinois, under 735 ILCS 5/2-209(b)(4) in that Defendants UHI, UHCA, UHCG, UHLSC, UHCO, UHCNC, and GM conduct ongoing business operations in Illinois, and under 735 ILCS 5/2-

209(b)(4) in that WILLIAM GEARY, deceased, was a natural person domiciled in Illinois when this cause of action arose and at the time of his death.

ANSWER:     General Motors admits it conducts business in Illinois and did so at the time of the

alleged incident.   General Motors does not admit the Circuit Court of Cook County has

jurisdiction or is the appropriate jurisdiction for this case.   To the extent further response is

required, General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 15 and/or these allegations state a legal conclusion to which

no response is required or appropriate.


16.     Venue is proper in the Circuit Court of Cook County, Illinois under 735 ILCS 5/2-101 in that Cook County, Illinois was the county of residence of WILLIAM GEARY, deceased, at the time of his death.  Venue is also proper under 735 ILCS 5/2-102(a) in that Cook County, Illinois, is the county of residence of Defendants UHCI and GM.

ANSWER:     General Motors admits it conducts business in Illinois and did so at the time of the

alleged incident.   General Motors denies that venue in the Circuit Court of Cook County is

proper and/or the best and most appropriate venue for this case.   To the extent further response is

required, General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 16 and/or these allegations state a legal conclusion to which

no response is required.


17.     This action arises from the death of GREGORIO TREVINO, JR., deceased, on April 21, 2006.  Plaintiff IDA TREVINO is the surviving wife of Decedent GREGORIO TREVINO, JR., deceased, and was at all relevant times the lawful wife of Decedent.  SARAH RENE TREVINO and ANGELA KRISTIN TREVINO are the daughters GREGORIO TREVINO, JR., deceased. Plaintiff IDA TREVINO brings this suit individually, on behalf of the Estate of GREGORIO TREVINO, Jr., deceased, and on behalf of the next of kin of the Decedent, who died intestate.

ANSWER:     General Motors has no knowledge sufficient to form a belief as to the truth of the

allegations contained in Paragraph 17.

18.    On April 21, 2006, WILLIAM GEARY, deceased, was driving a 2005 U-Haul moving van manufactured by th GM/U-HAUL DEFENDANTS, Model No. C5C042, VIN No. 1GDG5C1E35F903934 (the "U-Haul"), northbound at the 12.5 mile post of Highway I-65 when the subject U-Haul began skidding, then crossed over both northbound lanes.  The subject U-Haul entered the median in a westbound slide.  The subject U-Haul then exited the median and entered the southbound lanes traveling in a westbound direction and struck an RBX tractor-trailer being driven by Corey Hill.  Mr. Hill was able to continue southbound and pull to the shoulder.  After glancing off the side of Mr. Hill's tractor-trailer, the subject U-Haul continued northbound in the southbound lanes.  The subject U-Haul then violently struck head-on the 2000 Great Dane tractor-trailer vehicle driven by GREGORIO TREVINO, JR., deceased. Immediately, following impact, the subject U-Haul and the Great Dane tractor-trailer burst into flames.    The RBX tractor-trailer also ignited.    GREGORIO TREVINO, JR., deceased, WILLIAM GEARY, deceased, and his passenger, Ms. Santiago, were unable to escape the flames and all three of them perished in the fire.  Decedent GREGORIO TREVINO, JR., deceased, suffered excruciating pain and suffering before he died on April 21, 2006.

ANSWER:    General Motors admits it manufactured, in part, and sold as an incomplete vehicle, a 2005 model year GMC medium-duty truck, VIN 1GDG5C1E35F903934.  To the extent the allegations in Paragraph 18 are directed at other parties, no response from General Motors is required or appropriate.  General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19.    At the time of his death, GREGORIO TREVINO, JR., deceased, was 32 years old and in good health.

ANSWER:    General Motors has no knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 19.

20.    As a direct and proximate result of the defective products and of the acts of omission and commission of the Defendants, their agents, servants, representatives and/or employees, acting within the course and scope of their employment and as described herein above, GREGORIO TREVINO, JR., deceased, suffered excruciating pain and mental anguish and other resulting damages prior to his death, including reasonable and necessary medical and health care expenses incurred prior to his death.

ANSWER:    To the extent the allegations in Paragraph 20 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 20 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has

no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 20.

21.    By reason of said Defendants' conduct and the resulting death of GREGORIO
TREVINO, JR., deceased, the Estate of GREGORIO TREVINO, JR., deceased, incurred
reasonable and necessary expenses for the funeral service and burial, all to the damage of the
Estate, which is entitled to recover for these injuries and damages in an amount in excess of this
Court's minimum jurisdictional limits.

