**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, | ) ) ) ) ) | |
| | ) | Case No. 08-cv-2255 |
| Plaintiffs, | ) ) | |
| | ) | Judge Dow |
| v. | ) ) | |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFREY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased, | ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | | |

**DEFENDANT U-HAUL INTERNATIONAL, INC.'S
OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

Defendant U-Haul International, Inc. ("U-Haul International") states as follows in support of its opposition to Ida Trevino's, individually and in her alleged capacity as special administrator of the Estate of Gregorio Trevino, Jr., deceased, and as next friend of Sara Rene Trevino and Angela Kristin Trevino (hereinafter collectively referred to as "Plaintiffs") motion to remand their case to the Circuit Court of Cook County, Illinois:

Plaintiffs are inappropriately attempting to avoid this Court's federal jurisdiction. They dismissed their first suit, which was properly removed to this Court, and immediately re-filed the same complaint in state court the next day. The *only* difference between Plaintiffs' two suits is

that their second complaint names a new local defendant: a special administrator, not personally liable to Plaintiffs, to replace one previously appointed by Plaintiffs to stand in place of deceased co-defendant William Geary.  Plaintiff's remand motion should be denied because such tactical gamesmanship is an inappropriate attempt to defeat this Court's jurisdiction.

Additionally, Plaintiffs improperly initiated their own wrongful death suit after one had already been filed and a special administrator already appointed for William Geary. Consequently, the order Plaintiffs obtained from the Cook County Circuit Court appointing their own administrator for Mr. Geary is duplicative, inappropriate and thus cannot support remand.

Finally, Plaintiffs' joinder of the remaining local defendant is fraudulent because they cannot recover from it, and its citizenship should be disregarded for diversity purposes.

## I.    STATE COURT PROCEEDINGS.

### A.    Gregorio Trevino's Lawsuit.

Over two months prior to the filing of the instant suit, on or about January 24, 2008, Gregorio Trevino, in his alleged capacity as special administrator of the Estate of Gregorio Trevino, Jr., deceased, filed a lawsuit in the Circuit Court of Cook County, Illinois seeking recovery under the Illinois Wrongful Death, Survival and Family Expense Acts.  Mr. Trevino's lawsuit is based on his son's fatality resulting from a vehicular accident in Kentucky on or about April 21, 2006 allegedly caused by William Geary (the deceased U-Haul lessee purportedly responsible for the vehicular accident at issue in both Mr. Trevino's and Plaintiffs' complaints).

Significantly, on January 24, 2008, pursuant to Illinois procedural rules, Mr. Trevino moved the Cook County Circuit Court to appoint Janet Deutsch as special administrator to act as a surrogate defendant in place of William Geary, who is deceased and thus unable to participate

in Mr. Trevino's suit. A copy of the order appointing Ms. Deutsch in that capacity is attached hereto as Exhibit A.

U-Haul International properly removed Mr. Trevino's suit to this Court on March 10, 2008, where it is currently pending before Judge Dow as Case No. 08-cv-1409. Subsequently, Mr. Trevino amended his complaint to drop any claims for relief under Illinois law. Mr. Trevino's Amended Complaint now seeks relief on behalf of Mr. Trevino and his wife Oralia under the Texas Wrongful Death Act. Mr. Trevino has not sought a remand of his case.

**B.    Ida Trevino's Identical Lawsuits.**

Rather than intervening in Mr. Trevino's wrongful death suit, which had been pending for over two months, Plaintiffs chose to ignore Illinois policy against duplicative wrongful death litigation and filed their own wrongful death suit on April 10, 2008 ("Plaintiffs' First Complaint"). Plaintiffs moved the Cook County Circuit Court to have Ms. Trevino appointed as yet another special administrator to prosecute yet another wrongful death action that arose out of the same accident at issue in Mr. Trevino's suit.[1]

Additionally, rather than pursuing their claims against William Geary through Janet Deutsch, who had already been appointed by Mr. Trevino over two months earlier, Plaintiffs moved to appoint Mechelle Walsh as yet another special administrator to stand in William Geary's place. A copy of the order appointing Ms. Walsh in the identical capacity as Ms. Deutsch is attached hereto as Exhibit B.

U-Haul International properly removed Plaintiffs' First Complaint to federal court on April 14, 2008 before any local defendants were served, including William Geary via Mechelle

---

[1]  Although U-Haul International has moved to dismiss Mr. Trevino's complaint for lack of standing, it appears that Ms. Trevino has standing to bring her wrongful death claims. Consequently, U-Haul International would not object if Plaintiffs intervened in Mr. Trevino's suit as potential wrongful death beneficiaries. Of course, intervening in a pending federal suit would have been, and remains, inconsistent with Plaintiffs' goal of avoiding federal jurisdiction.

Walsh.  The First Complaint was pending before Judge Gettleman as Case No. 08-cv-2120. Significantly, Plaintiffs never contested or objected to this Court's jurisdiction over their First Complaint.  Rather, on April 16, 2008, while that complaint was pending in federal court, Plaintiffs amended it to add U-Haul Co. of Oregon, Inc. and U-Haul Co. of North Carolina, Inc. as defendants.  Plaintiffs' amendment did not add, drop or substitute any other parties, including a new administrator to take the place of Mechelle Walsh.

The next day, April 17, 2008, Plaintiffs voluntarily dismissed their First Complaint in federal court, including all claims against William Geary via Mechelle Walsh.  Under Rule 41(a)(1), they had the automatic right to do so because, at that time, no defendant had filed a responsive pleading.  However, the next day (April 18), U-Haul International learned that instead of intervening in Mr. Trevino's earlier-filed suit, as they should have, Plaintiffs chose to *re-file the same complaint* in Cook County Circuit Court ("Plaintiffs' Second Complaint").  The precipitating accident, facts, causes of action, damages, plaintiffs and defendants in the Second Complaint are identical to those in Plaintiffs' First Complaint.

