**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, | ) | |
| Plaintiffs, | ) | |
| v. | ) | No. 08-CV-2255 |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., UHAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES, CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFERY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased, | ) | Judge Dow |
| Defendants. | ) | |

**PLAINTIFF'S REPLY BRIEF IN SUPPORT OF HER MOTION TO REMAND AND FOR FEES AND COSTS**

Plaintiff Ida Trevino, by her attorneys, Schiff Hardin LLP, individually and in her capacity as representative of the Estate of her husband Gregorio Trevino, Jr., and as next friend of his children, Sara Rene and Angela Kristin, submits the following reply brief in support of her motion to remand:

**SUMMARY OF THE ARGUMENT**

Despite its well-practiced gamesmanship, U-Haul International, Inc. ("UHI") casts aspersions at Plaintiff in an obvious, but uncompelling, attempt to deny Mrs. Trevino her chosen forum. Simply put, Plaintiff's motion to remand must be granted because, under 28 U.S.C. § 1441(c), the presence of a properly joined and served local defendant makes this case non-removable. Further, the case must be remanded because in its rush to removal and in its obvious attempt to avoid the Cook County Circuit Court's jurisdiction, UHI improvidently filed its notice of removal even before determining who had been served, much less obtaining the consent of all served defendants.

Moreover, the series of red herrings that UHI drags before the Court in an attempt to throw it off the proper trail are factually inaccurate, illogical, and simply irrelevant. Contrary to UHI's repeated claims: (1) Janet M. Deutsch was never appointed as the Special Administrator for William Geary's Estate; (2) the appointment of Jeffery Crook in Plaintiffs' Second lawsuit instead of Mechelle Walsh as Mr. Geary's Administrator neither affects Mr. Geary's residency, which is what prevents removal of this case, nor renders Plaintiff's claims against his estate fraudulent; (3) Plaintiff could not have "adequately represented [her] interests" by intervening in Mr. Trevino's suit, because he consented to federal jurisdiction, which Plaintiff does not; and (4) as UHI concedes, Plaintiff dismissed her first lawsuit as a matter of right, and, therefore, there was no reason for Plaintiff to "contest" or "object" to the Court's jurisdiction in that case.

The obscure case law relied upon by UHI and its nonsensical arguments based on those cases are equally misplaced. As will be described more fully below, unlike the present situation, in the *Myers* case, the plaintiffs named two new defendants in a belated attempt to defeat removal, and did so after several months of discovery and while the previously removed action was still pending in federal court. By contrast, Ida Trevino properly filed her second case in state court only after her first case had been dismissed and she did not newly add William Geary's Estate to defeat removal. Similarly, although it is difficult to discern from UHI's memorandum, the *Firth* decision is one in which the federal court actually struck down an attempt to deny plaintiff's chosen state forum. As here, the defendants in *Firth* could not bear their burden of proving that the plaintiff had added a party against which it did not have a legitimate claim merely to prevent removal.

Finally, Seventh Circuit precedent clearly establishes that a plaintiff is entitled to voluntarily dismiss a federal court case for the explicit purpose of refiling in state court. UHI's pedantic diatribe about Mrs. Trevino's filings repeatedly confuses the fundamental fact that William Geary's Estate could never be fraudulently joined where he was driving the defective U-Haul that killed Mr. Trevino and the fact that its jurisdictional gamesmanship was defeated by the proper and uncontested voluntary dismissal of her first case, followed by a refiling in state court.

## ARGUMENT

### I. UHI's Removal Is Unavoidably Defective Because A Local Defendant Was Properly Joined and Served at the Time of Removal and Because UHI Did Not Obtain Consent.

Although UHI initially claimed in its Notice of Removal that neither of the local defendants had been served at the time of its removal, UHI now concedes that William Geary's Estate was, in fact, served before removal. The fact that a local defendant was properly joined and served at the time of removal renders UHI's removal procedurally defective. *See Holmstrom v. Peterson,* 492 F.3d 833 (7th Cir. 2007) (noting that the forum defendant rule forbids removal when a properly joined and served party is a citizen of the forum state).

