# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| IDA TREVINO, Individually and as Special Administrator of the Estate of GREGORIO TREVINO, JR., deceased, and as Next Friend of SARA RENE TREVINO and ANGELA KRISTIN TREVINO, minors, | )<br>)<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 08-cv-2255 |
| | ) |
| U-HAUL COMPANY OF ILLINOIS, INC., U-HAUL INTERNATIONAL, INC., U-HAUL COMPANY OF ARIZONA, INC., U-HAUL COMPANY OF FLORIDA, INC., U-HAUL LEASING AND SALES CO., U-HAUL COMPANY OF OREGON, U-HAUL COMPANY OF NORTH CAROLINA, GENERAL MOTORS CORPORATION, and JEFFREY CROOK, as Special Administrator of the Estate of WILLIAM GEARY, deceased, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Ida Trevino's ("Plaintiff" or "Ms. Trevino") motion to remand [14] this case to the Circuit Court of Cook County. For the reasons stated below, Plaintiff's motion is granted.

**I.     Background**

On April 21, 2006, a rented U-Haul moving truck driven by an Illinois citizen, William Geary, crossed a highway median in Kentucky and crashed into a tractor-trailer driven by a Texas citizen, Gregorio Trevino, Jr. As a result of the collision, both vehicles caught fire and three people were killed, including both drivers.

Mr. Trevino, Jr. was survived by his spouse, Ida Trevino, his two minor children, Sara and Angela Trevino, and his parents, Gregorio and Oralia Trevino. This case is one of multiple actions that have been brought on behalf of Mr. Trevino Jr.'s survivors, all of whom are residents of Texas. Because the procedural history of those actions is relevant to the disposition of the pending motion, the Court will set forth that history in some detail below.

On January 24, 2008, Gregorio Trevino, Sr. brought a lawsuit in the Circuit Court of Cook County (No. 08-L-0841) against U-Haul International, Inc., U-Haul Company of Illinois, Inc., and Roger D. Geary, who is William Geary's step-son and a citizen of Tennessee. That lawsuit asserted negligence claims on behalf of Mr. Trevino, Jr.'s parents only and attached an order appointing Janet M. Deutsch as "Special Administrator to serve as Defendant for all purposes relating to this lawsuit." On March 10, 2008, the U-Haul Defendants removed Mr. Trevino, Sr.'s lawsuit to this Court, where it remains pending as Case No. 08-cv-1409. Plaintiffs did not seek remand, thereby consenting to have the case heard in federal court.

On April 10, 2008, Ida Trevino, in her individual capacity and as Special Administrator of her deceased husband's estate, and as the representative of the minor children, brought a lawsuit in the Circuit Court of Cook County (No. 08-L-3922) against various U-Haul entities, General Motors Corporation, and Mechelle Walsh, as Special Administrator of the Estate of William Geary. Ms. Trevino's initial lawsuit consisted of 15 counts and sought relief under theories of strict liability, negligence, and willful and wanton conduct under the Illinois Wrongful Death Act, the Survival Act, and the Family Expense Act. On April 14, 2008, before any local Defendants were served with the lawsuit, U-Haul International, Inc. removed the lawsuit to federal court, where it was assigned to Judge Gettleman as Case No. 08-cv-2120. After amending her complaint as of right on April 16, 2008, to add additional U-Haul entities as

2

Defendants, Ms. Trevino voluntarily dismissed the case pursuant to Fed. R. Civ. P. 41(a)(1) on April 17, 2008.

The following day, April 18, 2008, Ms. Trevino filed a second complaint in the Circuit Court of Cook County (No. 08-L-4269), asserting virtually the same claims as in her amended complaint in the prior lawsuit, but appointing Jeffrey Crook in place of Mechelle Walsh as Special Administrator to serve as a Defendant on behalf of William Geary's estate. On that same day, Ms. Trevino served Mr. Crook – who is deemed to be a local defendant because he stands in the shoes of an Illinois citizen, William Geary – and Mr. Crook filed a responsive pleading. On April 21, 2008, U-Haul International, Inc. removed Ms. Trevino's second lawsuit to federal court, where again it was assigned the Judge Gettleman as Case No. 08-cv-2255. This Court subsequently granted the U-Haul Defendants' motion to reassign that case to this Court as related to the lawsuit filed by Mr. Trevino, Jr.'s parents, No. 08-cv-1409.