ANSWER:    To the extent the allegations in Paragraph 21 relate to or concern General Motors,

denied.  To the extent the allegations in Paragraph 21 are directed at other parties, no response

from General Motors is required.   To the extent further response is required, General Motors has

no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 21.

22.    Because of the untimely death of GREGORIO TREVINO, JR., deceased, IDA
TREVINO, individually and as next friend of SARAH RENE TREVINO and ANGELA
KRISTIN TREVINO, minor children of GREGORIO TREVINO, JR., deceased, as well as the
parents of GREGORIO TREVINO, JR., deceased, have suffered mental anguish, grief, sorrow,
mental suffering, and bereavement, loss of companionship, pecuniary contributions and support.
Plaintiffs have suffered these and other injuries and damages as a result of the death of
GREGORIO TREVINO, JR., deceased, and will continue to suffer such injuries, losses, and
damages for the rest of their lives.

ANSWER:    General Motors denies it committed any negligent or wrongful act that caused the

alleged accident, injuries and/or damages described in Paragraph 22.    To the extent the

allegations in Paragraph 22 are directed at other parties, no response from General Motors is

required or appropriate.   To the extent further response is required, General Motors has no

knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 22.

### Count I – Strict Liability/Wrongful Death (GM and U-Hauls)

1.     At all relevant times, the GM/U-HAUL DEFENDANTS were in the business of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing moving vans, including the subject U-Haul.

ANSWER:     General Motors admits it designed, in part, manufactured, in part, conducted certain marketing activities, and sold to their authorized dealers as incomplete vehicles, 2005 model year GMC medium-duty trucks, including for delivery to U-Haul.   General Motors specifically admits it designed, in part and manufactured, in part, a 2005 model year GMC medium duty truck, VIN 1GDG5C1E35F903934 and sold this incomplete vehicle to one of its authorized dealers for expected delivery to U-Haul International.   General Motors denies it leased or maintained this vehicle after it left General Motors' possession.   To the extent the allegations in Paragraph 1 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     The subject U-Haul as sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS was in a defective and unreasonably dangerous condition by reason of its defective design and/or manufacture, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS.

ANSWER:     To the extent the allegations in Paragraph 2 relate to or concern General Motors, denied.   To the extent the allegations in Paragraph 2 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.      The subject U-Haul was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS.

ANSWER:      To the extent the allegations in Paragraph 3 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 3 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.      At the time the subject U-Haul was placed into the stream of commerce by the GM/U-HAUL DEFENDANTS, up to the time of the accident, the subject U-Haul was defective and unreasonably dangerous to persons who could reasonably be expected to use same.

ANSWER:      To the extent the allegations in Paragraph 4 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 4 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.      The death of GREGORIO TREVINO, JR., and the damages suffered by Plaintiffs, were the direct and proximate result of the subject U-Haul's defective and unreasonably dangerous condition.

ANSWER:      To the extent the allegations in Paragraph 5 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 5 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.      Because the GM/U-HAUL DEFENDANTS are in the business of selling, manufacturing distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul and similar products, because the GM/U-HAUL DEFENDANTS reaped the profits from the subject

U-Haul and similar products, and because the GM/U-HAUL DEFENDANTS placed the subject U-Haul and similar products into the stream of commerce in a defective and unreasonably dangerous condition throughout the United States, as well as the State of Illinois, the GM/U-HAUL DEFENDANTS are liable to Plaintiffs for their injuries and damages under the theory of strict products liability.

ANSWER:     To the extent the allegations in Paragraph 6 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 6 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in an defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

ANSWER:     To the extent the allegations in Paragraph 7 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 7 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8.     GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of his love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

ANSWER:     To the extent the allegations in Paragraph 8 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  To the extent further response is required, General Motors has no knowledge sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.      This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/00.1 et seq.

ANSWER:     To the extent the allegations in Paragraph 9 suggest negligence or misconduct by

General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  To the extent further response is required, General Motors states the allegations speak

for themselves and otherwise state a legal conclusion to which no response is required.

Count II:  Strict Liability/Survival Act (GM and U-Hauls)

1-7.    The Plaintiffs repeat and reallege paragraphs 1-7 of count I as paragraphs 1-7 of Count II
as though fully set forth herein.

ANSWER:     General Motors repeats its answers to Paragraphs 1-7 of Count I as if fully re-

stated herein.