The *only* difference between the two complaints is that Plaintiffs substituted Jeffrey Crook in place of Mechelle Walsh as yet another administrator for William Geary.  A copy of the order appointing Mr. Crook in place of Ms. Walsh is attached hereto as Exhibit C.  The reason for this purely nominal substitution was that Plaintiffs could attempt to avoid federal jurisdiction by serving Mr. Crook, the new surrogate for local defendant William Geary, before another removal of their case.  Plaintiffs had four days between removal of their First Complaint and filing of their second to devise a strategy: study U-Haul International's theory of removing their First Complaint, dismiss it, substitute a new local defendant as a "straw man" and immediately serve him before U-Haul International could remove again.

The events in circuit court on April 18 reveal the extent of Plaintiffs' intent to avoid federal jurisdiction. Plaintiffs' proof of service on Mr. Crook was filed at 12:31 p.m. on April 18. *See* Exhibit D. Mr. Crook's counsel simultaneously filed a responsive pleading on April 18 at 12:31 p.m. *See* Exhibit E. Thus, Plaintiffs filed their Second Complaint, served Mr. Crook, and Mr. Crook's counsel drafted and filed a responsive pleading…*all before the half-way point of the same workday.* And it seems more than an interesting coincidence that filings of two "adverse" parties were submitted to the circuit clerk at the same time.

After inappropriately duplicating litigation and fees, and tactically maneuvering to avoid federal jurisdiction, it is truly incredible that Plaintiffs seek remand *and costs*. Plaintiffs' gamesmanship should not be rewarded, their remand motion should be denied and U-Haul International should be awarded costs and fees associated with removing Plaintiffs' Second Complaint and opposing their request for remand.

## II.    REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION.

### A.    Complete Diversity Of Citizenship

#### i.    Unserved local defendant rule.

The basis of U-Haul International's removal of Plaintiffs' First Complaint was, in part, that Mechelle Walsh, the first administrator appointed by Plaintiffs for William Geary, was a local defendant who had not been served at the time of removal. 28 U.S.C. § 1441(b) unambiguously states that diversity actions "shall be removable only if none of the parties in interest properly joined *and* served as defendants is a citizen of the State in which such action is brought." (emphasis added). Courts have consistently held that "[t]he statute is clear. The presence of unserved resident defendants does not defeat removal where complete diversity exists." *Wensil v. E.I. Dupont De Nemours and Co.*, 792 F. Supp. 447, 449 (D.S.C. 1992); *see*

*also Test Drilling Service Co. v. Hanor Co.*, 322 F. Supp.2d 953, 957 (C.D. Ill. 2004); *In re Bridgestone/Firestone, Inc. Tires Products Liability Litigation*, 184 F. Supp.2d 826, 828 (S.D. Ind. 2002).

In Plaintiffs' First Complaint, the forum state citizen defendants, including Mechelle Walsh, had not been served at the time of removal, and there was complete diversity among the parties. Plaintiffs did not contest or object to this Court's jurisdiction over their First Complaint. Rather, on April 16, 2008, while that complaint was pending in federal court, Plaintiffs amended it to add U-Haul Co. of Oregon, Inc. and U-Haul Co. of North Carolina, Inc. as defendants. Plaintiffs' amendment did not add, drop or substitute any other parties, including a new administrator to take the place of Mechelle Walsh.

>    ii.    **Jeffrey Crook has been fraudulently joined for the sole purpose of defeating federal jurisdiction.**

With U-Haul International's theory of removing the First Complaint before them, Plaintiffs deliberately dismissed that complaint and re-filed it the next day for the sole purpose of attempting to avoid federal jurisdiction. The only difference between the two complaints is the appointment of a new special administrator for deceased co-defendant William Geary, Jeffrey Crook, who was immediately served to block U-Haul International's re-removal of the case under the same theory as the first removal.

In *Myers v. Hertz Penske Truck Leasing, Inc.,* the court discussed a plaintiff's "forum shopping maneuver" in which, after his first lawsuit was removed, he moved to dismiss it and simultaneously filed a new lawsuit in state court identical to the first with one exception: naming new local defendants to prevent another removal. *Myers v. Hertz Penske Truck Leasing, Inc.,* 572 F.Supp. 500, 503 (N.D. Ga. Sept. 21, 1983). In discussing an analogous case, the *Myers* court ruled that the plaintiff's second case appeared to have been a "sham" because it sought

exactly the same damages for exactly the same injuries as the first case, and its filing could only be explained as an attempt to defeat removal. *Id.*

Specifically, the *Myers* court found the plaintiff's second state court complaint was:

[V]irtually word for word identical to the case in [federal] court. It asserts the same facts, states the same claim, and seeks the same damages as the present action. The sole difference is the addition of two employees who were acting within the scope of their employment. These employees were mentioned, although not named as defendants, in the first case, and it is apparent that they were known to the plaintiff at the time he first filed suit. Plaintiff could have joined these defendants at the time. The fact that he did so only after removal and that he seeks no further damages from them indicates that his sole purpose in joining them is to defeat removal. While this might have been permissible in the first instance…it is not permissible at this late date after defendant has properly removed.

*Id.*

Consequently, the *Myers* court held that the second case was filed solely for the purpose of avoiding federal jurisdiction where it included a new defendant but was otherwise nothing more than a restatement of a properly removed case. *Id.*

As in *Myers*, Plaintiffs' Second Complaint is a "forum shopping maneuver" and "sham" – *i.e.,* filed solely for the purpose of avoiding federal jurisdiction. Plaintiffs did not object to removal of their First Complaint; in fact, they amended it while it was pending before Judge Gettleman. Subsequent to their amendment, Plaintiffs dismissed the First Complaint on April 17, 2008 and immediately re-filed the same complaint the next day, on April 18, with only one difference: they appointed Jeffrey Crook to take Mechelle Walsh's position as deceased co-defendant William Geary's administrator.