In its Opposition, UHI also abandons its contention that the consent of William Geary's estate is unnecessary. The law is very clear that all served defendants must consent to removal and that the plaintiff's motion to remand must be granted where the removing defendant fails to satisfy the requirement of unanimity. *See Speciale v. Seybold*, 147 F.3d 612, 617 (7th Cir. 1998); *Yount v. Shasek,* 472 F. Supp. 2d 1055 (S.D. Ill. 2006). In the face of two substantial procedural defects, UHI cannot rescue its faulty removal, and this Court must remand Plaintiff's case to the Circuit Court of Cook County.

### II. UHI's Claims that the Special Administrator of Geary's Estate and U-Haul of Illinois Are Fraudulently Joined Are Baseless.

Acknowledging that service on Geary's Estate blocks UHI from removing this case, *see* UHI's Opp. at 6, UHI attempts to salvage its defective removal by arguing that Jeffery Crook is somehow "fraudulently joined." First, as UHI acknowledged, any Special Administrator, including Mr. Crook, is merely a

"surrogate defendant" for the estate of the deceased which cannot otherwise participate in a lawsuit. UHI's Opp. at 2-3. Thus, UHI's assertion that "Plaintiff's Second Complaint is fraudulent because Jeffrey Crook has absolutely no liability to Plaintiff and because it is no different in terms of claims and damages than the First Complaint," UHI's Opp. at 8, is nonsensical and contradicted by its own acknowledgment. By definition, a Special Administrator is never individually liable to a plaintiff, rather, they serve merely as surrogates for the estates which may prove liable. Moreover, that Plaintiff's two Complaints contain the same claims and damages does not prove that William Geary's Estate was fraudulently named to avoid removal. Indeed, that Plaintiff has consistently maintained her allegations against William Geary's estate tends to show just the opposite—that they are bona fide and not fabricated to prevent removal.

Second, UHI attempts to make much of the fact that Mechelle Walsh had been appointed as the Special Administrator in Plaintiff's first lawsuit and Jeffrey Crook in her second lawsuit. Again, however, UHI does nothing to carry its burden to show that the appointment of two different Special Administrators in two different lawsuits somehow renders Plaintiff's claims against William Geary's Estate fraudulent. "A special administrator is empowered only to defend the action in which he is appointed," *Comm. Bank of Plano v. Otto*, 324 Ill. App. 3d 471, 475, 755 N.E.2d 532, 535 (2d Dist. 2001), and thus the appointment of Jeffery Crook as Special Administrator in this lawsuit is in no way inconsistent with the appointment of Mechelle Walsh as Special

Administrator in another suit.[1] Moreover, regardless of the identity of the special administrator, timely service on the local defendant's Estate prevents removal.

Third, from the outset, William Geary was a resident of Chicago, Illinois at the time of his death and thus is a "local defendant" whose presence defeats removal, *see* 28 U.S.C. § 1441(b), regardless of who is appointed as Special Administrator of his Estate for purposes of this suit. The identity or residence of the special administrator of a decedent's estate is irrelevant to the issues of removal or remand; it is the residence of the decedent that controls. *See* 28 U.S.C. § 1332(c)(2) ("the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same state as the decedent"). Geary was a citizen of Illinois at the time of his death and thus the legal representative of his Estate is deemed to be an Illinois citizen, regardless of who represents the Estate. Plaintiff alleges that Geary was operating the defective U-Haul in a negligent manner at the time of the accident, and UHI cannot argue with a

---

[1] UHI also claims that Mechelle Walsh was appointed in the "identical capacity" as Ms. Deutsch. A review of the appointment orders shows this is not so – Janet Deutsch was ***not*** appointed as administrator for William Geary's estate, but rather as an Administrator for "Defendants" in a suit to which William Geary ***is not even a party***. UHI's protest that Deutsch should have been named as a defendant in this suit because she had already been appointed administrator of the Geary Estate is factually inaccurate and legally baseless. UHI's suggestion that Plaintiff should have intervened in 08-CV-1409 at the time she voluntarily dismissed 08-CV-2120 because she would have been able to sue "William Geary via Janet Deutsch" is also incorrect. Geary's Estate was not even a named defendant in 08-CV-1409 at the time Plaintiff voluntarily dismissed her case. An amended complaint naming Geary's Estate in that case was not filed until May 6, 2008.

straight face that Plaintiff does not have a reasonable possibility of recovery against Geary's Estate.