Now pending before the Court is Ms. Trevino's motion to remand [14] Case No. 08-cv-2255 to the Circuit Court of Cook County. Having carefully considered the parties' briefs and the oral arguments presented at the October 21 status hearing, the Court grants Ms. Trevino's motion and remands this case to state court.

## II.     Analysis

### A.     Basic Principles of Removal and Remand

In deciding whether to remand a case, the Court assumes the truth of the factual allegations of the complaint. *Sheridan v. Flynn*, 2003 WL 22282378, at *3 (N.D. Ill. Sept. 30, 2003). A plaintiff's choice of forum is presumed valid and the Court must resolve any doubts about jurisdiction in favor of remand. See, *e.g.*, *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993) ("Courts should interpret the removal statute narrowly and presume that the

plaintiff may choose his or her forum"); *Schmude v. Sheahan*, 198 F. Supp. 2d 964, 966 (N.D. Ill. 2002) ("Generally, the removal statute is strictly construed, with an eye towards limiting federal jurisdiction"). Defendants bear the burden of establishing that all of the prerequisites for removal have been satisfied. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004). In determining whether removal is proper, the Court must consider the circumstances at the time the removal was made. See, *e.g.*, *In re Shell Oil Co.*, 966 F.2d 1130, 1133 (7th Cir. 1992).

1. **Application of the "Served and Joined" Rule**

In seeking remand, Plaintiff first points to the so-called "joined and served" rule set forth in the removal statute itself. Under that rule, an action filed in state court in which the basis for removal is diversity jurisdiction "shall be removable only if none of the parties in interest properly joined and served is a citizen of the State in which such an action is brought." 28 U.S.C. § 1441(b); *Hurley v. Motor Coach Indus., Inc.*, 222 F.3d 377, 378 (7th Cir. 2000). Application of the rule here means that this case was not suitable for removal if Plaintiff properly joined and served a citizen of Illinois as a Defendant. As one judge in this district has commented, "the purpose of the 'joined and served' requirement is to prevent a plaintiff from blocking removal by joining as a defendant a resident party against whom it does not intend to proceed, and whom it does not even serve." *Holmstrom v. Harod*, 2005 WL 1950672, at *2 (N.D. Ill. Aug. 11, 2005).

The statute conferring diversity jurisdiction on the federal courts states that "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." 28 U.S.C. § 1332(c)(2); see also *Northern Trust Co. v. Bunge Corp.*, 899 F.2d 591, 593 (7th Cir. 1990). Because William Geary was a citizen of Illinois at the time of his death, each of the various "representatives" of his estate designated in the actions arising out of

4

the accident involving Mr. Geary and Mr. Trevino, Jr. – Janet Deutsch, Mechelle Walsh, and Jeffrey Crook – must be deemed to be citizens of Illinois for removal and remand purposes.

Here, it is undisputed that while Plaintiff did not satisfy the "joined and served" requirement as to Ms. Walsh in her first lawsuit, she did so as to Mr. Crook in her second lawsuit. Moreover, as counsel for the U-Haul Defendants acknowledged at the hearing, Defendants do not challenge the propriety of maintaining an action against Mr. Geary's estate in connection with the fatal accident that he is alleged to have caused. In other words, the Special Administrator's presence in the lawsuit serves a legitimate purpose and is not merely a device for blocking removal. Because Mr. Crook is a properly joined and served Defendant who is deemed to be a citizen of Illinois, and thus a local Defendant, this case was not properly removed and must be remanded, unless Defendants succeed in their argument that Mr. Crook was fraudulently joined – an argument that will be addressed below.