8.      As a direct and proximate result of the defective and unreasonably dangerous condition
of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and
fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings,
all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS
which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or
marketed by the GM/U-HAUL DEFENDANTS and was in an unreasonably dangerous and
defective condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO
TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including
conscious pain and suffering prior to his death.

ANSWER:     To the extent the allegations in Paragraph 8 relate to or concern General Motors,

denied.  To the extent the allegations in Paragraph 8 are directed at other parties, no response

from General Motors is required.   To the extent further response is required, General Motors has

no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 8.

9.     Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

ANSWER:     To the extent the allegations in Paragraph 9 suggest negligence or misconduct by

General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  The allegations in Paragraph 9 otherwise state a legal conclusion to which no response is

required.

<u>Count III – Strict Liability/Family Expense Act (GM and U-Hauls)</u>

1-7.     The Plaintiffs repeat and reallege paragraphs 1-7 of Count I as paragraphs 1-7 of

Count III as though fully set forth herein.

ANSWER:     General Motors repeats its answers to Paragraphs 1-7 of Count I as if fully re-

stated herein.

8.     As a direct and proximate result of the defective and unreasonably dangerous condition of the subject U-Haul, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS which was sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed by the GM/U-HAUL DEFENDANTS and was in a defective and unreasonably dangerous condition when it left the control of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

ANSWER:     To the extent the allegations in Paragraph 8 relate to or concern General Motors,

denied.  To the extent the allegations in Paragraph 8 are directed at other parties, no response

from General Motors is required.   To the extent further response is required, General Motors has

no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 8.

9.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

ANSWER:    To the extent the allegations in Paragraph 9 suggest negligence or misconduct by

General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  To the extent further response is required, General Motors has no knowledge sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and/or these

allegations state a legal conclusion to which no response is required.

### Count IV – Negligence/Wrongful Death (GM and U-Hauls)

1.    The GM/U-HAUL DEFENDANTS carelessly and negligently sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul, including, but not limited to , with regard to its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, it steering system, and wheel bearings, all while in the possession, custody, or control of each of the GM/U-HAUL DEFENDANTS.

ANSWER:    To the extent the allegations in Paragraph 1 relate to or concern General Motors,

denied.  To the extent the allegations in Paragraph 1 are directed at other parties, no response

from General Motors is required.   To the extent further response is required, General Motors has

no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 1.

2.    The GM/U-HAUL DEFENDANTS had a non-delegable duty of care to sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul such that it was reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.  The GM/U-HAUL DEFENDANTS owed such duty to Plaintiffs' decedent and to the general motoring public.

ANSWER:    General Motors admits to any duty imposed on it by law with respect to the

subject medium-duty truck and denies it breached any such duty.   To the extent the allegations

in Paragraph 2 are directed at other parties, no response is required.  To the extent further

response is required, General Motors has no knowledge sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 2 and/or such allegations state legal conclusions to which no response is required.


3.　　The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonably care should have known, that because of their careless and negligent sale, manufacture, distribution, equipping, designing, leasing, maintaining, and/or marketing of the subject U-Haul, it was not reasonably safe for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.　Such foreseeable ancillary consequences include collisions.

ANSWER:　　To the extent the allegations in Paragraph 3 relate to or concern General Motors, denied.　To the extent the allegations in Paragraph 3 are directed at other parties, no response from General Motors is required.　To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.


4.　　The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonably care should have known, of the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

ANSWER:　　General Motors admits it exercised reasonable care with respect to the subject medium duty truck, denies any defect existed in this truck when it left General Motors' custody and control and denies that any vehicle can eliminate the risk of injuries in all accidents regardless of the circumstances involved.　To the extent the allegations in Paragraph 4 suggest something to the contrary, denied.　To the extent the allegations in Paragraph 4 are directed at other parties, no response from General Motors is required.　To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.


5.　　The GM/U-HAUL DEFENDANTS knew, or in the exercise of reasonably care should have known, or the means of selling, manufacturing, distributing, equipping, designing, leasing,

maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, such that they would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

ANSWER:    General Motors admits it exercised reasonable care with respect to the subject medium duty truck, denies any defect existed in this truck when it left General Motors' custody and control and denies that any vehicle can eliminate the risk of injuries in all accidents regardless of the circumstances involved.  To the extent the allegations in Paragraph 5 suggest something to the contrary, denied.  To the extent the allegations in Paragraph 5 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.    The GM/U-HAUL DEFENDANTS failed to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including, but not limited to, its fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings to William Geary, deceased.