Plaintiffs' First and Second Complaints are otherwise indistinguishable in every respect. The precipitating accident, facts, causes of action, damages, plaintiffs and defendants are identical. Plaintiffs do not claim liability or damages from either Mechelle Walsh or Jeffrey

Crook personally, and there is no reason Plaintiffs could not initially name Jeffrey Crook instead of Mechelle Walsh in their First Complaint. Thus, Plaintiffs are merely maneuvering to avoid federal jurisdiction.

Moreover, the *Myers* court did not require a showing that joinder of additional defendants was "fraudulent in the sense that they have absolutely no liability or are mere straw men." *Myers*, 572 F.Supp. at 502. Rather, it "looked to the purpose of the second suit, focusing on the nature of the cause of action and the damages sought." *Id.*

Plaintiffs' Second Complaint is fraudulent because Jeffrey Crook has absolutely no liability to Plaintiffs *and* because it is no different in terms of claims and damages than the First Complaint. Other than attempting to defeat federal jurisdiction, there was absolutely no reason to substitute administrators after Plaintiffs' First Complaint was removed. Neither administrator appointed by Plaintiffs to serve on behalf of co-defendant William Geary is personally liable to Plaintiffs. Plaintiffs merely appointed them to stand in place of a deceased co-defendant unable to participate in their case. Further, as previously noted, but for the substituted administrators, there is absolutely nothing to distinguish the First and Second Complaints. Jeffrey Crook is thus a "straw man" – a last minute substitute for Mechelle Walsh made solely to avoid federal jurisdiction.

The *Myers* court followed the principles established in *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir. 1975). In *Frith,* plaintiff's remand motion in his first case was denied because the local co-defendant was not a legal entity and, thus, fraudulently joined. Plaintiff re-filed the same suit in state court, this time substituting the local owner/operator in place of the non-legal entity as a defendant. After removal, the second judge remanded the

second-filed case, holding that the owner/operator was not fraudulently joined. Thereafter, the first judge enjoined the second case from continuing in state court.

Though the *Frith* court overruled the injunction, it did so only because a ruling had already been made that "the second suit was not brought in an attempt to subvert the purposes of the removal statute and was not aimed at defeating federal jurisdiction." *Id.* at 901. Thus, the injunction was denied "under these circumstances" because collateral estoppel prevented the first judge from ruling on an issue previously decided by the second – whether the second suit was brought solely to defeat federal jurisdiction. *Id.*

*Frith* does not prevent Plaintiffs' Second Complaint from remaining in federal court for several reasons. Collateral estoppel issues are not present here because Plaintiffs' remand motion has yet to be ruled upon. Also, no legal obstacles prevented Plaintiffs from either maintaining their First Complaint against Mechelle Walsh, the administrator they first appointed to serve for William Geary, or initially joining Jeffrey Crook instead of Ms. Walsh. Further, neither administrator has any personal liability to Plaintiffs, so it is unnecessary to substitute Mr. Crook to afford Plaintiffs complete relief. If they did, Plaintiffs simply could have amended their First Complaint in federal court by adding Mr. Crook, or substituting him for Ms. Walsh.[2] Instead, Plaintiffs dismissed and re-filed their case against a new administrator for the sole purpose of subverting removal and defeating federal jurisdiction, which is the type of fraudulent behavior in *Myers* and *Frith* that prevents remand.

Finally, the *Myers* and *Frith* principles remain applicable even though U-Haul International cannot seek an injunction of the Second Complaint. Upon dismissal of Plaintiffs'

---

[2] Though Plaintiffs could not achieve the desired result of avoiding federal jurisdiction by simply amending their First Complaint in federal court to substitute Mr. Crook. Post-removal amendments cannot be the basis for remand. *See Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 74 (7th Cir. 1992); *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992).

First Complaint, no objection was made because (i) it was reasonable to assume that, if they chose to pursue their claims, Plaintiffs would not engage in their current procedural chicanery and, instead, intervene in Mr. Trevino's first-filed suit; (ii) there was nothing to enjoin because Plaintiffs dismissed their First Complaint before filing their Second Complaint; and (iii) Plaintiffs were not required to seek U-Haul International's permission to dismiss under Rule 41(a)(1).

It is noteworthy that the *Myers* court discussed the role of Rule 41 when used to avoid federal jurisdiction:

> Because of the court's decision on the defendant's motion for the injunction the court must deny plaintiff's motion for a Rule 41(a)(2) dismissal without prejudice. Although plaintiffs are normally granted this type of motion *in the absence of a showing of legal prejudice to the defendant*, the policy…of protecting the removal jurisdiction of the federal courts from cynical legal gamesmanship would not be served by granting it. To allow the plaintiff to dismiss now would be to allow him to attain by the back door what he could not attain by the front door.

*Id.* (emphasis added)

As in *Myers*, Plaintiffs' voluntary dismissal of their First Complaint should have no affect on the Court's decision to deny remand of the Second Complaint. By dismissing their First Complaint, Plaintiffs engaged in "cynical legal gamesmanship" that denies U-Haul International the ability to remain in federal court after a proper and uncontested removal of Plaintiffs' First Complaint. Plaintiffs are using their Second Complaint to attack federal jurisdiction because they did not, and could not, do so after their First Complaint was removed. Thus, simply because the Second Complaint cannot be enjoined under these circumstances, Plaintiffs' remand motion should still be denied because their maneuvering is a clear attempt to avoid federal jurisdiction. A contrary holding would neutralize the removal statute by permitting the type of "gamesmanship" forbidden by existing precedent.