Nor can UHI establish that U-Haul of Illinois is fraudulently joined. UHI presents a hodgepodge of arguments as to why U-Haul of Illinois is fraudulently joined: that the complaint does not comply with Fed. R. Civ. P. 10(b) because it does not plead its claims against U-Haul of Illinois in separate counts, that Plaintiff's claims against U-Haul of Illinois are "speculative" because Plaintiff claims U-Haul of Illinois maintained the moving van at an "unspecified point in time," and that because "at least three intervening actors" maintained the moving van after U-Haul of Illinois did, those intervening actors must have been the proximate cause of the injury, necessarily discharging U-Haul of Illinois from liability.

All of these arguments are misplaced. The court need not predict whether U-Haul of Illinois will in fact be held liable to Plaintiff, and it may not weigh the evidence or decide issues of fact at this point. *See, e.g., Pacheco De Perez v. AT&T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998) (in determining whether fraudulent joinder exists, courts are not permitted to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law); *cf. Mayes v. Rapoport,* 198 F.3d 457, 463-464, 466 (4th Cir. 1999) (a "glimmer of hope" that a plaintiff can establish a claim is sufficient to defeat accusations of fraudulent joinder).

The only relevant inquiry as to fraudulent joinder is whether Plaintiff has any ***reasonable possibility of recovery*** against U-Haul of Illinois. *See Poulos,*

959 F.2d at 73. Whether Plaintiff has complied with technical federal pleading rules such as 10(b) is irrelevant to whether Plaintiff has a reasonable possibility of recovering from U-Haul of Illinois under state substantive law. *See, e.g., Riddle v. Merck & Co., Inc.,* No. 06-172, 2006 WL 1064070, at *9 n.4 (S.D. Ill. Apr. 21, 2006) (noting defendant cannot establish fraudulent joinder by pointing to "formal defects" of complaint; fraudulent joinder is not established by plaintiff's failure to plead in compliance with Rule 9(b)). Plaintiff's allegation that U-Haul of Illinois was involved in the sale, manufacture, distribution, equipping, design, leasing, maintenance, and/or marketing of the defective U-Haul moving van is sufficient to establish that Plaintiff has a reasonable possibility of recovery from U-Haul of Illinois, especially considering U-Haul of Illinois's admission that it did maintain the moving van at some point in time.

**III. Clearly Established Seventh Circuit Precedent Permits Plaintiffs to Take a Voluntary Dismissal for the Sole Purpose of Refiling in State Court.**

Unable to escape the fact that a local defendant was properly joined and served, making this case non-removable under the clear language of 28 U.S.C. § 1441(b), UHI argues that Plaintiff's remand motion should be denied because Plaintiff has committed some kind of "procedural chicanery" in actively seeking a state court forum. UHI's diatribe against Plaintiff's attempt to secure a state court forum is pointless. There is nothing improper about Plaintiff's desire to pursue her claims in the Circuit Court of Cook County and as Plaintiff, it is her right to choose her forum. As discussed below, courts in the Seventh Circuit and elsewhere have issued numerous published opinions – apparently ignored

or overlooked by UHI – endorsing a plaintiff's ability to voluntarily dismiss a federal court case for the express purpose of refiling in state court. *See, e.g., Katzman v. Amer. Airlines, Inc.,* No. 97-CV-8321, 1997 WL 752730, at *1 (S.D.N.Y. Dec. 4, 1997) ("when plaintiffs seek discretionary dismissal under Rule 41(a)(2), nearly all courts grant those dismissals when defendant's only argument against dismissal is that plaintiff manifestly seeks to defeat federal jurisdiction.").