### 2. Rule of "Unanimity" of Served Defendants

Plaintiff also contends that removal was improper – and, correspondingly, that remand is required – because the removing Defendants did not obtain the consent of all other served Defendants. See, *e.g.*, *Speciale v. Seybold*, 147 F.3d 612, 616-17 & n.4 (7th Cir. 1998). Here, it appears that U-Haul did not comply with the "rule of unanimity" for removal of a multiple defendant case, because Mr. Crook plainly was served (and, indeed, filed a responsive pleading) three days before the case was removed. Thus, this case was "improvidently removed without the consent of a served defendant" (*Schmude v. Sheahan*, 198 F. Supp. 2d 964, 967 (N.D. Ill. 2002)) and is subject to remand for that reason as well – again, subject to the Court's consideration of Defendants' argument that Mr. Crook was fraudulently joined to this lawsuit.

5

### B.     Application of the Fraudulent Joinder Exception

At the core of the U-Haul Defendants' opposition to Plaintiff's motion to remand is the assertion that the Court should disregard for jurisdictional purposes both of the in-state Defendants – Jeffrey Crook, as special administrator of the Estate of William Geary, and U-Haul Company of Illinois, Inc. – because they have been fraudulently joined to this action. In support of that argument, the U-Haul Defendants assert that Plaintiff has "inappropriately attempt[ed] to avoid this Court's federal jurisdiction" by voluntarily dismissing her original lawsuit and then refiling the identical lawsuit after serving it on Mr. Crook. There is no doubt that Plaintiff has taken actions to avoid this Court's jurisdiction; the question is whether those actions are inappropriate. After careful consideration of the U-Haul Defendants' arguments, the Court concludes that the answer to that question is "no."

According to the U-Haul Defendants, instead of engaging in the "tactical gamesmanship" and "forum shopping maneuver[s]" described above, Plaintiff simply should have intervened in the lawsuit that was brought in state court by Mr. Trevino, Jr.'s parents and removed without objection to this Court by the U-Haul Defendants. The U-Haul Defendants charge that by eschewing that course of action, Plaintiff has evaded the "Illinois policy against duplicative wrongful death litigation." Plaintiff responds that she cannot advance her interests simply by intervening in the action brought by Mr. Trevino, Jr.'s parents because (i) they cannot maintain a wrongful death action in Illinois and (ii) they have irrevocably consented to proceed in federal court, which she chooses not to do. Plaintiff also contends that even if intervention in the parents' action were permissible, it is by no means mandatory.

Fraudulent joinder is a narrow exception to the rule that "a plaintiff is normally free to choose its own forum." *Schwartz v. State Farm Mut. Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir.

1999). The exception applies when a plaintiff attempts to "join an in-state defendant solely for the purpose of defeating federal diversity jurisdiction." *Id*. Such improperly joined defendants are disregarded for purposes of removal and remand. *Id*. "Fraudulent joinder occurs either when there is no possibility that a plaintiff can state a cause of action against nondiverse defendants in state court, or where there has been outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Electric Co-op, Inc. v. Amoco Tax Leasing IV Corp.*, 34 F.3d 1310, 1315 (7th Cir. 1994) (quoting *Gottlieb v. Westin Hotel Co.*, 990 F.2d 323, 327 (7th Cir. 1993)). Absent false allegations of jurisdictional fact, a defendant seeking to prevail on a claim of fraudulent joinder bears the "heavy burden" of proving that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992) (emphasis in original).[1] In other words, Defendants must convince the Court that the claim against the in-state defendant "simply has no chance of success." *Id*.