ANSWER:    To the extent the allegations in Paragraph 6 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 6 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7.    The GM/U-HAUL DEFENDANTS additionally were careless and negligent in failing to provide adequate or proper warnings or instructions to users of the subject U-Haul and failed to recall or timely recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

ANSWER:    To the extent the allegations in Paragraph 7 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 7 are directed at other parties, no response

from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.

8.     The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS also represented a deviation from the industry standard of care.

ANSWER:     To the extent the allegations in Paragraph 8 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 8 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.     The aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS also represented a deviation from the industry standard of care.

ANSWER:     To the extent the allegations in Paragraph 9 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 9 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

ANSWER:     To the extent the allegations in Paragraph 10 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 10 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has

no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 10.

11.    GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA
TREVINO,  and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN
TREVINO, who have suffered personal and pecuniary loss as a result of the death of their
husband and father, and have suffered from the loss of his love, affection, society, and
companionship that they enjoyed prior to his death.

ANSWER:    To the extent the allegations in Paragraph 11 suggest negligence or misconduct by

General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  To the extent further response is required, General Motors has no knowledge sufficient

to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180-0.01 *et seq.*

ANSWER:    To the extent the allegations in Paragraph 12 suggest negligence or misconduct by

General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  The allegations in Paragraph 12 otherwise state a legal conclusion to which no response

is required.

<u>Count V – Negligence/Survival Act (GM and U-Hauls)</u>

1-10.   The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of

Count V as though fully  set fourth herein.

ANSWER:    General Motors repeats its answers to Paragraphs 1-10 of Count IV as if fully re-

stated herein.

11.    As a direct and proximate result of one or more of the careless and negligent acts or
omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with
regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its
suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR.,

deceased, was injured and suffered personal and pecuniary damages, including conscious pain
and suffering prior to his death.

ANSWER:    To the extent the allegations in Paragraph 11 relate to or concern General Motors,

denied.  To the extent the allegations in Paragraph 11 are directed at other parties, no response

from General Motors is required.   To the extent further response is required, General Motors has

no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 11.


12.    Had Gregorio Trevino, Jr., deceased, survived, he would have been entitled to bring an
action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and
accrues to his Estate.

ANSWER:    To the extent the allegations in Paragraph 12 suggest negligence or misconduct by

General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  The allegations in Paragraph 12 otherwise state a legal conclusion to which no response

is required.


<u>Count VI – Negligence/Family Expense Act (GM and U-Hauls)</u>

1-10.   The Plaintiffs repeat and reallege paragraphs 1-10 of Count IV as paragraphs 1-10 of

Count VI as though fully set forth herein.


ANSWER:    General Motors repeats its answers to Paragraphs 1-10 of Count IV as if fully re-

stated herein.


11.    As a direct and proximate result of one or more of the careless and negligent acts or
omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with
regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its
suspension system, its steering system, and wheel bearings, all while in the possession, custody,
or control of each of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased,
suffered from injuries which resulted in his death.

ANSWER:    To the extent the allegations in Paragraph 11 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 11 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 11.

12.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

ANSWER:    To the extent the allegations in Paragraph 12 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and/or these allegations state a legal conclusion to which no response is required.

### Count VII – Willful and Wanton/Wrongful Death (GM and U-Hauls)

1.    The GM/U-HAUL DEFENDANTS sold, manufactured, distributed, equipped, designed, leased, maintained, and/or marketed the subject U-Haul in a manner showing utter indifference and conscious disregard for the welfare of the Plaintiffs and the general motoring public.

ANSWER:    To the extent the allegations in Paragraph 1 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 1 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.    The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the fact that the subject U-Haul was defective and unreasonably dangerous for its intended and reasonably foreseeable uses and for the foreseeable ancillary consequences of its normal use.  Such foreseeable ancillary consequences include collisions.

ANSWER:    General Motors admits it exercised reasonable care with respect to the subject medium duty truck, denies any defect existed in this truck when it left General Motors' custody and control and denies that any vehicle can eliminate the risk of injuries in all accidents regardless of the circumstances involved.  To the extent the allegations in Paragraph 2 suggest something to the contrary, denied.  To the extent the allegations in Paragraph 2 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.    The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing, leasing, maintaining, and/or marketing the subject U-Haul such that it would not be defective and unreasonably dangerous and such that the type of incident and resulting injuries as described herein would be prevented.