> ### iii. Jeffrey Crook has been fraudulently joined because a special administrator had already been appointed for William Geary at the time of removal.

In Illinois, wrongful death actions must be brought by the personal representative of the decedent's estate. *Abiola v. Abubaker*, 2003 WL 22012220 at \*2 (N.D. Ill. Aug. 25, 2003); *Glenn v. Johnson*, 764 N.E.2d 47, 52 (Ill. 2002); *Mio v. Alberto-Culver Co.*, 715 N.E.2d 309, 313 (2nd Dist. 1999). This serves the dual purposes of ensuring that the interests of all beneficiaries are protected and of avoiding a multiplicity of actions arising out of the death of a single individual. *Abiola*, 2003 WL 22012220 at \*2. Judicial economy is promoted, and the unfairness of subjecting defendants to multiple lawsuits is eliminated.

In this regard, if the propriety of Mr. Trevino's appointment as special administrator of his son's estate was in question, Plaintiffs should have intervened in Mr. Trevino's first-filed suit and contested his ability to act in that capacity and adequately represent their interests. *See Johnson v. Village of Libertyville*, 502 N.E.2d 474, 477-79 (2nd Dist. 1986) (permitting purported beneficiaries to intervene where widower acting as special administrator failed and resisted in bringing claims on behalf of beneficiaries). Had they done so, Plaintiffs would have also been able to move against William Geary via Janet Deutsch – an administrator already appointed for the sole purpose of pursuing claims against William Geary.[3]

Instead of challenging either appointment, and in contravention of Illinois' wrongful death law, Plaintiffs inappropriately filed a second suit arising out of the same accident at issue in Mr. Trevino's first-filed complaint and appointed their own set of administrators. Plaintiffs

---

[3] Whether removal is appropriate must be determined at the time of removal. *See In re Shell Oil Co.*, 966 F.2d at 1133; *Chase v. Shop 'N Save Warehouse Foods*, 110 F.3d 424 (7th Cir. 1997). Thus, Mr. Trevino's and Janet Deutsch's appointment as special administrators must be examined at the time Plaintiffs' Second Complaint was removed, and Mr. Trevino's subsequent amendment to drop claims under Illinois law is immaterial. At the time of removal, Mr. Trevino claimed to have already been appointed as special administrator of his son's estate, and in that capacity to have appointed Janet Deutsch as administrator of William Geary's estate. Plaintiffs have not challenged either appointment.

have burdened two courts and unfairly forced U-Haul International (and other defendants) to incur additional costs by defending identical claims in multiple cases.

Thus, because Ms. Deutsch is alleged to have already been appointed special administrator to serve as a defendant to lawsuits against William Geary arising out of the same accident alleged by Plaintiffs in their Second Complaint, Jeffrey Crook's appointment in the identical capacity is improper, and he has been fraudulently joined as a defendant. Therefore, for this additional reason, Jeffrey Crook's citizenship should be ignored for purposes of determining diversity in the instant litigation.

### iv.     U-Haul of Illinois has been fraudulently joined.

Plaintiffs' final challenge to this Court's jurisdiction is that they claim to show a reasonable possibility of recovering against U-Haul Co. of Illinois, Inc., the remaining local defendant ("U-Haul of Illinois"). The purported basis for this challenge in their remand motion is that U-Haul of Illinois may have "maintained" the U-Haul vehicle involved in the accident at some unspecified point in time. However, Plaintiffs fail to establish any proximal link between U-Haul of Illinois' purported maintenance of the vehicle and the accident. Accordingly, U-Haul of Illinois has been fraudulently joined and its citizenship should be ignored for purposes of determining diversity. *See, e.g., Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Schwartz v. State Farm Mutual Automobile Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999); *Hoosier Energy Rural Electric Co-op., Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994).[4]

Initially, Plaintiffs have no possibility of recovering against U-Haul of Illinois because, contrary to Rule 10(b), they improperly combine separate instances of allegedly tortious conduct

---

[4]  It is telling that Mr. Trevino dismissed U-Haul of Illinois as a defendant in his amended complaint after he learned that William Geary purportedly rented the vehicle from U-Haul Co. of Florida, Inc.

by eight defendants into single claims.  Plaintiffs fail to identify which of the seven U-Haul

Defendants, including U-Haul of Illinois, and General Motors Corp. in Counts I-IX may be

responsible for variously "selling, manufacturing, distributing, equipping, designing, leasing,

maintaining and/or marketing moving vans, including the subject U-Haul."   Neither do

Plaintiffs' attempt to distinguish which of the eight defendants in Counts I-IX is responsible for

the "design and/or manufacture" of each of the vehicle's purportedly "defective and inadequate

fuel tank and fuel delivery system, its brakes, its suspension system, its steering system."

Moreover, Plaintiffs fail to distinguish which of these eight defendants was "in the possession,

custody, or control" of these allegedly defective components at any time.  As a result, with

respect to U-Haul of Illinois, Plaintiffs have failed go "beyond the speculative level" and provide

"enough facts to state a claim to relief that is plausible on its face."  *Killingsworth v. HSBC Bank*

*Nevada, NA.,* 507 F.3d 614, 618 (7th Cir. 2007) (*quoting Bell Atlantic Corp. v. Twombly*, 127

S.Ct. 1955, 1964-65, 1974 (2007)).