In support of its argument that Plaintiff has engaged in impermissible forum shopping maneuvers, UHI cites two cases, both of which are inapplicable to these facts and in any event not binding on this court. UHI first cites *Myers v. Hertz Penske Truck Leasing*, a 1983 case out of the Northern District of Georgia. In *Myers*, after the defendant removed to federal court and the parties conducted several months of discovery, plaintiff filed another complaint in state court arising out of the same facts ***while her federal action was still pending***. Her second complaint was identical to her first but for the addition of two new defendants, forum state residents who were mentioned but not sued in her first complaint and against whom she sought no damages. The court held that plaintiff would be enjoined from proceeding in the state court case pursuant to 28 U.S.C. § 1446(d), which provides that once a notice of removal is filed with the clerk of the state court, "the state court shall proceed no further unless and until the case is remanded."

In contrast to *Myers,* Mrs. Trevino filed her second state court case only after dismissing the first action that had been removed and which was pending

before Judge Gettleman. Thus, 28 U.S.C. § 1446(d), which was applicable in *Myers,* is completely inapplicable here. In addition, Plaintiff's complaint filed on April 18, 2008, does not add any new defendants. Geary's Estate was a named defendant in Plaintiff's first suit and Geary's Estate is a named defendant in this suit. As discussed above, the Special Administrator of a decedent's Estate is named only in a representative capacity and changing the administrator's name does not change the real party in interest or that party's domicile.

In *Firth v. Blazon-Flexible Flyer, Inc.*, plaintiff filed her first case in state court, defendants removed, and the judge denied remand, finding that no defendant was a local domiciliary. 512 F.2d 899 (5th Cir. 1975). Without dismissing her first case, plaintiff filed a second case in state court, adding a local domiciliary as a defendant. *Id.* at 900. That case was also removed, but the federal judge, finding no fraudulent joinder, remanded the case to state court. *Id.* Shortly after that second case was remanded, the federal judge in whose courtroom the first case was still pending attempted to enjoin plaintiffs from proceeding in the second case. *Id.* The Fifth Circuit held that, although under certain circumstances, a federal court could enjoin state court proceedings under § 1441(d), the plaintiff in *Firth* would be permitted to proceed on ***both*** her federal and state cases at the same time, because the judge in the second case had found no fraudulent joinder. *Id.* at 901. The judge in the first case was bound by that finding and, without a finding of fraud, could not enjoin the state court case. *Id.* *Firth*, in fact, permits a

plaintiff to proceed on a federal and state case simultaneously where there is no fraudulent joinder.

But neither *Firth* nor *Myers* are relevant to the facts of this case. In both *Firth* and *Myers*, the plaintiffs filed a second suit in state court while the first was still pending in federal court, meaning that two suits arising from the same incident were pending in two different courts at the same time. UHI essentially admits that these two cases are inapplicable, stating "there was nothing to enjoin because Plaintiffs dismissed their First Complaint before filing their Second Complaint." UHI's Opp. at 10. Neither case addresses the concern UHI raises: whether Plaintiff should be permitted to voluntarily dismiss her federal case in order to refile in state court.

However, courts that have addressed that particular issue have held that plaintiffs may take a voluntary dismissal for the express purpose of refiling the case in state court. UHI's argument that Plaintiff improperly voluntarily dismissed her case in order to refile in state court ignores clearly established Seventh Circuit precedent permitting such a practice. *Grivas v. Parmelee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953) (holding removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal in order to re-file his claims in state court). The fact that a defendant has once properly removed a case to federal court does not give defendant a vested or absolute right to a federal forum. *Id.*