Defendants contend that Plaintiff's appointment of different special administrators in her lawsuits – rather than accepting the appointment of Ms. Deutsch by Mr. Trevino, Jr.'s parents in their lawsuit – supports a finding of fraudulent joinder. That contention is misplaced. Under Illinois law, "a special administrator appointed pursuant to the Civil Practice Law for the purpose of defending an action is not the equivalent to an administrator appointed pursuant to the Probate Act." *Community Bank of Plano v. Otto*, 775 N.E.2d 532, 535 (Ill. App. 2d Dist. 2001). Such a special administrator "is empowered only to defend the action in which he is appointed; no letters of office to administer the estate issue." *Id*. Defendants point to no authority requiring Plaintiff here to have selected the same special administrator that Mr. Trevino, Jr.'s parents

---

[1] In the context of joinder, "fraudulent" is a term of art that "does not necessarily imply bad faith on the part of the plaintiff." *Schwartz*, 174 F.3d at 879 n.3.

chose in bringing their state court action, nor have Defendants cited authority requiring Plaintiff to continue with Ms. Walsh as special administrator once Plaintiff decided to dismiss the action in which Ms. Walsh was named as a Defendant.

Defendants' argument that Plaintiff was required to intervene in the lawsuit brought by Mr. Trevino, Jr.'s parents similarly is misplaced. In the only case that Defendants cite in support of that argument, *Johnson v. Village of Libertyville*, 502 N.E.2d 474, 477-79 (Ill. App. 2d Dist. 1986), the court *permitted* other beneficiaries to intervene in a *widower*'s lawsuit. But that case does not support the very different proposition advanced by Defendants – namely, that a *widower* should be *compelled* to intervene in a lawsuit by other beneficiaries. Indeed, it seems highly unlikely that even the permissive intervention allowed in *Johnson* could occur today, because a subsequent Illinois Appellate Court decision expressly overruled *Johnson*, "reject[ing] the *Johnson* court's notion that where there is a surviving spouse, but no children, the surviving parent or parents of a decedent are considered next of kin under the [Wrongful Death] Act." *Mio v. Alberto-Culver Co.*, 715 N.E.2d 309, 313 (Ill. App. 2d Dist. 1999) (holding that parent of decedent who left surviving spouse is not entitled to maintain wrongful death suit)).

Any suggestion that Plaintiff acted improperly in voluntarily dismissing her first lawsuit also appears to be foreclosed by longstanding Seventh Circuit precedent. In *Grivas v. Parmalee Transp. Co.*, 207 F.2d 334, 337 (7th Cir. 1953), the court held that removal of a case to federal court does not preclude a plaintiff from seeking voluntary dismissal of a case – even a case that is ready for trial – in order to refile in state court. More recently, courts generally have held that "the mere prospect of further litigation in a state forum has never been considered prejudice such as to warrant denial of a motion for voluntary dismissal." *Futch v. AIG, Inc.*, 2007 WL 1752200, at *3 (S.D. Ill. June 15, 2007) (citing cases); see also *Hunter v. Surgitek/Medical Engineering*

8

*Corp.*, 1992 WL 165819, at *2 (N.D. Ind. May 29, 1992) ("Dismissals without prejudice are granted in removed actions so that a plaintiff may proceed with the litigation in a state court, even if the intention or result is to defeat federal diversity jurisdiction"). And even if there may be cases in which the prejudice to the defendant might militate in favor of denying a motion for voluntary dismissal, here no such motion was required because Rule 41(a)(1) permits a plaintiff to voluntarily dismiss claims without any involvement of the Court at any time before the filing of an answer or a motion for summary judgment. Plaintiff indisputably acted within the federal rules of civil procedure in taking its voluntary dismissal and then refiling a new lawsuit. See, *e.g.*, *Katzman v. American Airlines, Inc.*, 1997 WL 752730, at *1-*2 (S.D.N.Y. Dec. 4, 1997).