ANSWER:    General Motors admits it exercised reasonable care with respect to the subject medium duty truck, denies any defect existed in this truck when it left General Motors' custody and control and denies that any vehicle can eliminate the risk of injuries in all accidents regardless of the circumstances involved.  To the extent the allegations in Paragraph 3 suggest something to the contrary, denied.  To the extent the allegations in Paragraph 3 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.    The GM/U-HAUL DEFENDANTS knew of, or acted with utter indifference and conscious disregard for, the means of selling, manufacturing, distributing, equipping, designing,

leasing, maintaining, and/or marketing the subject U-Haul and its components, including, but not limited to, its defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, resulting in GREGORIO TREVINO, JR., deceased, suffering from injuries which resulted in his death

ANSWER:    General Motors admits it exercised reasonable care with respect to the subject medium duty truck, denies any defect existed in this truck when it left General Motors' custody and control and denies that any vehicle can eliminate the risk of injuries in all accidents regardless of the circumstances involved.  To the extent the allegations in Paragraph 4 suggest something to the contrary, denied.  To the extent the allegations in Paragraph 4 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.


5.    The GM/U-HAUL DEFENDANTS acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' descendent and the general motoring public by the GM/U-HAUL DEFENDANTS' failure to adequately sell, manufacture, distribute, equip, design, lease, maintain, and/or market the subject U-Haul and its components, including but not limited to its fuel tank and fuel delivery system, its breaks its suspension system, its steering system, and wheel bearings.

ANSWER:    To the extent the allegations in Paragraph 5 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 5 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 5.

6.     The GM/U-HAUL DEFENDANTS additionally acted with utter indifference and conscious disregard for the unreasonable risk of harm posed to Plaintiffs' decedent and the general motoring public by the GM/UHAUL DEFENDANTS' failure to provide adequate or proper warnings or instructions to users of the subject U-Haul, and by their failure to recall or timely recall the subject U-Haul or make appropriate post-marketing efforts to prevent incidents such as the one described herein.

ANSWER:     To the extent the allegations in Paragraph 6 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 6 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.


7.     The aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS imposed an unreasonable risk of harm on Plaintiffs and the general motoring public.

ANSWER:     To the extent the allegations in Paragraph 7 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 7 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 7.


8.     As a direct and proximate result of one or more of the aforesaid willful and wanton acts or omissions on the part of the GM/U-HAUL DEFENDANTS, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

ANSWER:     To the extent the allegations in Paragraph 8 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 8 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8.

9.     GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his daughters, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTEN TREVINO, who have suffered personal and pecuniary loss as a result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

ANSWER:     To the extent the allegations in Paragraph 9 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9 and/or these allegations state a legal conclusion to which no response is required.

10.     This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

ANSWER:     To the extent the allegations in Paragraph 10 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  The allegations in Paragraph 10 otherwise state a legal conclusion to which no response is required.

<u>Count VIII – Willful and Wanton/Survival Act (GM and U-Hauls)</u>

1-8.     The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count VIII as though fully set forth herein.

ANSWER:     General Motors repeats its answers to Paragraphs 1-8 of Count VII as if fully re-stated herein.

9.      As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

ANSWER:      To the extent the allegations in Paragraph 9 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 9 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10.      Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

ANSWER:      To the extent the allegations in Paragraph 10 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  The allegations in Paragraph 10 otherwise state a legal conclusion to which no response is required.

<u>Count IX – Willful and Wanton/Family Expense Act (GM and U-Hauls)</u>

1-8.      The Plaintiffs repeat and reallege paragraphs 1-8 of Count VII as paragraphs 1-8 of Count IX as though fully set forth herein.

ANSWER:      General Motors repeats its answers to Paragraphs 1-8 of Count VII as if fully re-stated herein.

9.      As a direct and proximate result of one or more of the careless and negligent acts or omissions on the part of the GM/U-HAUL DEFENDANTS, including, but, not limited to, with regard to the U-Haul's defective and inadequate fuel tank and fuel delivery system, its breaks, its suspension system, its steering system, and wheel bearings, GREGORIO TREVINO, JR.,

deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

ANSWER:     To the extent the allegations in Paragraph 9 relate to or concern General Motors, denied.  To the extent the allegations in Paragraph 9 are directed at other parties, no response from General Motors is required.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 9.

10.     Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, GREGORIO TREVINO, JR., deceased.

ANSWER:     To the extent the allegations in Paragraph 10 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and/or these allegations state a legal conclusion to which no response is required.

<u>Count X – Negligence (Geary)</u>

WRONGFUL DEATH ACT

1.     At all times relevant hereto, Defendant WILLIAM GEARY, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as not to injure other persons traveling on the highway.