        Additionally, Plaintiffs cannot recover from U-Haul of Illinois because its conduct was

not the proximate cause of decedent's injury.  *Yager v. Illinois Bell Tel. Co.*, 667 N.E.2d 1088,

1093-94 (4th Dist. 1996).  Plaintiffs' general allegations that U-Haul of Illinois was engaged in

the business of maintaining "moving vans" are far too general to create any proximal link

between U-Haul of Illinois and the *specific* vehicle and injury at issue.  Similarly, to the extent

Plaintiffs claim that U-Haul of Illinois maintained the subject vehicle at some unspecified point

in time prior to the accident, that is equally insufficient to state a claim, let alone establish

proximate cause.  *See* Second Complaint, Count I ¶ 1; *Yager*, 667 N.E.2d at 1093-94 ("the mere

possibility that a defendant's conduct has caused an injury [may become] so slight that it may be

disregarded as a matter of law").

Most significantly, U-Haul International has shown that at least three intervening actors "maintained" the vehicle prior to the accident at issue, and that U-Haul of Illinois did not maintain the vehicle at or even near the time of the accident.  Affidavit of Jeff Alden attached to Notice of Removal at ¶ 6.  The vehicle had scheduled maintenance performed in Florida on December 9 and 10, 2005, in Oregon on March 10, 2006, and in North Carolina on April 5, 2006.  Affidavit of Robert Magyar attached to Notice of Removal at ¶ 6.  In fact, Plaintiff amended their First Complaint in federal court to add the U-Haul entities allegedly responsible for performing this maintenance.  Thus, causation cannot exist even if, according to Plaintiffs, maintenance was performed on the subject vehicle by U-Haul of Illinois at some unspecified point in time prior to the accident.  *Yager*, 281 Ill. App. 3d at 909, 667 N.E.2d at 1093, 1094 ("[a] defendant's acts do not proximately cause a plaintiff's injuries if the independent act of a third person intervenes between defendant's act and the injury").

For the foregoing reasons, Plaintiffs do not have a reasonable possibility of recovering against U-Haul of Illinois and its citizenship should be ignored for purposes of determining diversity.

## III.    <u>CONCLUSION.</u>

Plaintiff's remand motion should be denied because their tactical gamesmanship is an inappropriate attempt to defeat this Court's jurisdiction.  Their dismissal of a properly removed complaint, followed by an immediate re-filing of the same complaint in state court the next day to substitute a nominal defendant is merely an attempt to get what they could not by maintaining their first action: state court jurisdiction.

Additionally, Plaintiffs' initiation of their own wrongful death suit after one had already been filed improperly multiplies wrongful death cases under Illinois law.  They cannot choose to

appoint another administrator to serve in the same capacity as one previously appointed for William Geary.

Finally, Plaintiffs' joinder of U-Haul of Illinois is fraudulent because they cannot establish that it was the proximate cause of decedent's injury, and its citizenship should be disregarded for diversity purposes.

WHEREFORE, Defendant U-Haul International, Inc. respectfully requests the Court to deny Plaintiffs' motion to remand their Second Complaint; consistent with *Shop 'N Save*, 110 F.3d at 430-31, award U-Haul International its costs and fees associated with removing Plaintiffs' fraudulently filed Second Complaint and arguing their remand motion; and for such other and further relief as this Court deems just and proper.


Dated: June 6, 2008                                    Respectfully submitted,

                                                       **U-HAUL INTERNATIONAL, INC.**


                                                       _____s/ Dmitry Shifrin_____
                                                       George Jackson III, #6189680
                                                       Dmitry Shifrin, #6279415
                                                       BRYAN CAVE LLP
                                                       161 N. Clark St., Suite 4300
                                                       Chicago, IL 60601
                                                       (312) 602-5000
                                                       (312) 602-5060 (fax)

                                                       Dan Ball (admitted *pro hac vice*)
                                                       BRYAN CAVE LLP
                                                       211 N. Broadway, Suite 3600
                                                       St. Louis, MO 63102
                                                       (314) 259-2000
                                                       (314) 259-2020 (fax)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 6th day of June, 2008, a copy of the foregoing Opposition to

Remand was served via the Court's CM/EFC system to the following counsel of record:


Darren VanPuymbrouck
Renee C. Kelley
SCHIFF HARDIN
6600 Sears Tower
Chicago, IL 60606

James F. Perrin
Paula A. Wyatt
4825 Everhart Rd.
Corpus Christi, TX 78411


s/ Dmitry Shifrin

MAY-06-2008 13:32 From:SALVI SCHOSTOK      312 372 3720      To:210 527 0501      P.3/3

STATE OF ILLINOIS )
                 ) SS
COUNTY OF COOK )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| GREGORIO TREVINO, Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased,     )<br>            )<br>            )<br>            )<br>        Plaintiffs,       )<br>            )<br>vs.                )<br>U-HAUL COMPANY OF ILLINOIS, INC.,   )<br>U-HAUL INTERNATIONAL, INC. and     )<br>ROGER D. GEARY,               )<br>            )<br>        Defendants.     ) | NO. |

### ORDER

THIS MATTER COMING before this Court on a Petition to Appoint a Special Administrator to Serve as Defendant, and it being represented that JANET M. DEUTSCH is legally competent to act as Special Administrator;

IT IS HEREBY ORDERED that JANET M. DEUTSCH is appointed Special Administrator to serve as Defendant for all purposes relating to this lawsuit.

ENTER:

Dated at Chicago, Illinois this
_____ day of January, 2008.