In fact, recently an Illinois federal court addressing this very situation suggested that a plaintiff ***should*** take a voluntary dismissal in order to refile in

state court where defendants had rushed to file a notice of removal before plaintiff could serve a forum state defendant. *Associated Bank v. Dennis Tech., LLC,* No. 08-CV-0296, 2008 WL 2271491, at *3 (S.D. Ill. May 30, 2008) (noting defense counsel's removal victory "may be Pyrrhic and short-lived" because "Plaintiff still has the right to return to state court by filing a notice of voluntary dismissal under [Rule] 41(a)(1)(A)(i) . . . These parties may find themselves back in Illinois state court before summer weather reaches this courthouse."). Even where a plaintiff is not entitled to a voluntary dismissal as of right under Rule 41(a)(1), courts have permitted plaintiffs to take a voluntary dismissal under Rule 41(a)(2) for the express purpose of avoiding a federal forum. *See, e.g., Futch v. AIG, Inc.,* No. 07-CV-402, 2007 WL 1752200, at *3-4 (S.D. Ill. June 15, 2007) (allowing voluntary dismissal where plaintiff made the "tactical misstep" of joining a federal officer and sought voluntary dismissal of claims against federal officer for the sole purpose of returning to a state court forum). Courts have even recognized that plaintiff may take a voluntary dismissal and ***add*** a new local defendant to a subsequent state court filing in order to make the case non-removable, so long as there is a factual basis for a claim against the local defendant. *See, e.g., Stevenson v. Missouri Pac. R. Co.,* 53 F.R.D. 184, 185-86 (E.D. Ark. 1971). The cases clearly permit and encourage a voluntary dismissal for the sole purpose of re-filing in state court, and UHI has cited nothing to the contrary.

**IV. Plaintiff Is Entitled to Fees and Costs.**

As demonstrated above, fees and costs should be awarded, as UHI lacked an objectively reasonable basis for seeking removal. Removal is clearly improper where a local defendant has been properly joined and served and where the removing party fails to obtain consent. UHI's failure to investigate whether a local defendant had been served has forced Plaintiff to unnecessarily expend time and resources in responding to UHI's attempt at removal. Plaintiff is entitled to recover her costs and attorneys' fees incurred in preparing this motion to remand.

**CONCLUSION**

None of UHI's many arguments even touches on the fundamental fact that Plaintiff has more than a reasonable probability of recovering against William Geary's Estate, which is undeniably an Illinois resident that was joined and served before UHI's improper removal of this case. Nor can UHI deny that it failed to obtain the Estate's consent to its removal. Thus, for these reasons, Plaintiff's motion to remand must be granted.

Dated: June 16, 2008

Respectfully submitted,

By: /s/ Darren VanPuymbrouck

Darren VanPuymbrouck
Renee C. Kelley
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
Tel: (312) 258-5500
Fax: (312) 258-5600

OF COUNSEL:
James F. Perrin
State Bar No. 24027611
Paula A. Wyatt
State Bar No. 10541400
4825 Everhart Road
Corpus Christi, Texas 78411
Tel: (361) 857-2727
Fax: (361) 857-8783

ATTORNEYS FOR PLAINTIFFS

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2008, a copy of the foregoing Plaintiff's Reply Brief in Support of Her Motion to Remand and For Fees and Costs was served via the Court's CM/ECF system to the following counsel:

Dmitry Shifrin
BRYAN CAVE LLP
161 N. Clark St., Suite 4300
Chicago IL 60601
Attorney for Defendants:
U-Haul Company Of Illinois, Inc.,
U-Haul International, Inc.,
U-Haul Company Of Arizona, Inc.,
U-Haul Company Of Florida, Inc.,
U-Haul Leasing & Sales Co.,
U-Haul Company Of Oregon, Inc.
U-Haul Company Of North Carolina, Inc.

Peter F. Higgins
LIPKIN & HIGGINS
222 N. LaSalle St., Suite 2100
Chicago IL 60601
Attorney for Jeffery Crook, as Special Administrator of the Estate of William Geary

Katharine N. Dunn
DYKEMA GOSSETT PLLC
10 S. Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700
Attorney for Defendant General Motors Corporation

/s/ Darren VanPuymbrouck

Attorney for Plaintiff

CH1\5836915.2