As noted above, Defendants do not dispute that Plaintiff may have a valid cause of action against the estate of Mr. Geary. Because Mr. Crook, as the representative of the estate, takes Mr. Geary's Illinois citizenship and was served prior to the removal of this lawsuit, the only conceivable basis for a finding of fraudulent joinder of Mr. Crook is "outright fraud in plaintiff's pleading of jurisdictional facts." *Hoosier Energy Rural Electric*, 34 F.3d at 1315. Here, the U-Haul Defendants do not allege fraud in connection with the jurisdictional facts that Plaintiff has pled. And it appears that they could not sustain any such argument in any event. Apart from lying about William Geary's citizenship – which does not appear to be contested – it is difficult to conceive of how Plaintiff could commit fraud in the pleading of the jurisdictional facts relating to their claim against Crook as representative of Mr. Geary's estate.

Neither of the cases on which Defendants principally rely – *Myers v. Hertz Penske Truck Leasing, Inc.*, 572 F. Supp. 500 (N.D. Ga. 1983), and *Frith v. Blazon-Flexible Flyer, Inc.*, 512 F.2d 899 (5th Cir. 1975) – is binding on this Court, and both are distinguishable in any event. Both cases presented the question of whether the federal courts should *enjoin* state court actions

that, except for the addition of forum state defendants, were identical to earlier-filed actions that had been removed to federal court and *remained pending*. In *Myers*, the district court issued the requested injunction pursuant to 28 U.S.C. § 1446(d), which provides that once a notice of removal is filed, "the state court shall proceed no further unless and until the case is remanded." See 572 F. Supp. at 502-03. In *Frith*, the Fifth Circuit held that the district court erred in issuing an injunction against further proceedings in the second action because that action had been remanded after the federal judge handling the case found no fraudulent joinder. See 512 F.2d at 901. As the court explained, entering an injunction in those circumstances would be tantamount to a collateral attack on the remand order. *Id*. To be sure, both cases targeted duplicative litigation and reflected some level of judicial disapproval of "forum shopping." But, significantly, neither *Myers* nor *Frith* addressed whether a plaintiff may exercise her right to voluntarily dismiss a federal lawsuit in which no responsive pleading has been served in order to refile the lawsuit in state court, as was the case here.[2]

In sum the Court concludes that Plaintiff has not engaged in fraudulent joinder as that concept has been defined by the Seventh Circuit's jurisprudence. Rather, both parties have

---

[2] Defendants also submit that U-Haul of Illinois was fraudulently joined as a Defendant, because Plaintiff has no possibility of recovery against that U-Haul entity. Because remand is required by virtue of the proper joinder of, and service on, a local Defendant (Mr. Crook, as representative of Mr. Geary's estate), Defendants' argument as to the joinder of U-Haul Illinois is immaterial to the disposition of Plaintiff's remand motion. In any event, even if U-Haul of Illinois were correct in asserting that it has strong defenses to liability – for example, based on lack of proximate cause because "at least three intervening actors" maintained the moving van involved in the accident – Plaintiff's allegations of U-Haul of Illinois' involvement with the van, including in regard to its maintenance at some point in time, would be sufficient to defeat a fraudulent joinder argument under the controlling legal standard in this and other circuits. See, *e.g.*, *Poulos*, 959 F.2d at 73 (party seeking to show fraudulent joinder bears the "heavy burden" of proving that, "after resolving all issues of fact *and law* in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant"); *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380-81 (11th Cir. 1998) (explaining that "[t]he burden of establishing fraudulent joinder is a heavy one," that "[w]here a plaintiff states even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court," and that "[t]he fact that the plaintiffs may not ultimately prevail against the individual defendants because of an insufficient causal link between the defendants' actions and the plaintiffs' injuries does not mean that the plaintiffs have not stated a cause of action for purposes of the fraudulent joinder analysis").