ANSWER:     The allegations in Paragraph 1 are not directed at General Motors and, therefore, no response is required.  However, General Motors admits that all drivers have a duty to use ordinary care and caution in the operation of motor vehicles on public roads and highways.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.     At the aforesaid time and place, Defendant WILLIAM GEARY, deceased, violated such duty and was careless and negligent in ore or more of the following ways:

> a. Negligently operated, managed, maintained, and controlled the subject U-Haul
>
> b. Operated the subject U-Haul without keeping a safe and proper lookout;
>
> c. Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;
>
> d. Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;
>
> e. Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which GREGORIO TREVINO, JR., deceased, was driving; and
>
> f. Was otherwise careless and negligent.

ANSWER:    The allegations in Paragraph 2 are not directed at General Motors and, therefore, no response is required.  However, General Motors admits that all drivers have a duty to use ordinary care and caution in the operation of motor vehicles on public roads and highways.   To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.     As a direct and proximate result of one or more of the aforesaid careless and negligent acts on the part of Defendant WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, suffered from injuries which resulted in his death.

ANSWER:    The allegations in Paragraph 3 are not directed at General Motors and, therefore, no response is required.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.     GREGORIO TREVINO, JR., deceased, has left as his survivors his wife, Plaintiff IDA TREVINO, and his children, Plaintiffs SARAH RENE TREVINO and ANGELA KRISTIN TREVINO, who have suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of the love, affection, society, and

companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

ANSWER:    The allegations in Paragraph 4 are not directed at General Motors and, therefore, no response is required.  To the extent these allegations suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.    This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 *et seq.*

ANSWER:    The allegations in Paragraph 5 are not directed at General Motors and, therefore, no response is required.  To the extent these allegations suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  The allegations in Paragraph 5 otherwise state a legal conclusion to which no response is required.

<u>Count XI – Negligence/Survival Act (Geary)</u>

1-3.    The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of Count XI as though fully set forth herein.

ANSWER:    General Motors repeats its answers to Paragraphs 1-3 of Count X as if fully re-stated herein.

4.    As a direct and proximate result of one or more of the careless and negligent acts on the part of WILLIAM GEARY, deceased, GREGORIO TREVINO, JR., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

ANSWER:    The allegations in Paragraph 4 are not directed at General Motors and, therefore, no response is required.  To the extent further response is required, General Motors has no

knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 4.

7.      Had GREGORIO TREVINO, JR., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

ANSWER:      The allegations in Paragraph 7 are not directed at General Motors and, therefore,

no response is required.  To the extent these allegations suggest negligence or misconduct by

General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  The allegations in Paragraph 7 otherwise state a legal conclusion to which no response is

required.

## Count XII – Negligence/Family Expense Act (Geary)

1-3.      The Plaintiffs repeat and re-allege paragraphs 1-3 of Count X as paragraphs 1-3 of

Count XI as though fully set forth herein.

ANSWER:      General Motors repeats its answers to Paragraphs 1-3 of Count X as if fully re-

stated herein.

4.      As a direct and proximate result of one or more of the careless and negligent acts on the part of William Geary, deceased, Gregorio Trevino, Jr., deceased, suffered from injuries which resulted in his death.

ANSWER:      The allegations in Paragraph 4 are not directed at General Motors and, therefore,

no response is required.  To the extent further response is required, General Motors has no

knowledge sufficient to form a belief as to the truth of the remaining allegations contained in

Paragraph 4.

5.    Plaintiff Ida Trevino therefore has been forced to expend great sums of money in funeral, burial, and medical expenses as a result of the death of her husband, Gregorio Trevino, Jr., deceased.

ANSWER:    The allegations in Paragraph 5 are not directed at General Motors and, therefore, no response is required.  To the extent the allegations in Paragraph 5 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and/or these allegations state a legal conclusion to which no response is required.

### Count XIII – Willful and Wanton/Wrongful Death Act (Geary)

1.    At all time relevant hereto, Defendant William Geary, deceased, had a duty to use ordinary care and caution in the operation of the subject U-Haul so as no to injure other persons traveling on the highway.

ANSWER:    The allegations in Paragraph 1 are not directed at General Motors and, therefore, no response is required.  However, General Motors admits that all drivers have a duty to use ordinary care and caution in the operation of motor vehicles on public roads and highways.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1.

2.    At the aforesaid time and place, Defendant William Geary, deceased, violated such duty and acted with utter indifference and conscious disregard for the safety of Plaintiffs and the general motoring public in one or more of the following ways:

      a.  Acted with utter indifference and conscious disregard in his operation, management, maintenance, and/or control of the subject U-Haul;

      b.  Operated the subject U-Haul without keeping a safe and proper lookout;

      c.  Proceeded at a speed that was greater than reasonable and proper with regard to traffic conditions and the use of the highway, or which endangered the safety of persons or property;

    d. Failed to exercise due care to avoid colliding with the RBX tractor-trailer which Corey Hill was driving;

    e. Failed to exercise due care to avoid colliding with the Great Dane tractor-trailer which Gregorio Trevino, Jr., deceased, was driving; and

    f. Was otherwise willful and wanton.