_____

DONALD R. MCGARRAH
SALVI, SCHOSTOK & PRITCHARD P.C. - #34560
181 W. Madison Street, Suite 3800
Chicago, IL 60602
312/372-1227



ENTERED
JUDGE WILLIAM D. MADDUX-1559

JAN 2 4 2008

DOROTHY BROWN
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL
DEPUTY CLERK_____



EXHIBIT

A

Firm I.D. 90219

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

IDA TREVINO, Individually and as          )
Independent Administrator of the Estate of )
GREGORIO TREVINO, JR., deceased,          )
And as Next Friend of SARAH RENE          )
TREVINO AND ANGELINA KRISTIN              )
TREVINO, minors,                          )

                Plaintiffs,          )

vs.                                       )

U-HAUL COMPANY OF ILLINOIS, INC.,         )
U-HAUL INTERNATIONAL, INC.,               )
U-HAUL COMPANY OF ARIZONA, INC.,          )
U-HAUL COMPANY OF FLORIDA, INC.,          )
U-HAUL LEASING & SALES CO.                )
GENERAL MOTORS CORPORATION, and           )
MECHELLE WALSH, as Special Administrator  )
of the Estate of WILLIAM GEARY, deceased. )

                Defendants.         )

2008L003922
CALENDAR/ROOM X
TIME 00:00
Product Liability

Case No. _____
Calendar/Room _____

## ORDER

This Cause coming on to be heard on the Motion of Schiff Hardin LLP to appoint a Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

That MECHELLE WALSH is appointed as Special Administrator of the Estate of WILLIAM GEARY pursuant to 740 ILCS 180/2.1 for purposes of prosecuting a wrongful death action against his Estate.

DATED:_____          ENTER:_____  JUDGE JAMES D. EGAN  APR 1 0 2008
                                         JUDGE

Darren VanPuymbrouck
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
Tel: (312) 258-5500
Fax: (312) 258-5600
CHI\5682055.1\04.09.08

EXHIBIT
B

**Firm I.D. 90219**

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, LAW DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as | ) |
| Special Administrator of the Estate of | ) |
| GREGORIO TREVINO, JR., deceased | ) |
| And as Next Friend of SARAH RENE | ) |
| TREVINO and ANGELA KRISTIN | ) |
| TREVINO, minors,   Case 1:08-cv-02255   Document 17-3   Filed 04/30/2008   Page 26 of 26 | ) |
| | ) 2008L004269 |
| Plaintiffs, | ) CALENDAR/ROOM D |
| | ) TIME 00:00 |
| v. | ) Product Liability |
| | ) **Case No.** |
| U-HAUL COMPANY OF ILLINOIS, INC., | ) **Calendar/Room** |
| U-HAUL INTERNATIONAL, INC., | ) |
| U-HAUL COMPANY OF ARIZONA, INC., | ) |
| U-HAUL COMPANY OF FLORIDA, INC., | ) |
| U-HAUL LEASING & SALES CO., | ) |
| U-HAUL COMPANY OF OREGON, | ) |
| U-HAUL COMPANY OF NORTH CAROLINA | ) |
| GENERAL MOTORS CORPORATION, and | ) |
| JEFFREY CROOK, as Special Administrator | ) |
| Of The Estate of WILLIAM GEARY, deceased | ) |
| | ) |
| Defendants. | ) |

### ORDER

This Cause coming on to be heard on the Motion of Lipkin & Higgins to appoint a Special Administrator, and the Court having considered the Motion and being fully advised in the premises, hereby orders as follows:

That JEFFREY CROOK is appointed as Special Independent Administrator of the Estate of WILLIAM GEARY for purposes of naming a proper party in a wrongful death action against his Estate pursuant to 740 ILCS 180/2.1.

DATED:_____          ENTER:_____

Peter F. Higgins                    JUDGE
Lipkin & Higgins
222 N. LaSalle Street              **JUDGE DONALD J. SURIANO**
Suite 2100
Chicago, IL 60601                  APR 18 2008
Tel: (312) 857-1710
CHI\5694472.1                      **Circuit Court - 1717**

EXHIBIT

C

0 - Served                          2121 - Served
0 - Not Served                      2221 - Not Served
0 - Served By Mail                  2321 - Served By Mail
0 - Served By Publication           2421 - Served By Publication      FILED
MMONS                               ALIAS - SUMMONS           CCG N001-10M-1-07-05 (                    )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, Law                          DIVISION
                                        CLERK OF THE CIRCUIT COURT
                                           OF COOK COUNTY, IL

(Name all parties)
a Trevino, Individually and as Special Administrator
the Estate of Gregorio Trevino, Jr., deceased et al    Case 1:08-cv-02255    Document 17-6    Filed 04/30/2008    Page 1 of

                    v.

Haul Company of Illinois, Inc., et al          No. _____
        (see reverse)
                                        JEFFREY CROOK
                                        222 N LASALLEST
                                        SUITE 2102
                    SUMMONS              CHICAGO, IL 60601

each Defendant:

   YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is
reto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the
lowing location:

☑  Richard J. Daley Center, 50 W. Washington, Room ___ 801 ___, Chicago, Illinois 60602

☐  District 2 - Skokie          ☐  District 3 - Rolling Meadows    ☐  District 4 - Maywood
   5600 Old Orchard Rd.            2121 Euclid                         1500 Maybrook Ave.
   Skokie, IL 60077                Rolling Meadows, IL 60008           Maywood, IL 60153

☐  District 5 - Bridgeview      ☐  District 6 - Markham           ☐  Child Support
   10220 S. 76th Ave.              16501 S. Kedzie Pkwy.               28 North Clark St., Room 200
   Bridgeview, IL 60455            Markham, IL 60426                   Chicago, Illinois 60602

ou must file within 30 days after service of this Summons, not counting the day of service.
 YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF
EQUESTED IN THE COMPLAINT.

o the officer:

   This Summons must be returned by the officer or other person to whom it was given for service, with
ndorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall
e returned so endorsed. This Summons may not be served later than 30 days after its date.