engaged in the kind of jockeying for jurisdictional position that frequently occurs when parties believe that the forum in which their case is litigated may affect the outcome in some fashion – whether because of the differences in state and federal procedures, or perceived differences in how state and federal juries may resolve matters of liability and damages, or for any other reason. While such jockeying imposes costs on the parties and the judicial system, the procedural rules permit some degree of tactical maneuvering, including some of the actions in which both parties have engaged here. Defendants were within their rights to remove the initial case as quickly as possible, without waiting to see whether the in-state Defendant would be joined and served. Plaintiff likewise was permitted to take a voluntary dismissal of the initial suit – because no responsive pleading had been served – and to file a new lawsuit that they promptly served on Mr. Crook as special administrator, whose presence in the lawsuit as a "joined and served" local Defendant defeats removal. Defendants concede that Plaintiff may have a valid cause of action against Mr. Crook, who is deemed to be an Illinois citizen by statute because he simply stands in the shoes of the estate of Mr. Geary, who was an Illinois citizen at the time of the accident that gave rise to this lawsuit. On this record, there simply is no basis to find fraudulent joinder of Mr. Crook, and that is the sole basis upon which Defendants could have resisted remand.

### C. Plaintiff's Request for Costs and Fees

Congress has stated that, in addition to entering an order of remand, the federal courts "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005), the Supreme Court articulated "the proper standard for awarding attorney's fees when remanding a case to state court." The Court considered, but rejected, arguments that

11

attorney's fees should be awarded automatically or that there should be a "strong presumption" in favor of an award of fees when a court grants a motion to remand. *Id*. at 136-37. The Court also rejected the suggestion that it construe the statute to authorize fees only where the party opposing remand took a frivolous position. *Id*. at 138. Instead, the Court held that "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id*. at 141. The Court added that "[i]n applying this rule, district courts retain discretion to consider whether unusual circumstances warrant a departure from the rule in a given case." *Id*.

As the Seventh Circuit has observed, "[i]n *Martin*, the Supreme Court did not have occasion to define 'objectively reasonable' because the parties agreed that the defendant's basis for removal was reasonable." *Lott v. Pfizer, Inc.*, 492 F.3d 789, 792 (7th Cir. 2007). In addressing the question left unanswered in *Martin*, the Seventh Circuit found that its "qualified immunity jurisprudence provides appropriate guidance for determining whether a defendant had an objectively reasonable basis for removal." *Id.* at 793. The court of appeals then stated that, "[a]s a general rule, if at the time the defendant filed his notice in federal court, clearly established law demonstrated that he had no basis for removal, then a district court should award a plaintiff his attorneys' fees. By contrast, if clearly established law did not foreclose a defendant's basis for removal, then a district court should not award attorneys' fees." *Id*.

In the exercise of its discretion, and drawing on the guidance provided in *Martin* and *Lott*, this Court concludes that while Plaintiff's request for fees and costs presents a close call, there was (and is) no clearly established law that foreclosed the U-Haul Defendants' arguments for removal and against remand in the rather "unusual circumstances" of this case. See *Martin*, 546 U.S. at 141. Although many of the legal principles upon which the Court has relied in

concluding that remand is appropriate are clearly established – for example, the "joined and served" rule, the "rule of unanimity," and the right to take a voluntary dismissal prior to the filing of a responsive pleading – several complicating factors, including the overlay of the multiple wrongful death actions, the public policy reasons for seeking ways of joining those actions into a single proceeding, and the arguable (though ultimately unpersuasive) analogies to the Georgia and Fifth Circuit decisions discussed above, render this case sufficiently unusual that the Court cannot find that the resulting remand order was clearly dictated by existing precedent. Notably, Plaintiffs have not cited to a factually similar prior case in which the removal and remand issues before the Court were raised, nor has the Court's independent research located such a case. Perhaps that simply confirms that this case arises in peculiar circumstances, but it also supports the conclusion that, unlike the case cited by Plaintiff in support of her request for an award of fees, the conclusion that removal was improper in this case could not be determined on the basis of a "cursory glance" at the record (see *Beaufort County Sch. Dist. v. United National Ins. Co.*, 519 F. Supp. 2d 609, 618 (D. S.C. 2007)), but instead required considerable analysis.

### III. Conclusion

For the foregoing reasons, Plaintiff's motion to remand [14] this case to the Circuit Court of Cook County is granted.

Dated: November 18, 2008   _____
Robert M. Dow, Jr.
United States District Judge

13