ANSWER:    The allegations in Paragraph 2 are not directed at General Motors and, therefore, no response is required. However, General Motors admits that all drivers have a duty to use ordinary care and caution in the operation of motor vehicles on public roads and highways. To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 2.

3.    As a direct and proximate result of one or more of the aforesaid willful and wanton acts on the part of Defendant William Geary, deceased, Gregorio Trevino, Jr., deceased, suffered from injuries which resulted in his death.

ANSWER:    The allegations in Paragraph 3 are not directed at General Motors and, therefore, no response is required. To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 3.

4.    Gregorio Trevino, Jr., deceased, has left as his survivors, his wife, Plaintiff Ida Trevino and his children, Plaintiffs Sarah Rene Trevino and Angela Kristin Trevino, who has suffered personal and pecuniary loss as the result of the death of their husband and father, and have suffered from the loss of hi love, affection, society, and companionship that they enjoyed prior to his death and have endured grief, sorrow, and mental suffering.

ANSWER:    The allegations in Paragraph 4 are not directed at General Motors and, therefore, no response is required. To the extent these allegations suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied. To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.      This action arises under the Illinois Wrongful Death Act, 740 ILCS 180/0.01 et seq.

ANSWER:     The allegations in Paragraph 5 are not directed at General Motors and, therefore, no response is required.  To the extent these allegations suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  The allegations in Paragraph 5 otherwise state a legal conclusion to which no response is required.

### Count XIV – Willful and Wanton/Survival Act (Geary)

1-3.    The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XIV as though fully set forth herein.

ANSWER:     General Motors repeats its answers to Paragraphs 1-3 of Count XIII as if fully re-stated herein.

4.      As a direct and proximate result of one or more of the willful and wanton acts on the part of William Geary, deceased, Gregorio Trevino, Jr., deceased, was injured and suffered personal and pecuniary damages, including conscious pain and suffering prior to his death.

ANSWER:     The allegations in Paragraph 4 are not directed at General Motors and, therefore, no response is required.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.      Had Gregorio Trevino, Jr., deceased, survived, he would have been entitled to bring an action for such damages.  Pursuant to 755 ILCS 5/27-6, the action therefore survives him and accrues to his Estate.

ANSWER:     The allegations in Paragraph 5 are not directed at General Motors and, therefore, no response is required.  To the extent these allegations suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages,

denied.  The allegations in Paragraph 5 otherwise state a legal conclusion to which no response is required.

XV – Willful and Wanton/Family Expense Act (Geary)

1-3.    The Plaintiffs repeat and reallege paragraphs 1-3 of Count XIII as paragraphs 1-3 of Count XV as though fully set forth herein.

ANSWER:    General Motors repeats its answers to Paragraphs 1-3 of Count XIII as if fully re-stated herein.

4.    As a direct and proximate result of one or more of the willful and wanton acts on the part of William Geary, deceased, Gregorio Trevino, Jr., deceased, suffered from injuries which resulted in his death.

ANSWER:    The allegations in Paragraph 4 are not directed at General Motors and, therefore, no response is required.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 4.

5.    Plaintiff IDA TREVINO therefore has been forced to expend great sums of money in funeral, burial and medical expenses as a result of the death of her husband, Gregorio Trevino, Jr., deceased.

ANSWER:    The allegations in Paragraph 5 are not directed at General Motors and, therefore, no response is required.  To the extent the allegations in Paragraph 5 suggest negligence or misconduct by General Motors or liability or responsibility for the alleged accident, injuries and/or damages, denied.  To the extent further response is required, General Motors has no knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 and/or these allegations state a legal conclusion to which no response is required.

<u>AFFIRMATIVE DEFENSES</u>

General Motors has not yet had the opportunity to complete its discovery or investigation of this matter and, therefore, relies upon such of the following defenses as may prove applicable after discovery or at trial:

1.      The Complaint fails in whole or in part to state a claim upon which relief can be granted against General Motors.

2.      The alleged damages were a result of the misuse, abuse and/or failure to maintain and control the vehicle in question.

3.      The alleged damages were the result of actions by third persons outside the control or supervision of General Motors.

4.      The alleged damages were caused by an intervening and/or superseding cause.

5.      Plaintiffs' decedent was contributory negligent and/or assumed the risk of injury.

6.      To the extent that it is established that the product in question was modified or altered in any manner, any claims against General Motors are barred.