                                                              APR 1 8 2008
                                        WITNESS, _____

tty. No.: 90219                                         DOROTHY BROWN
lame: Darren Van Puymbrouck                             CLERK OF CIRCUIT COURT
                                                        Clerk of Court            2008
tty. for: Plaintiff
ddress: Schiff Hardin LLP, 6600 Sears Tower      Date of service: _____
ity/State/Zip: Chicago, IL 60606                 (To be inserted by officer on copy left with defendant
elephone: (312) 258-5500                            or other person)

ervice by Facsimile Transmission will be accepted at: _____
                                                 (Area Code)  (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS


EXHIBIT
D

Affidavit of Special Process Server          CCG N060-50M-2/28/05 (43480658)

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

*Cook*      **DEPARTMENT,**    *LAW*

**(County)**    **(Municipal)**         **(Division)**      **(District)**

No. ___*08L-4269*___

### AFFIDAVIT OF SPECIAL PROCESS SERVER

*JACK LABOLT* _____ **being first**

duly sworn on oath deposes and says that s/he was appointed by the Court on ___*4/18*___, *2008*
to serve process in the above mentioned cause.

**I.**   That s/he served the within summons and a copy of the complaint on the within named Defendant, _____

___*JEFFREY CROOK*_____

by leaving a copy of each with the said Defendant personally on ___*4/18*___, *2008*.

**II.**   That s/he served the within summons and a copy of the complaint on the within named Defendant, _____

_____ by leaving a copy of each at his/her usual place of abode with

_____ a person of the family of the age of 13 years or upwards and informed

that person of the content thereof on _____, _____, and that further s/he mailed a

copy of each in a sealed envelope with postage prepaid addressed to the Defendant, _____

at his/her usual place of abode on _____, _____.

**III.**   (a) That the sex, race and approximate age of the Defendant or other person with whom s/he left the summons
     are as follows:   Sex _____    Race _____    Approximate Age _____

     (b) That the place where (if possible in terms of an exact street address) and the date and time of the day when the
     summons was left with the Defendant or other person were as follows:

     Place_____

     Date _____, _____    Time of day _____, .m.

**IV.**   That s/he was unable to serve the within named Defendant.

_____
**Special Process Server Signature**

Signed and sworn before me on this _____ day of _____, _____

_____ **Notary public**

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, LAW DIVISION

IDA TREVINO, Individually and as          )
Special Administrator of the Estate of    )
GREGORIO TREVINO, JR., deceased           )
And as Next Friend of SARAH RENE          )
TREVINO and ANGELA KRISTIN                )
TREVINO, minors,                          )

Plaintiffs,          )
                     )
v.                   )    Case No. 2008-L-003922
                     )
U-HAUL COMPANY OF ILLINOIS, INC.,         )    Calendar/Room
U-HAUL INTERNATIONAL, INC.,               )
U-HAUL COMPANY OF ARIZONA, INC.,          )    JURY DEMAND
U-HAUL COMPANY OF FLORIDA, INC.,          )
U-HAUL LEASING & SALES CO.,               )
U-HAUL COMPANY OF OREGON,                 )
U-HAUL COMPANY OF NORTH CAROLINA          )
GENERAL MOTORS CORPORATION, and           )
JEFFREY CROOK, as Special Administrator   )
Of The Estate of WILLIAM GEARY, deceased  )
                                          )
Defendants.          )

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT JEFFREY CROOK, AS SPECIAL ADMINISTRATOR OF THE ESTATE OF WILLIAM GEARY, DECEASED

NOW COMES Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, by his attorneys, LIPKIN & HIGGINS, and for his answer to Plaintiff's Complaint at Law, states as follows:

1.-3.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 1 through 3.

4.    Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, admits that he has been appointed Special Administrator of the Estate of William Geary,



EXHIBIT
E

deceased, for purposes of naming a proper party defendant to this litigation. Defendant admits that Ex. C of Plaintiff's Complaint is an Order of the Circuit Court of Cook County appointing Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased.

5.-13. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 5 through 13.

14. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that Plaintiff's Complaint names him in the capacity of Special Administrator of the Estate of WILLIAM GEARY, deceased. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that Ex. C to Plaintiff's Complaint is an Order of the Circuit Court of Cook County appointing Jeffrey Crook as Special Administrator of the Estate of WILLIAM GEARY, deceased. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that Plaintiff's Complaint alleges that at the time of the incident from which this claim arises, and at the time of his death, WILLIAM GEARY, deceased, was an individual residing in Chicago, Illinois. Defendant further answers that whether the Estate of William Geary, deceased, is a citizen of the state of Illinois pursuant to 28 U.S.C. § 1332(c)(2) is a question of law and therefore Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, makes no answer thereto.

15.-16. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the factual allegations in this paragraph as to Defendants UHCI, UHCA, UHCF, UHLSC, UHO, UHCNC, and GM. Defendant admits that Plaintiff's Complaint alleges that William Geary,

deceased, was a natural person domiciled in Illinois when this cause of action arose and at the time of his death. Defendant further answers that Plaintiff's allegations as to the applicability of 735 ILCS 5/2-209(b)(3), 735 ILCS 5/2-209(b)(4),735 ILCS 5/2-101, and 735 ILCS 5/2-102(a) are questions of law to be determined by the Court, and therefore this Defendant makes no answer thereto.

17. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, admits that this Complaint purports to arise from the death of Gregorio Trevino, Jr. on April 21, 2006, and that it names Ida Trevino as representative of the Estate of Gregorio Trevino, Jr. As to the remaining allegations of Paragraph 17, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

18-19. Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraphs 18-19, and therefore makes no answer thereto.