7.      General Motors asserts all defenses available to it under the applicable state product liability law.

8.      General Motors relies on the written warranty given to the first retail purchaser of the subject vehicle.

9.      General Motors denies each allegation that is not specifically admitted to be true.

10.     The vehicle in question, when it left General Motors' control, was consistent with the state of the art and complied with all applicable governmental safety standards.

11.     The substantive or procedural law of another state may be applicable to this action and General Motors reserves the right to file a motion to determine same.

12.     A forum other than the Northern District of Illinois may be the more appropriate and convenient forum applicable to this action and General Motors reserves the right to file a motion requesting transfer of this action to a more appropriate forum.

13.     Plaintiffs' claims may be barred by the applicable statute of limitations.

14.     Plaintiffs' claims may be barred, in whole or part, from recovery due to spoliation of evidence.

15.     Plaintiffs have failed to join parties indispensable to a just adjudication of their claims.

16.     The alleged injuries were the result of unavoidable circumstances.

17.     Plaintiffs failed to allege a claim for which punitive damages can be recovered.

18.     If Plaintiffs sustained damages as alleged,   which General Motors specifically denies, the assessment of exemplary or punitive damages violates General Motors' constitutional rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and the applicable state constitution, in one or more of the following respects:

a.     the guidelines, standards, and/or instructions for assessing exemplary or punitive damages are vague, are indefinite, are uncertain, supply no notice to General Motors of the potential repercussions of its alleged conduct, set no limit on the damages that can be awarded, fail to require proof of every element beyond a reasonable doubt, are subject to the unbridled discretion of the jury, and do not allow adequate judicial review, thereby denying due process;

b.     the assessment of exemplary or punitive damages is criminal or penal in nature, and therefore, the rights given defendants in criminal proceedings are applicable;

c.     the assessment of exemplary or punitive damages amounts to the imposition of an excessive fine and/or cruel and unusual punishment;

d.     the assessment of exemplary or punitive damages exposes General Motors to multiple punishments and fines for the same act;

e.     the assessment of exemplary or punitive damages constitutes double jeopardy;

f.     the assessment of exemplary or punitive damages discriminates against General Motors in that General Motors' corporate status, wealth, or net worth may be considered by the jury in determining the amounts of any such damage awards and different amounts can be awarded against different defendants for the same act depending solely on the status or material wealth of the various defendants, thereby denying equal protection under the law;

g.     the assessment of exemplary or punitive damages does not provide an adequate procedure for the determination of exemplary or punitive damages in violation of the equal protection and substantive and procedural due process requirements of the Pennsylvania Constitution and the United States Constitution and in violation of the United States Supreme Court's decision in Pacific Mutual Ins. Co. v. Haslip; and

h.     the assessment of exemplary or punitive damages constitutes an impermissible burden on interstate commerce.

19.    Plaintiffs' Complaint fails to allege facts which meet the clear and convincing standard of proof required for recovery of punitive or exemplary damages and/or damages for aggravating circumstances.

20.    Notwithstanding the above, the law of the State of Michigan applies to Plaintiffs' claims for exemplary or punitive damages.

21.    General Motors reserves the right to raise such additional defenses as may become available through investigation and discovery and to adopt and assert any defenses raised or asserted by any other defendant, if any, to this action.

WHEREFORE, General Motors requests plaintiff's Complaint be dismissed and that a judgment of no cause for action be entered in favor of General Motors, along with costs, attorneys' fees and any other relief deemed appropriate.

<u>DEMAND FOR TRIAL BY JURY</u>

General Motors relies on plaintiffs' demand for a jury trial and separately asserts in own for a trial by jury of the above-captioned case.

By: <u>s/  Katharine N. Dunn</u>
    One of the Attorneys for Defendant,
    General Motors Corporation

Katharine N. Dunn ARDC No. 6282789
Dykema Gossett PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700

## <u>CERTIFICATE OF SERVICE</u>

I, Caressa Gibson, hereby certify that on **<u>May 14, 2008</u>**, I electronically filed the foregoing Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

        Darren VanPuymbrouck
        Renee C. Kelley
        Schiff Hardin LLP
        6600 Sears Tower
        Chicago, Illinois 60606

        By:    <u>s/Katharine N. Dunn</u>
            Katharine N. Dunn (6282789)
            Attorneys for Defendant General Motors Corporation
            DYKEMA GOSSETT PLLC
            10 South Wacker Drive, Suite 2300
            Chicago, IL  60606
            Telephone: (312) 627-2134
            kdunn@dykema.com