20. To the extent that Paragraph 20 contains allegations against William Geary, deceased, Defendant denies the allegations. To the extent that Paragraph 20 contains allegations against Defendants other than William Geary, deceased, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

21. Defendant admits that Plaintiff's complaint pleads that Plaintiff is entitled to recover in an amount in excess of this Court's minimum jurisdictional limits. To the extent that Paragraph 21 contains further allegations against William Geary, deceased, Defendant denies the allegations. To the extent that Paragraph 21 contains allegations against Defendants other than

William Geary, deceased, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

22.    To the extent that Paragraph 22 contains allegations against William Geary, deceased, Defendant denies the allegations. To the extent that Paragraph 22 contains allegations against Defendants other than William Geary, deceased, Defendant is without knowledge or information sufficient to form a belief as to those allegations, and therefore makes no answer thereto.

### COUNTS I - IX

Counts I through IX of the Plaintiff's Complaint at Law are not plead against the Estate of William Geary, deceased, and therefore this Defendant makes no answer thereto. To the extent that Counts I through IX of Plaintiff's Complaint at Law contain allegations against the Estate of William Geary, deceased, this Defendant, this Defendant denies the allegations set forth in Counts I through IX.

**WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

### COUNT X

1.    Whether Defendant William Geary, deceased, owed Plaintiffs or other persons a duty is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto. To the extent an answer is deemed to be required, Defendant denies the allegations of Paragraph 1 of this Count.

2.    Defendant denies the allegations of Paragraph 2 of this Count and all subparagraphs thereof.

3.     Defendant denies the allegations of Paragraph 3 of this Count.

4.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of this Count, and therefore makes no answer thereto.

5.     The application of 740 ILCS 180/0.01 et seq. is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto.

WHEREFORE, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XI

1.-3.   Defendant repeats his answers to Paragraphs 1-3 of Count X as his answers to Paragraphs 1-3 of this Count.

4.     Defendant denies the allegations of Paragraph 4 of this Count.

7.     To the extent that Paragraph 7 of this Count contains allegations against William Geary, deceased, Defendant denies the allegations.  Defendant further answers that the application of 755 ILCS 5/27-6 is a question of law to be determined by this Court, and therefore Defendant makes no answer to Plaintiff's allegations regarding the applicability of that statute.

WHEREFORE, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XII

1.-3.   Defendant repeats his answers to Paragraphs 1-3 of Count X as his answers to Paragraphs 1-3 of this Count.

4.     Defendant denies the allegations of Paragraph 4 of this Count.

5.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5, and therefore this Defendant makes no answer thereto.

**WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XIII

1.     Whether Defendant William Geary, deceased, owed Plaintiffs or other persons a duty is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto.  To the extent an answer is deemed to be required, Defendant denies the allegations of Paragraph 1 of this Count.

2.     Defendant denies the allegations of Paragraph 2 of this Count and all subparagraphs thereof.

3.     Defendant denies the allegations of Paragraph 3 of this Count.

4.     Defendant is without knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 4 of this Count, and therefore Defendant makes no answer thereto.

5.     The applicability of 740 ILCS 180/0.01 et seq. is a question of law to be determined by this Court, and therefore Defendant makes no answer thereto.

**WHEREFORE**, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XIV

1.-3.    Defendant restates his answers to Paragraphs 1-3 of Count XIII as Paragraphs 1-3 of this Count.

4.    Defendant denies the allegations of Paragraph 4 of this Count.

5.    To the extent that Paragraph 7 of this Count contains allegations against William Geary, deceased, Defendant denies the allegations.  Defendant further answers that the application of 755 ILCS 5/27-6 is a question of law to be determined by this Court, and therefore Defendant makes no answer to Plaintiff's allegations regarding the applicability of that statute.

WHEREFORE, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## COUNT XV

1.-3.    Defendant restates his answers to Paragraphs 1-3 of Count XIII as his answers to Paragraphs 1-3 of this Count.

4.    Defendant denies the allegations of Paragraph 4 of this Count.

5.    Defendant is without knowledge or information sufficient to form a belief as to the allegations in Paragraph 5, and therefore Defendant makes no answer thereto.

WHEREFORE, Defendant Jeffrey Crook, as Special Administrator of the Estate of William Geary, deceased, denies that Plaintiff is entitled to relief against this Defendant, and prays that the Plaintiff's claims be dismissed with prejudice against this Defendant.

## AFFIRMATIVE DEFENSES

### First Defense

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Second Defense

Plaintiff's Complaint is barred by the applicable statute of repose or statute of limitations.

### Third Defense

Case 1:08-cv-02255 by Document 14-4, Filed 04/28/2008 Page 10 of 12

The injuries allegedly sustained by Plaintiff's decedent, if any, were proximately caused by his free and voluntary acts of knowingly and voluntarily placing himself in a position of danger and thus assuming the risks ordinarily incident to such acts.

### Fourth Defense

The negligent acts or omissions of Plaintiff's decedent were the sole proximate cause or a proximate contributing cause of the injuries and damages of which Plaintiff complains.

### Fifth Defense

Plaintiff's decedent's own negligent conduct was more than 50 percent responsible for his alleged injuries, and therefore Plaintiff is not entitled to recovery against this Defendant.

### Sixth Defense

The sole proximate cause of Plaintiff's decedent's alleged injuries was the acts or omissions of persons, corporations or entities other than this Defendant.

### Seventh Defense

If Plaintiff's decedent suffered damages as a result of the allegations set forth in the Complaint, then those damages were the result of intervening or superseding acts or omissions of persons other than Defendant.

### Eighth Defense

Defendant adopts and asserts any defenses raised or asserted by other defendants to this action.

### Ninth Defense

Defendant reserves the right to assert any additional defenses which it may learn

Case 1:08-cv-02255     Document 14-4     Filed 04/26/2008     Page 11 of 12

through discovery.

Respectfully Submitted,

Peter F. Higgins

Attorney for Defendant Jeffrey Crook, as
Special Administrator of the Estate of William
Geary, deceased.

LIPKIN & HIGGINS
222 N. LaSalle St Ste 2100
Chicago Illinois, 60601
Firm Id. 38968